FILED
JUN - 8 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BRITT A. SHAW,
12 Sloane Avenue
London, SW3 3JF, United Kingdom
on behalf of himself and all others
similarly situated,

        Plaintiff,

v.

MARRIOTT INTERNATIONAL, INC.,
10400 Fernwood Road
Bethesda, Maryland 20817

        Defendant.

CASE NUMBER  1:05CV01138

Civil    JUDGE: Gladys Kessler

DECK TYPE: General Civil

DATE STAMP: 06/●/2005

## DEFENDANT'S NOTICE OF REMOVAL
## PURSUANT TO 28 U.S.C. § 1453

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA:

PLEASE TAKE NOTICE that Marriott International, Inc., defendant in the above-captioned action, hereby removes to this Court the state court action described below, pursuant to the Class Action Fairness Act of 2005 and 28 U.S.C. § 1453.

**I.**     **BACKGROUND**

    **A.**     **The Action**

        1.     On May 13, 2005, an putative class action was commenced in the Superior Court of the District of Columbia, entitled <u>Britt A. Shaw, on behalf of himself and all others similarly situated v. Marriott International, Inc.</u>, Case No. 05-0003679 (the "Action"). Pursuant

to 28 U.S.C. § 1446 (a), true and correct copies of all process, pleadings, and orders served upon defendant in the Action are attached to this Notice as Exhibit A. There have been no other proceedings in the Action.

**B.    Citizenship of the Parties**

2. According to the Complaint, the only named plaintiff, Britt A. Shaw ("Shaw"), is an American citizen who currently resides in London, England. Mr. Shaw's last residence in the United States was in the State of New York. (Complaint ("Compl.") ¶ 12.)

3. Defendant Marriott International, Inc. ("Marriott") is a company incorporated under the laws of Delaware with its principal place of business in Bethesda, Maryland. Marriott is neither incorporated nor has its principal place of business in the District of Columbia.

**C.    Timeliness of Removal**

4. Marriott was served on May 20, 2005.

5. This notice of removal is therefore timely in accordance with 28 U.S.C. § 1446 (b), which requires that a notice of removal of a civil action be filed within 30 days after service on defendant of the initial pleading.

**D.    Summary of Allegations**

6. Plaintiff's putative class action is based on alleged acts by Marriott in Russia, more specifically: "pricing practices at Marriott's Moscow, Russia hotel properties." (Compl. ¶ 1.) The complaint generally alleges that guests at Marriott's Moscow hotel properties are charged an amount in excess of the amount quoted to them at the time of reservations. (Id.)

7. The complaint specifically alleges that Shaw "suffered damages resulting from Marriott's misrepresentations and omissions," (id. ¶ 12) relating to his reservation and one-night stay in April 2005 at the Renaissance Moscow hotel, a Marriott managed hotel. (Compl. ¶ 43.)

8. Plaintiff's Count One, entitled Unlawful Trade Practices, seeks maximum statutory damages allowed under the District of Columbia Consumer Protection Procedures Act ("CPPA"). (See Compl. ¶¶ 69-78.)

9. Plaintiff's Count Two, entitled Unjust Enrichment, seeks "a constructive trust upon, or restitution of, all of the excess monies paid, and all benefits received by Defendant" in connection with the alleged excess hotel charges. (See Compl. ¶¶ 79-84.)

10. The class allegations are contained in Paragraphs 60 through 68 of the complaint. In those paragraphs, plaintiff seeks to certify a class pursuant to District of Columbia Rule of Civil Procedure 23(b)(3), alleging that "thousands of geographically dispersed persons" are potential members of the class. (Compl. ¶ 62.) He seeks to bring the lawsuit on behalf of himself and all others similarly situated who have been allegedly affected by Marriott's actions during the three-year time period between May 2002 and the time of filing, May 2005. (Id. ¶ 61.)

