UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRITT A. SHAW, *et al.*        ) | |
|                                  ) | |
|     Plaintiffs,           ) | |
|                                  ) | Civil Action No. 05-1138 (GK) |
| v.                            ) | |
| MARRIOTT INTERNATIONAL, INC.  ) | |
|     Defendant.          ) | |
| _____) | |

JOINT MEET AND CONFER STATEMENT

    1.    Pursuant to this Court's Minute Order of June 21, 2005, resetting the Initial Scheduling Conference in this case for July 29, 2005 at 10:30 a.m. in Courtroom 19 and pursuant to Local Rule 16.3, the parties submit this Joint Meet and Confer Statement within 14 days following their first conference on July 8, 2005.

    2.    Pursuant to this Court's June 10, 2005 Scheduling Order, the parties include in this report a brief statement of the case and statutory basis for all causes of action and defenses.

    3.    Counsel have met and conferred on July 8 and July 21, 2005 to address the topics required for this Joint Meet and Confer Statement. At this time, counsel for parties disagree on a proposed scheduling order as follows:

    a.    Defendant believes that, because this case is a putative class action based on purported "undisclosed upcharges" Marriott billed plaintiffs for stays in Marriott hotels in Moscow, Russia, intuitively, this case involves Russian witnesses and Russian law. On July 21, 2005, Defendant filed a motion to dismiss the Amended Complaint. If granted, the motion may dispose of the entire case. Defendant will seek a stay of all discovery pending the resolution of

that motion by this Court, and is prepared to brief that issue per the Court's direction. If the stay is granted, Defendant proposes a schedule that will be initiated from the date on which the Court enters an order on Defendant's dispositive motion. If the case is not dismissed in its entirety, or if the stay is denied, Defendant believes that all class certification issues – discovery, briefing, etc – should be concluded before any fact discovery begins.

      b.    Plaintiffs submit that their proposed schedule (attached hereto as "Exhibit A"), setting forth a Pretrial Date that is nine (9) months from the date of the Initial Scheduling Conference, is in keeping with the Court's Track Three presumptive schedule for Complex cases. Plaintiffs do not agree with Defendant's assertion that this is aggressive. This case is not complicated. Further, Defendant fails to explain why this case is so unusually complex that it can not be tried within the inner boundaries of the Court's standard Track Three Presumptive Schedule. Defendant also fails to propose an alternative date. Plaintiffs further oppose Defendant's position with respect to a stay of any discovery pending a ruling on its motion to dismiss. First, for obvious reasons, the motion to dismiss cannot be sustained under Fed. R. Civ. P. 12 (b)(6) because the grounds given for the motion are all based on disputed facts. Second, Plaintiffs submit that it would be well within the Court's sound discretion to disallow indeterminate delays in the case based on the filing of procedural motions.

**I.**    STATEMENT OF THE CASE AND STATUTORY BASIS FOR CAUSES OF ACTION AND DEFENSES

    **1.**    Plaintiffs' Statement of the Case

This is not a factually complex case. Plaintiffs allege violations of the District of Columbia Consumer Protection Procedures Act, D.C. Code § 28-3901, *et seq.*, and unjust enrichment as a result of those violations. Guests at Marriott's Moscow hotel properties are

charged significantly more than the amount quoted and confirmed to those guests by Marriott when they make their reservations. Marriott profits from deceptive trade practices perpetrated by it upon its guests. Plaintiffs allege that Marriott has represented to those who book accommodations for its Moscow, Russia hotel properties that they will be charged sums published in U.S. dollars by Marriott from its world-wide headquarters when in fact final bills are rendered in Russian rubles in amounts having no relationship to the sums previously quoted by Marriott. Marriott's false and misleading representations and failures to disclose material facts to consumers creates the impression that transactions with hotel guests involve an actual currency exchange when in fact no U.S. dollars are ever tendered by hotel guests for exchange into Russian rubles by Marriott or its accomplices in Moscow. Final bills for rooms, food, other hotel services and local taxes are always rendered by the hotel and paid by the guest in Russian rubles in amounts that are significantly higher than the dollar equivalent at the official exchange rate set by the Central Bank of Russia. The hidden upcharge from the rates established by Marriott at its headquarters is not apparent until the guest gets home and receives a statement in dollars from his/her credit card company. That statement reflects the actual dollar equivalent at the official exchange rate of Marriott's upcharged hotel bill in Russian rubles.

