# EXHIBIT 3

Not Reported in N.W.2d

Page 1

2005 WL 1114469 (Minn.Dist.Ct.)

(Cite as: 2005 WL 1114469 (Minn.Dist.Ct.))

H
Only the Westlaw citation is currently available.

District Court of Minnesota, Second Judicial District, Ramsey County..
Shane O'NEILL and Gabriele Sanio-O'Neill, on behalf of themselves and all other similarly Situated, Plaintiffs,
v.
ST. JUDE MEDICAL, INC., Defendant.
No. C8-04-1261.

April 28, 2005.

ORDER

GEARIN, J.

*1 The above-entitled matter came before the Court on the motion of defendant, St. Jude Medical, Inc., to dismiss plaintiff's complaint on grounds of international comity and on grounds of forum non conveniens.

Upon all the records, files, court proceedings herein, the Court makes the following order:

1. The motion to dismiss on grounds of international comity is DENIED.

2. The motion to dismiss on grounds of forum non conveniens is DENIED.

3. The attached memorandum is made a part of this order.
IT IS SO ORDERED.

Memorandum
Defendant SJM has filed motions to dismiss the O'Neill's' lawsuit on two grounds. It argues that this matter should be dismissed on grounds of Forum Non Conveniens and International Comity. This products liability action is one of many (potentially thousands) arising out of SJM's manufacture, design, marketing and sale of a heart valve referred to in various memorandums as the St Jude Medical Masters Series heart valve with Silzone or the St Jude mechanical prosthetic heart valve with Silzone. SJM (St Jude Medical, Inc.) is a Minnesota company with headquarters and manufacturing facilities in Ramsey County. The valve was approved by the United States Food and Drug Administration in March of 1998. Approximately 36,000 of the valves have been implanted worldwide since then. Mr. O'Neill was implanted with this valve in early 1998. He suffered a paravalvular leak and the valve had to be explanted in December of the same year. He received a second Silzone valve after explantation and still has that valve in his body.

In early 2000 the defendant voluntarily withdrew these valves from the market, instructed hospitals and physicians not to use Silzone products, sent letters regarding the care and management of patients who had the valves, and established a reimbursement program to pay for medical costs of patients for detection, diagnosis, and treatment of Silzone valve patients with paravalvular leaks. The recall decision was made after the AVERT independent monitoring board reported that recipients of Silzone valves were more likely to suffer these leaks than recipients of non-Silzone valves. The AVERT study (Artificial Valve Endocarditis Reduction Trial) was a multi-national clinical trial sponsored by SJM to find out whether the defendant's belief that Silzone would reduce the incidence of endocarditis in heart valve patients.

Since the recall, increasing numbers of lawsuits have been filed in federal and state courts in the United States as well as in numerous foreign countries. The Federal lawsuits have been transferred to the Honorable John Tunheim by the federal Judicial Panel on Multidistrict Litigation.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

SJM has consistently supported the transfer of these cases to Minnesota's Federal District Court. The cases filed in Ramsey County District Court (Second Judicial District) are presently assigned to the undersigned.

The O'Neill case was filed in Ramsey County District Court on February 11, 2004. Plaintiffs allege claims arising under Minnesota's products liability law, negligence law, Uniform Deceptive Trade Practices Act, False Advertising Act, Consumer Fraud Act, Unlawful Trade Practices Act, and one count under the European Union Council Directive 85/374/EEC. They also seek to have the matter maintained as a class action. If a decision is made to have the matter maintained as a class action pursuant to Minnesota Rule of Civil Procedure 23, the plaintiff will ask for significant equitable remedies including medical monitoring services.

*2 The defendant subsequently removed the case to Federal Court. Judge Tunheim granted the plaintiff's motion to remand the case back to state court on August 5, 2004. In his Order he stated that:

> ... this Court is mindful that the federal courts are courts of limited jurisdiction, whose power depends on an explicit grant of jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) (citations omitted); see also *Dole,* 251 F.3d at 804 (quoting *Romero v. International Terminal Operating Co..,* 358 U.S. 354, 379, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959)). The federal common law of foreign relations will support jurisdiction only in a narrow range of cases. *Ruhrgas,* 115 F.3d at 320. Without at least some indication that the governments of Europe or the European Union are concerned about this case, or that its outcome will necessarily impact European policy, this Court finds any impact on the United States' relations with Europe or its individual nations too speculative and tenuous to confer federal jurisdiction over this case.

He also ruled that the defendant's motions to Dismiss on International Comity grounds and Forum Non Conveniens were moot and remanded the case to the State of Minnesota, Second Judicial District, Ramsey County. In his memorandum he graciously expressed confidence that this court would give all due consideration to the interests of Europe and the European nations as the case makes its way through State court. The present motions were filed after remand.

The court is aware that it has some discretion in making this decision and that the case law in the area of Comity and Forum Non Conveniens is unsettled. It believes that SJM's arguments were made in good faith.

Reasonable lawyers can differ on the issues raised in these motions. So can reasonable Judges. In denying the present motions the Court is aware that significant legal issues remain to be resolved including the legality and feasibility of class action certification and medical monitoring remedies involving citizens of foreign countries.

The defendant again argues as it did in a prior case before this court that a plaintiff who is a resident of a foreign country is not entitled to the same deference in choice of forum, as a resident of the United States and again this argument is correct. This does not mean that a foreign plaintiff's choice of forum should be given no deference. SJM cites the Eighth Circuit case of *De Melo v. Lederle Laboratories,* 801 F.2d 1058 in support of its motion to dismiss. In that case, a Brazilian plaintiff's products liability case was dismissed on forum non conveniens grounds. The product was a drug marketed by the defendant. The drug was manufactured, sold, and ingested in the foreign jurisdiction by a company headquartered in the United States. That is not the situation in the instant case.

