IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRITT A. SHAW, ET AL.,<br>on behalf of themselves and all others<br>similarly situated,<br><br>          Plaintiffs,<br><br>     v.<br><br>MARRIOTT INTERNATIONAL, INC.<br><br>          Defendant. | Civil Action No. 05-1138 (GK) |

**STIPULATED PROTECTIVE ORDER**

The parties, through their respective counsel of record, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Local Civil Rule 16.6, hereby stipulate that the Court may enter the following Protective Order:

1.      The parties to this litigation desire to hold confidential and to limit the disclosure of certain proprietary financial, business, trade secret and other competitively sensitive commercial information which may be produced during discovery or trial of this action. Accordingly, the parties hereto enter this agreement and stipulation governing the use of such Confidential Information and agree and stipulate as follows:

2.      Any party hereto may designate as "CONFIDENTIAL" any documents or things which the party believes in good faith constitute, contain, reveal or reflect proprietary financial, business, trade secret and other competitively sensitive commercial information.

3.      Any party hereto may designate as "CONFIDENTIAL-ATTORNEY'S EYES ONLY" any documents or things which the party believes in good faith constitute, contain,

reveal or reflect highly confidential proprietary financial, business, trade secret and other competitively sensitive commercial information which, if disclosed to the other party or any third parties, would create an unfair competitive advantage.

4. Verbally conveyed information may also be designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEY'S EYES ONLY provided that the disclosing Party indicate that such information is confidential at the time of its disclosure and provided that the disclosing Party confirm the scope of the confidential disclosure in writing to the receiving Party within fourteen (14) days of such disclosure.

5. "Confidential Information" refers to all information which is subject to the designations CONFIDENTIAL or CONFIDENTIAL-ATTORNEY'S EYES ONLY as described above. Each person to whom the Confidential Information is given, shown, made available or communicated must execute a written certificate of confidentiality in the form attached hereto as Exhibit A prior to the disclosure of such Confidential Information.

6. Confidential Information designated CONFIDENTIAL shall not be given, shown, made available or communicated to any person except (i) counsel of record for the receiving Party and where appropriate, paralegal and other professional and clerical personnel employed by counsel (collectively referred to herein as "attorney support staff"); (ii) experts retained to assist counsel for the receiving Party, including employees and assistants of such experts; (iii) the Parties, which includes officers, directors, managers, employees, contractors, agents or consultants of the Parties; (iv) witnesses, which includes persons with knowledge of the facts alleged in the pleadings or otherwise identified as witnesses in the case; (v) the officer taking or reporting the deposition and employees of such reporter to the extent necessary to prepare the

transcript of the deposition; (vi) the Court and persons associated with or employed by the Court whose duties require access to the Confidential Information.

7. Confidential Information designated as CONFIDENTIAL-ATTORNEY'S EYES ONLY shall not be given, shown, made available or communicated to any person except (i) counsel of record for the receiving Party and, where appropriate, attorney support staff; (ii) experts retained to assist counsel for the receiving Party, including employees and assistants of such experts; (iii) the author of the document and each recipient of a copy of the document, only insofar as the recipient is identified on the document; (iv) the officer taking or reporting the deposition and employees of such reporter to the extent necessary to prepare the transcript of the deposition; and (vi) the Court and persons associated with or employed by the Court whose duties require access to the information.

8. Confidential Information and all other information contained herein, unless obtained from a non-protected or public source, shall be used for no purpose except for the purposes of this litigation and shall not be disclosed except in accordance with this Protective Order or other order of the Court. As used herein, the phrase "the purposes of this litigation" does not include using Confidential Information to communicate with the suppliers, distributors, or customers of any Party to this litigation with respect to such Confidential Information.

9. Any Party may designate any portion of a deposition as Confidential Information by notifying the other Parties on the record during the deposition or in writing within fourteen (14) days of the receipt of the transcript. Notwithstanding the foregoing, all information disclosed at a deposition shall be treated as confidential for the period prior to the receipt of the transcript.

10. Any Party, in good faith, may designate as Confidential Information at any time information which has been previously produced in the event of that Party's inadvertent failure to make such a designation earlier.

11. All extracts and summaries of Confidential Information, as well as briefs or other pleadings, which quote or disclose such Confidential Information, shall also be treated as confidential in accordance with the provisions of this Protective Order.

