IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BRITT A. SHAW, *et al*,
on behalf of themselves and all others
similarly situated,

    Plaintiffs,

v.

MARRIOTT INTERNATIONAL, INC.,

    Defendant.

Civil Action No. 05-1138 (GK)

**MARRIOTT INTERNATIONAL, INC.'S RESPONSE TO
PLAINTIFFS' FIRST SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION OF DOCUMENTS**

Marriott International, Inc. ("Marriott"), by and through its attorneys, pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure and Local Civil Rule 5.2 of the United States District Court for the District of Columbia, hereby responds to Plaintiffs' First Set of Interrogatories and Requests for Production of Documents to Defendant ("Discovery Requests").

**GENERAL OBJECTIONS**

1.    Marriott objects to the scope of the Discovery Requests to the extent they seek information or documents that are not relevant to any claim or defense in this proceeding, nor are reasonably calculated to lead to the discovery of admissible evidence, including, without limitation, those Discovery Requests seeking "each," "every," or "all" documents relating to a subject area.

**INTERROGATORY NO. 8:** Please identify all "business purposes" for which Marriott maintains the mailing address "Marriott Drive, Washington, D.C. 20058," as stated in Marriott's Motion to Dismiss Plaintiffs' First Amended Complaint at p. 4 and explain the relationship between those "business purposes" and the "Marriott Drive" address in the District of Columbia.

**RESPONSE INTERROGATORY NO. 8:**

Marriott objects to this Interrogatory as overbroad, and not relevant to any claim or defense in this proceeding, nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving the foregoing specific or general objections, Marriott responds as follows:

The Marriott business started out in Washington, D.C. as a root beer stand in 1927. Over the years, the company grew and maintained its headquarters in Washington, D.C. until 1979,

when the company moved to a headquarters campus in Bethesda, Maryland. The company may from time to time refer to being "headquartered" in Washington, D.C. to honor its founder's start there, and to enable guests, investors and others to more readily place the headquarters in a recognizable location. Outside of the National Capital region, Bethesda is not as well known as Washington, D.C., and on information and belief, it is a common practice for Bethesda residents to refer to their hometown as "Washington, D.C." when speaking to those who are not from this area.

**INTERROGATORY NO. 9:** Please state when the decision was made to follow the practice of identifying the District of Columbia as the situs of Marriott's corporate headquarters, and the reason for such identification after Marriott moved its principal place of business to Bethesda, Maryland.

**RESPONSE TO INTERROGATORY NO. 9:**

Marriott objects to this Interrogatory as not relevant to any claim or defense in this proceeding nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving the foregoing specific or general objections, Marriott responds as follows:

When Marriott moved its headquarters location to Bethesda, Maryland in 1979, it was decided that a Washington, D.C. address would be easier for guests, investors and other interested parties to identify and recognize than a Bethesda, Maryland address.

## VERIFICATION

I, Ramesh D. Jackson, am duly authorized by Marriott International, Inc. ("Marriott") to execute the responses to Plaintiffs' First Set of Interrogatories, under oath on its behalf. The information set forth in the responses was collected by myself and others and such information is not necessarily within my personal knowledge. On behalf of Marriott, however, I affirm that the foregoing responses are true and correct to the best of my knowledge, information and belief.

Executed: Sept 26, 2005

_____
Ramesh D. Jackson