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS DIVERSITY JURISDICTION

11. The Class Action Fairness Act of 2005 ("CAFA" or the "Act"), which became effective on February 18, 2005, broadly expands federal jurisdiction over class actions filed in state court. Specifically, this Act expands federal court jurisdiction to include class action lawsuits brought in state court under state law where *any* class member is a citizen of a

state different from *any* defendant; eliminates the requirement that no defendant be a resident of the forum state; allows the claims for relief of the class members to be aggregated for purposes of meeting the amount in controversy requirement; allows removal to federal court by any defendant without the consent of all defendants; and sets a $5 million amount in controversy threshold.

12. The diversity requirements for removal to federal court under the CAFA are satisfied with regard to the instant putative class action. The only defendant, Marriott, is a citizen of a state different from the plaintiff's last known domestic state of residence, New York.

13. The $5 million amount in controversy requirement is also satisfied. The plaintiff complains that the alleged trade practice by Marriott "results in several thousand consumers being billed millions of dollars each year." (Compl. ¶ 5.) Plaintiff seeks treble damages or the maximum statutory damages of $1,500 per violation as authorized by CPPA, punitive damages, as well as "a constructive trust upon, or restitution of, all of the excess monies paid, and all benefits received by Defendant in relation to those excess charges, i.e. interest." (*See* Compl. ¶ 84; id. at 19 ¶¶ 5, 6.) Additionally, the class period is alleged to be over a span of three years beginning in May 2002 to the present. (Id. ¶ 61.)

14. Marriott expressly denies that the plaintiff is entitled to any relief whatsoever in this action. It further expressly denies that it has engaged in or profited from any unlawful activity. The plaintiff's allegations regarding the "thousands of geographically dispersed persons" (Compl. ¶ 62) who are supposedly affected by Marriott's alleged trade practice, however, indicate that the amount in controversy for his putative class action meets the $5 million threshold.

15.  Plaintiff evidently seeks to certify a nationwide class. The class allegations do not limit the putative class to District of Columbia residents:

> <u>Class Description</u>. Plaintiff brings this action on behalf of himself and all other similarly situated who have been harmed as a result of the actions of Marriott, which constitute violations of the Consumer Protection Procedures Act, D.C. Code § 28-3901 *et seq.*, during the time period between May 2002 and the present ("the Class").

(Compl. ¶ 61.)

16.  In sum, all requirements have been met to establish federal diversity jurisdiction over this putative class action.

### III. CONCLUSION

17.  For the reasons stated, federal diversity jurisdiction exists pursuant to the Class Action Fairness Act of 2005 and 28 U.S.C. § 1453. Accordingly, this Action is properly removed to this Court.

18.  Nothing in this Notice of Removal should be construed as a waiver by defendant of any of its defenses to the complaint.

19.  In accordance with 28 U.S.C. § 1446 (d), undersigned counsel certifies that a copy of this Notice of Removal is being promptly served on plaintiff and filed with the Superior Court of the District of Columbia.

WHEREFORE, defendant gives notice that the above-described Action pending against it in the Superior Court of the District of Columbia is removed to this Court.

Respectfully submitted,

Benjamin S. Boyd (Bar No. 413698)

DLA PIPER RUDNICK GRAY CARY US LLP
1200 Nineteenth Street, N.W.
7th Floor
Washington, D.C. 20036-2412
Tel: (202) 861-3900
Fax: (202) 223-2085

Attorneys for Defendant
Marriott International, Inc.

*Of Counsel:*

John C. Dougherty
Jeffrey E. Gordon
Sonia Cho

DLA PIPER RUDNICK GRAY CARY US LLP
6225 Smith Avenue
Baltimore, Maryland 21209

Tel: (410) 580-3000
Fax: (410) 580-3001

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused to be served a true and correct copy of the foregoing Defendant's Notice of Removal this ___8th___ day of June 2005 by hand-delivery, upon the following counsel of record:

>Paul D. Cullen, Sr., Esq.
>Daniel E. Cohen, Esq.
>Susan Van Bell, Esq.
>The Cullen Law Firm, PLLC
>1101 30th Street, N.W. Suite 300
>Washington D.C. 20007
>Tel: (202) 944-8600
>Fax: (202) 944-8611
>
>Attorneys for Plaintiff

_____