     Plaintiffs submit that the grounds given in support of Marriott's July 21, 2005 Fed. R. Civ. P. 12(b)(6) motion to dismiss (Doc. 7) alleging that this case involves violations of Russian law are unsustainable. The claims asserted in Plaintiffs' Complaint do not allege that Marriott's practice of calculating hotel charges in Russia at an inflated currency conversion rate violates any law of Russia. Nor is there any basis to either apply Russian law or to require Plaintiffs to seek redress in a Russian tribunal. To the contrary, the issue is whether Marriott ought to be held accountable under domestic law for making false and misleading statements regarding room

rates from its headquarters – which it has consistently (and perhaps falsely) represented to be located in Washington D.C. It is those statements – made on American soil - that conceal from potential hotel guests the practice of upcharging their hotel bills through the use of an inflated currency rate. In any event, Marriott's contention that "there is no connection between any of the alleged events and/or conduct that purport to give rise to the Plaintiffs' claims in this case and the District of Columbia" is demonstrably incorrect as a factual inquiry will show. Similarly, Marriott's contention that Plaintiffs' claims are barred by the doctrine of "voluntary payment," raises inherent issues of fact, precluding dismissal.

   **2.**   Defendant's Counterstatement of the Case

Defendant Marriott International, Inc. ("Marriott") believes that the Plaintiffs' First Amended Class Action Complaint ("Amended Complaint") fails to state a claim upon which relief may be granted, and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). First, Plaintiffs have brought their claims under the District of Columbia's Consumer Protection Procedures Act ("CPPA"). Defendant believes that the CPPA does not and cannot govern the dispute in this lawsuit, because there is no connection between any of the alleged events and/or conduct that purport to give rise to the Plaintiffs' claims in this case and the District of Columbia. Second, Plaintiffs' unjust enrichment count also fails to state a claim because the allegations of the Amended Complaint make clear that the named plaintiffs made payments on their hotel bills charged by Marriott-brand Moscow hotels both voluntarily and with knowledge of all of the relevant facts relating to their payments. Therefore, Defendant believes that the unjust enrichment claim is barred by the common law doctrine of voluntary payment.

3.  Statutory Basis for Plaintiffs' Cause of Action

The CPPA prohibits unlawful trade practices. The prohibited trade practices include, in part, the misrepresentation of a material fact which has a tendency to mislead, failure to state a material fact if such failure tends to mislead, and offering of goods or services without the intent to sell them as offered (D.C. Code § 28-3904 (e), (f), (h)). The trade practices of Marriott alleged in Plaintiffs' Amended Complaint, which result in several thousand consumers being billed millions of dollars each year, is based upon misrepresentations of material facts, failures to disclose material facts tending to mislead, and the offering of goods or services without the intent to sell them as offered, perpetrated by Marriott from its corporate headquarters in violation of the CCPA. As a direct and proximate result of the Defendant's violations of the CPPA, named Plaintiff and Class members have suffered losses, and are entitled to the statutory damages provided in D.C. Code § 28-3905.

4.  Statutory Basis for Defendant's Defenses

Based upon the allegations of Plaintiffs' Amended Complaint and information available to Marriott at this stage, there is no statutory defense known to Marriott at this time.

II.   I   RULE 16.3(c) DISCUSSION

The parties discussed the topics listed in Rule 16.3(c) and agreed as follows:

(1)  Whether the case is likely to be disposed of by dispositive motion:

> Defendant has filed a motion to dismiss on July 21, 2005. If granted, the motion may dispose of the Amended Complaint in its entirety. If Defendant's 12(b)(6) motion is denied, Defendant will likely seek summary judgment.
>
> Plaintiffs believe that there is a strong likelihood that this case can be resolved through summary judgment. The misrepresentations and failure to disclose material facts

>   alleged in the complaint are all well documented and do not raise genuine issues of fact. Whether the alleged conduct violates the CPPA presents a pure question of law. The calculation of statutory damages is simple and straight-forward. The calculation of actual damages involves a simple mathematical exercise establishing the difference between hotel charges in rubles using the official exchange rate and hotel charges in rubles using the inflated rate actually used.

(2)   Date by which parties shall be joined or pleadings amended; whether some or all factual or legal issues can be agreed upon or narrowed:

>   Plaintiffs propose a deadline of 90 days from the date of the initial scheduling conference for joinder of parties or amendment of pleadings. The parties have not agreed at this time upon legal or factual issues but will continue to address this subject as the case moves forward.

(3)   Whether the case should be assigned to a magistrate judge for all purposes, including trial:

>   The parties agree that they do not wish to have the matter assigned to a magistrate judge.

(4)   Whether there is a realistic possibility of settling the case:

>   The parties believe there is a possibility of settling the case, but that it is premature to assess the likelihood of settlement.

(5)   Whether the case could benefit from ADR:

>   The parties agree that the case could benefit from the Court's ADR procedures. The parties have discussed the possibility of settlement, but it is premature to make an adequate assessment of the case for settlement purposes. The parties believe that settlement may be better addressed after close of discovery.

(6)   Whether the case can be resolved by summary judgment or motion to dismiss; dispositive motion schedule:

>   Plaintiffs believe liability issues may be resolved by summary judgment.