The defendant also points out that SJM was successful in a motion to dismiss in a case involving it and a Danish plaintiff. *Fraizer v. St. Jude Medical, Inc.,* 609 F.Supp. 1129. In *Fraizer,* the defendant took the position that any damage caused to the plaintiff was due to negligence on the part of the Danish doctors, not because of a defective product. It does not appear from the text of the case

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

that the defendant recalled the relevant mitral valve involved in this Danish case.

**\*3** In *Bergquist* the Minnesota Supreme Court found that Minnesota was not the most convenient forum for a Swedish plaintiff for a number of reasons. The medical personnel in Sweden had refused to provide crucial information about the surgery and medical records. This information was crucial for defendant's defense. The Minnesota court was unable to compel depositions of Swedish witnesses. The defendant was unable to get thirdparty Swedish defendants added to the case. SJM admits third parties are subject to discovery through the Hague convention. The *Bergquist* court conditioned the dismissal of the suit on the actual ability to fully litigate in the other forum, stating, "If these conditions are not met, plaintiff will be free to recommence his action in the Minnesota courts." *Id.*

Since no answer has been filed it is premature to rule that that physician negligence is a defense in this case. There are discovery requests to be exchanged and many motions to argue before the defense position regarding other party's responsibility is clear. The defendant must have the right to fully explore the role of foreign doctors and medical facilities in causing the medical problems that led to Mr. O'Neill's explantation. The argument that it will be unfairly burdensome for the defendant to do this is not compelling at this time. The plaintiff will have the burden of providing adequate releases for medical records, answers to reasonable interrogatories and reasonable requests for documents to the defendant. Almost all of their claims involve allegations of actions and omissions by the defendant itself in Minnesota. The only plaintiffs before the Court in this case presently are the two O'Neill's.

Silzone valves were designed, researched, developed, engineered, tested, manufactured, quality-controlled, marketed and distributed from Ramsey County, Minnesota. The labels, warnings and instructions for the valves were drafted here. Minnesota is a convenient forum for the plaintiffs to try most of their claims in this case. The court does not find that Minnesota is less convenient than Europe. The case could be adequately tried in Europe. Some plaintiffs have already chosen to file their Silzone claims in European countries. Adequacy of the foreign forum is an important factor for the court to consider, but not the only factor. The Minnesota Supreme Court adopted the *Piper* rule in Minnesota forum non conveniens analysis motions. It was adopted in *Bergquist v. Medtronic*, 379 N.W.2d 508. That rule means that the presumption given a plaintiff's choice of forum applies with "less than maximum force" when the plaintiff is foreign. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419. The court still gives significant deference to the plaintiff's choice.

As stated above this case focuses on SJM's conduct related to key events regarding the manufacture, testing, regulation, marketing, and selling of the valves, and SJM's management's alleged concealment and/or misrepresentation of the dangers. The majority of witnesses and documents necessary to establish the Defendants' liability are located right here. Plaintiff chose Ramsey County as the forum to proceed against SJM. SJM bears the burden of persuasion in proving all of the necessary elements to reject Plaintiffs' choice of forum and to dismiss a claim based on forum non conveniens. The federal judges in *Reid-Walen v. Hanson*, 933 F.2d 1390, 1393 (8th Cir.1991) held that the plaintiff's right to chose a particular forum has long been recognized, as long as the court has subject matter and personal jurisdiction over the defendant, and applicable venue and statutes of limitations requirements are satisfied. The general rule is that, "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Reid-Walen*, 933 F.2d at 1394 (quoting *Lehman v. Humphrey Cayman, Ltd.*, 713 F.2d 339, 342 (8th Cir.1983), cert. denied, 464 U.S. 1042, 104 S.Ct. 708, 79 L.Ed.2d 172 (1984).2d at 512. One federal appellate court describes the issue as follows:

> **\*4** Some weight must still be given to a foreign plaintiff's choice of forum. Indeed, ... this reduced weight is not an invitation to accord a foreign plaintiff's selection of an American forum no deference since dismissal for forum non

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

conveniens is the exception rather than the rule. After balancing the public and private interests involved in these cases and giving some deference to the plaintiff's choice, this Court denies the defendants motion to dismiss for forum non conveniens. Murray v. British Broadcasting Corp. 81 F.3d 287 (2d Cir.1996).

Minnesota is the most convenient forum to try most of the present claims in this case. Nothing in the file gives any evidence that this forum was chosen to harass the defendant or that keeping this forum will be unnecessarily burdensome to the defendant. After careful consideration of both sides' arguments, the court is denying the defense motion to dismiss. Some of the defense argument more properly would apply to opposition to class action status.

Judge Tunheim found any impact on the United States 'relations with Europe or its individual nations too speculative and tenuous to find federal jurisdiction over this case. This court finds any impact on the United States' relations with Europe or its individual nations too speculative and tenuous at this stage to dismiss the suit on comity grounds. The materials submitted by the defense regarding formal questions by members of parliament to the Health Minister regarding Silzone valves in the United Kingdom evince a concern but cannot be compared to the objections raised by the government of Ecuador in Sequihua v. Texaco, 847 F.Supp. 61 (S.D.Tex.1994) or the government of Peru in Torres Southern Peru Copper Corporation, 965 F.Supp. 899 (S.D.Tex.1996). Ecuador had officially protested the lawsuit, asserted that it would do violence to the international legal system and requested that the case be dismissed. Peru expressed strenuous objection to the exercise of jurisdiction by the U.S. Federal Court. Both of these cases involved the natural resources of the foreign country. The defendant's arguments have failed to convince this court that its motion to dismiss on grounds of comity should be granted.

2005 WL 1114469 (Minn.Dist.Ct.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.