12. Pursuant to Local Civil Rule 5.1(j), any Court filings containing information designated as Confidential Information shall be filed with the Court in a sealed envelope with a conspicuous notation stating "DOCUMENTS SUBJECT TO PROTECTIVE ORDER."

13. Nothing contained in this Protective Order shall prevent the use of Confidential Information at a hearing or at trial or in depositions, on the condition that any such materials or information shall be disclosed or displayed only upon the implementation of all reasonable safeguards to preserve their confidentiality. If such Confidential Information is used at a hearing or trial or in depositions, such Confidential Information shall be treated as confidential pursuant to the provisions of this Protective Order.

14. In the event that any Party to this litigation disagrees with the proprietary of a designation of any information as Confidential Information, the Parties shall try first to resolve such dispute in good faith on an informal basis. If the dispute cannot be so resolved, the Party claiming that the information is not properly designated may seek appropriate relief from the Court.

15. The Court, upon a showing of good cause, may order removal of the CONFIDENTIAL or CONFIDENTIAL-ATTORNEY'S EYES ONLY designation from any

Confidential Information summary or abstract thereof or portion of testimony, or may otherwise amend this Protective Order.

16. Upon final termination of this action, all Confidential Information (including all copies thereof) shall be returned to the disclosing Party or, with the disclosing Party's consent, destroyed by counsel for the receiving Party. Counsel for receiving Party shall confirm the destruction in writing.

17. Nothing herein shall bar or restrict any attorney from rendering advice to his or her client with respect to this litigation and, in the course thereof, relying upon (without disclosing) examination of Confidential Information.

18. Nothing contained in this Protective Order shall affect the Parties' right to disclose to its officers, directors, employees, partners or consultants or to use as it desires any of its own Confidential Information designated and produced by a Party as CONFIDENTIAL or CONFIDENTIAL-ATTORNEY'S EYES ONLY.

19. The terms of this Protective Order shall survive and remain in full force and effect for three years after the termination of this lawsuit and the Court shall retain jurisdiction over the Parties, their attorneys, and all persons to whom Confidential Information has been disclosed for the purpose of enforcing the terms of this Protective Order and/or redressing any violation thereof.

20. The Clerk of the Court is ordered to show a copy of this Protective Order to anyone desiring access to any of the papers of this lawsuit and to deny access to all papers filed with the Court pursuant to paragraphs 6 and 7 of this Protective Order.

| Counsel for Plaintiffs | Counsel For Defendant Marriott International, Inc. |
|---|---|
| /s/ Paul D. Cullen, Sr.<br>Paul D. Cullen, Sr. (Bar No. 100230)<br>Daniel E. Cohen (Bar No. 414985)<br>Susan Van Bell (Bar No. 439972)<br><br>The Cullen Law Firm<br>1101 30th Street, NW, Suite 300<br>Washington, D.C. 20007<br>202-944-8600 | /s/ Benjamin S. Boyd<br>Benjamin S. Boyd (Bar No. 413698)<br><br>DLA Piper Rudnick Gray Cary US LLP<br>1200 Nineteenth Street, NW  7th Floor<br>Washington, D.C. 20036<br>202-861-3900<br><br>/s/ Jeffrey E. Gordon<br>John C. Dougherty (admission pending)<br>Jeffrey E. Gordon (Bar No. MD23264)<br>Sonia Cho (Bar No. MD26995)<br><br>DLA Piper Rudnick Gray Cary US LLP<br>6225 Smith Avenue<br>Baltimore, Maryland 21209<br>410-580-3000 |

**SO ORDERED:**

_____
Judge Gladys Kessler
United Stated District Court Judge

**DATE:**

_____

**EXHIBIT A**

**CERTIFICATE OF CONFIDENTIALITY**

1. I, _____, have read the foregoing Stipulated Protective Order (the "Protective Order") and agree to be bound by its terms with respect to any documents or information marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" that are furnished to me as set forth in the Protective Order.

2. I further agree (i) not to disclose to anyone any documents or information marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" other than as set forth in the Protective Order, and (ii) not to make any copies of any documents or information marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" furnished to me except in accordance with the Protective Order.

3. I hereby consent to the jurisdiction of the United States District Court for the District of Columbia with regard to any proceedings to enforce the terms of the Protective Order.

4. I hereby agree that any documents, materials or information marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" furnished to me will be used by me only for the purpose of this litigation and for no other purpose, and will not be used by me in any business affairs of my employer or of my own.

_____         _____
Date                                                                     Name