>   Plaintiffs propose a deadline of 195 days after the initial scheduling conference for filing dispositive motions (2/9/06) as noted on the attached proposed scheduling order.
>
>   On July 21, 2005, Defendant filed a motion to dismiss the Amended Complaint for failure to state a claim upon which relief may be granted. If granted, the motion may dispose of the Amended Complaint in its entirety. If denied, Defendant will likely seek summary judgment.

(7)   Rule 26(a) disclosures:

>   The parties do not believe any changes to the Rule 26(a)(1) disclosure requirements are necessary.

(8)   Discovery schedule, limits, protective order:

>   Plaintiffs propose that close of discovery be 165 days after the initial scheduling conference (1/10/06), with the exception of discovery directed toward class certification, which would be completed 90 days after the filing of the amended complaint, (9/29/05).
>
>   Plaintiffs request that the Rule 33(a) limit on the number of interrogatories per side (25) and the Rule 30(a)(2)(A) limit on the number of depositions per side (10) be waived and that the deposition limit be increased to 20 and interrogatory limit be increased to 50.
>
>   Defendants believe that all discovery should be stayed until this Court resolves Defendant's motion to dismiss the Amended Complaint filed on July 21, 2005. Should this case move forward into discovery, Defendant believes that parties will benefit from conducting discovery in two distinct stages, *i.e.*, first the discovery relating to class certification issues, to be followed by fact and expert discovery.
>
>   Additionally, Defendant believes that a protective order will be necessary to protect Defendant's competitive, proprietary and confidential business information during the course of discovery in this litigation. Should this case move forward into discovery, parties will confer regarding a stipulated protective order, and Defendant will request that this Court enter an appropriate protective order.

 (9) Expert reports and expert witness schedule:

   Plaintiffs' proposal for the exchange of expert witness reports and depositions is built into the proposed schedule attached hereto: Plaintiffs' expert reports would be due on 10/27/05; Defendant's expert reports would be due on 11/28/05; and depositions would be concluded before the close of discovery on 1/10/06.

 (10) Class action procedures:

   Plaintiffs propose that discovery for class certification purposes would be completed on 9/29/05. In accordance with the requirements of Local Rule 23.1(b) the class certification motion would be due 90 days after the filing of the amended complaint, 9/29/05; Defendant's opposition would be due 30 days thereafter, and Plaintiffs' reply 15 days later. Plaintiffs request that oral argument be set within 15 days of completion of briefing and that a decision be issued by the Court at an early practical date.

 (11) Bifurcation:

   The parties do not believe bifurcation is necessary. Damages will be either statutory, pursuant to D.C. Code § 28-3905, or actual damages, which can be calculated with a simple mathematical formula once the final amount of hotel guests' bills in Russian rubles are known.

 (12) Pretrial conference date:

   Plaintiffs propose April 28, 2006 for the pretrial conference date.

 (13) Trial date:

   The parties request that the Court set trial at an early practical date. Parties estimate time for trial to be 10-14 days.

 (14) Other matters:

   The parties do not believe there are other matters that need to be addressed at this time.

Plaintiffs attach, as Exhibit A, a proposed scheduling order setting forth the proposed dates noted herein.

| | |
|---|---|
| Attorneys for Plaintiffs | Respectfully submitted,<br><br>Attorneys for Defendant<br>Marriott International, Inc. |
| /s/ Paul D. Cullen, Sr.<br>Paul D. Cullen, Sr., D.C. Bar No. 100230<br>Daniel E. Cohen, D.C. Bar No. 414985<br>Susan Van Bell, D.C. Bar No. 439972<br>THE CULLEN LAW FIRM, PLLC<br>1101 30th Street, N.W., Suite 300<br>Washington, D.C. 20007<br>(202) 944-8600 (Telephone)<br>(202) 944-8611 (Telecopier) | /s/ Benjamin S. Boyd<br>Benjamin S. Boyd (Bar No. 413698)<br><br>DLA Piper Rudnick Gray Cary US LLP<br>1200 Nineteenth Street, N.W.<br>7th Floor<br>Washington, D.C. 20036-2412<br>Telephone (202) 861-3900<br>Facsimile (202) 223-2085 |
| Of Counsel:<br><br>Mark W. Borghesani, Esq.<br>D.C. Bar No. 426734<br>19 Sivtsez Vrazhek Per., kv. 10<br>Moscow 119003 Russia<br>+7-916-640-0290 (Telephone) | /s/ Jeffrey E. Gordon<br>John C. Dougherty (admission pending)<br>Jeffrey E. Gordon (MD23264)<br>Sonia Cho (MD26995)<br><br>DLA Piper Rudnick Gray Cary US LLP<br>6225 Smith Avenue<br>Baltimore, Maryland 21209-3600<br>Telephone (410) 580-3000<br>Facsimile (410) 580-3001 |