IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRITT A. SHAW, et al.,<br>on behalf of themselves and all others<br>similarly situated,<br><br>      Plaintiffs,<br><br> v.<br><br>MARRIOTT INTERNATIONAL, INC.<br>10400 Fernwood Road<br>Bethesda, Maryland 20817<br><br>      Defendant. | Civil Action No. 05-1138 (GK)<br>**Status Conference 3/14/07** |

## DEFENDANT MARRIOTT INTERNATIONAL INC.'S ANSWER
## TO PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

Defendant Marriott International, Inc. ("Marriott") by its attorneys, answers the First Amended Class Action Complaint filed by Plaintiffs Britt A. Shaw ("Shaw"), Irina Paliashvili ("Paliashvili"), and Neal M. Charness ("Charness"), on behalf of themselves and all others similarly situated (collectively "Plaintiffs"), as follows:

### NATURE OF THE ACTION

1. Paragraph 1 contains conclusions of law to which no response is required. To the extent that Paragraph 1 is deemed to contain allegations of fact, Marriott denies such allegations.

2. Marriott admits that it is a worldwide provider of hospitality services but denies that it is headquartered in Washington, D.C. Marriott's headquarters and principal place of business are located at 10400 Fernwood Road, Bethesda, Maryland 20817.

1

3. Marriott admits that it is a leading member of the worldwide hospitality industry and that the Company has an excellent reputation. Marriott further represents that it has over 2,800 managed and franchised lodging properties in the United States and in 67 other countries and territories. The remaining allegations of Paragraph 3 are opinions requiring no response. However, to the extent that Paragraph 3 is deemed to contain allegations of fact, Marriott denies such allegations.

4. Paragraph 4 contains conclusions of law or opinions to which no response is required. To the extent that Paragraph 4 is deemed to contain allegations of fact, Marriott denies such allegations.

5. Paragraph 5 contains conclusions of law to which no response is required. To the extent that Paragraph 5 is deemed to contain allegations of fact, Marriott denies such allegations.

6. Marriott is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 6 and, on that basis, denies them.

7. Paragraph 7 contains conclusions of law to which no response is required. To the extent that Paragraph 7 is deemed to contain allegations of fact, Marriott denies such allegations.

8. Paragraph 8 contains conclusions of law to which no response is required. To the extent that Paragraph 8 is deemed to contain allegations of fact, Marriott denies such allegations.

## JURISDICTION AND VENUE

9. Marriott denies that this Court has personal jurisdiction over it pursuant to D.C. Code §§ 13-422.

10. Marriott admits the allegations in Paragraph 10.

11. Marriott admits that it is a Delaware corporation that is authorized to conduct and regularly does conduct business in the District of Columbia. Marriott denies that it is headquartered in the District of Columbia.

## PARTIES TO THE ACTION

12. Marriott is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the first two sentences of Paragraph 12. Marriott admits that Mr. Shaw is a named plaintiff in the putative class action as alleged in the Plaintiffs' First Amended Class Action Complaint. The remaining allegations of Paragraph 12 are conclusions of law to which no response is required, but to the extent that Marriott may be required to respond, Marriott denies them.

13. Marriott is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 13. Marriott admits that Irina Paliashvili is a named plaintiff in the putative class action as alleged in the Plaintiffs' First Amended Class Action Complaint. The remaining allegations of Paragraph 13 are conclusions of law to which no response is required, but to the extent that Marriott may be required to respond, Marriott denies them.

14. Marriott is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 14. Marriott admits that Neal M. Charness is a named plaintiff in the putative class action as alleged in the Plaintiffs' First Amended Class Action Complaint. The remaining allegations of Paragraph 14 are conclusions of law to which no response is required, but to the extent that Marriott may be required to respond, Marriott denies them.

BALT2\4297127.3

15. Marriott admits that it is a Delaware corporation that is authorized to and regularly does conduct business within the District of Columbia. Marriott denies that it is headquartered in the District of Columbia. The remaining allegations of Paragraph 15 are conclusions of law to which no response is required, but to the extent that Marriott may be required to respond, Marriott denies those allegations.

## FACTUAL ALLEGATIONS

16. Marriott admits that it is a leading member of the worldwide hospitality industry. Marriott further represents that it has over 2,800 lodging properties in the United States and in 67 other countries and territories. The Marriott Tverskaya, Marriott Grande, and Marriott Royal Aurora hotels are franchised properties not operated by Marriott International, but rather by a large, third party public hospitality company, Interstate Hotels and Resorts, Inc. Marriott International operates the Renaissance Moscow, Renaissance Baltic, and Renaissance Samara hotels. To the extent that Paragraph 16 is deemed to contain any other allegations of fact, Marriott denies such allegations

17. Marriott admits that it is authorized to, and regularly does, conduct business within the District of Columbia. Marriott states that its historic roots to the District of Columbia date back to 1927 when the Company's founders began their business operations in the District of Columbia. Marriott further represents that it is headquartered in Maryland. The remaining allegations in Paragraph 17 are opinions to which no response is required, but to the extent that they are deemed to be allegations of fact, Marriott denies them.

18. While Marriott is uncertain as to which "corporate documents" Plaintiffs refer, Marriott states that the documents speak for themselves. Marriott admits that the Company's founders began their business operations in the District of Columbia many years ago and that J.

4

Willard and Alice S. Marriott opened a root beer stand in Washington, D.C. in 1927. Marriott further represents that Hot Shoppes, Inc. was incorporated in 1929 in Delaware.

19. Marriott states that the allegations contained in Paragraph 19 are opinions as to which no response is required.

20. Marriott admits that J.W. Marriott, Jr. became CEO of Marriott Corporation in 1972. Marriott states that the remaining allegation contained in Paragraph 20 is an opinion as to which no response is required.

21. Marriott admits the statement contained in Paragraph 21.

22. Marriott admits that it has stated on its website that "the perpetuation of a company's culture has proven a positive financial impact." Marriott states that its historic roots to the District of Columbia date back to 1927 when the Company's founders began their business operations in the District of Columbia. The remaining allegations of Paragraph 22 are an opinion requiring no response.

23. Marriott admits that it maintains a mailing address as referenced in Paragraph 23, and states that the website speaks for itself.

24. Marriott admits that it maintains a mailing address as referenced in Paragraph 24, and states that the website speaks for itself.

25. Marriott admits that the "Investor Relations" section of its website contains a section that states that "the company is headquartered in Washington, D.C.," but denies that Paragraph 25 accurately and fully characterizes the website and states that the website speaks for itself.

26. Marriott admits that the "Our Brands" section of its website contains a section that states "Did you know Marriott International: Is headquartered in Washington, D.C.," but

denies that Paragraph 26 accurately and fully characterizes the website and states that the website speaks for itself.

27.     Marriott admits that Marriott's annual reports for 2000, 2001, 2002, 2003 and 2004, which are all available on Marriott's website, state that its corporate headquarters address is Marriott International, Inc., Marriott Drive, Washington, D.C. 20058, but denies that Paragraph 27 accurately or fully characterizes the website or the annual reports and states that the website and those documents speak for themselves.

28.     Marriott admits that on Exhibit 99 attached to its Form 8-K Report dated February 8, 2005, shows Corporate Headquarters address as Marriott Drive, Washington, D.C. 20058. Marriott denies that Paragraph 28 accurately or fully characterizes the document and states that the document speaks for itself.  Marriott further states that the cover page of the same Form 8-K shows that Marriott's "address of principal executive offices, including Zip Code" is 10400 Fernwood Road, Bethesda, Maryland 20817.

29.     Marriott admits the allegation contained in Paragraph 29.

30.     Marriott admits that it has received awards and accolades, which it has mentioned in press releases including those identified in Paragraph 30.  Marriott states further that the press releases speak for themselves.

31.     Marriott admits the allegations contained in Paragraph 31.  Marriott states further that the press releases speak for themselves.

32.     Marriott admits that it has made, and continues to make, representations that its headquarters are located in Washington D.C.  Marriott further states that its historic roots to the District of Columbia date back to 1927 when the Company's founders began their business operations in the District of Columbia.  Until 1979, when the Company moved its headquarters

to Bethesda, Maryland, Marriott was in fact headquartered in Washington D.C.  Thus, to honor Marriott's historical roots and connections to Washington, D.C., the company at times represents that it is headquartered there.

33.	Marriott admits that it has made, and continues to make, representations that its headquarters are located in Washington D.C.  Marriott further states that its historic roots to the District of Columbia date back to 1927 when the Company's founders began their business operations in the District of Columbia.  Thus, to honor Marriott's historical roots and connections to Washington, D.C., the company at times represents that it is headquartered there.  Marriott denies the remaining allegations contained in Paragraph 33.

## MARRIOTT PROFITS FROM THE SUCCESS OF ITS AFFILIATED HOTEL PROPERTIES

34.	Marriott admits that its has management and franchise agreements with hotels and has made representations about those agreements in its Annual Reports and SEC filings.  To the extent that Paragraph 34 attempts to characterize those documents, Marriott denies those characterizations and states that the documents speak for themselves.  Marriott further admits that it derives profits from the management and franchise agreements it has with third parties, and that its management agreements typically provide for base and incentive management fees.  To the extent that Paragraph 34 contains any other factual allegations, Marriott denies those allegations.

35.	Marriott admits that it has franchising programs and has made representations about those programs in its Form 10-K SEC Report, Fiscal year ended 12/29/00.  To the extent that Paragraph 35 attempts to characterize that document, Marriott denies the characterization and states that the document speaks for itself.

36. Marriott admits that it has various contractual relationships with lodging properties in Russia, based on management and franchise agreements. Marriott further admits that it is contractually entitled to receive base and incentive fees from the owners of Russian hotels it manages, and receives royalty payments from the franchisees of Russian hotels operated by the third party hospitality company, Interstate Hotels and Resorts, Inc. To the extent that Paragraph 36 purports to characterize the contractual agreements between Marriott and the hotel owners and/or franchisees, Marriott denies those characterizations and states that the agreements speak for themselves. To the extent that Paragraph 36 contains any other factual allegations, Marriott denies those allegations.

## **TRANSACTIONS FORMING THE BASIS OF PLAINTIFFS' CLAIMS**

37. Marriott admits that the Form 10-K Annual Report to the SEC for the fiscal year ended December 31, 2004 states that Marriott operates 18 system-wide hotel reservation centers that handle worldwide reservations for all Marriott lodging brands. Marriott denies the remaining allegations contained in Paragraph 37.

38. Paragraph 38 contains only conclusions of law to which no response is required. To the extent that Marriott may be required to respond, Marriott denies the allegations.

39. As to the first sentence of Paragraph 39, Marriott admits that the allegations of Plaintiffs' First Amended Class Action Complaint relate to hotel reservations made by the named Plaintiffs and putative class members to stay at hotel properties located in Moscow, Russia which are all affiliated in some way with Marriott International, and admits that these Plaintiffs complain only of transactions relating to Moscow, Russia hotels. The remaining portion of Paragraph 39 is not a factual allegation and no response is required.

8

40. Marriott is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 40 and, on that basis, denies them.

41. Marriott is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 41 and, on that basis, denies them.

42. Marriott is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 42 and, on that basis, denies them.

43. Marriott is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 43 and, on that basis, denies them.

44. The allegations of Paragraph 44 state a conclusion of law requiring no response, but to the extent that a response may be required, Marriott denies those allegations.

45. Marriott admits that Plaintiff Britt A. Shaw stayed at the Renaissance Moscow Hotel on April 19, 2005. The remaining allegation of Paragraph 45 is an opinion requiring no response, but to the extent a response may be required, Marriott denies the allegation.

46. Marriott is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 46.

47. Marriott admits that Mr. Shaw received a document confirming his stay with a quoted room rate of $425.00 U.S. dollars per night but denies that Paragraph 47 accurately characterizes this document.

48. Marriott is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 48.

49. Marriott admits the allegations in Paragraph 49.

50. Marriott admits the allegations in Paragraph 50.

51. Marriott admits the allegations in Paragraph 51.

52. Marriott admits the allegations in Paragraph 52.

53. Marriott admits the allegations contained in Paragraph 53.

54. Marriott admits the allegation contained in Paragraph 54.

55. Marriott admits that Mr. Shaw's May 17, 2005 credit card statement shows a charge of U.S. $775.69 for a hotel stay in April 2005. Marriott denies the remaining allegations in Paragraph 55.

56. Marriott is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 56 and, on that basis, denies them.

57. Marriott is without sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 57 and, on that basis, denies them.

58. Marriott denies the allegations contained in Paragraph 58.

59. As to the first sentence of Paragraph 59, Marriott admits only that Irina Paliashvili stayed at the Marriott Tverskaya from June 20-23, 2004 and that Neal M. Charness stayed at the Marriott Tverskaya from November 19-20, 2004 and the Marriott Grande from December 8-10, 2004. Marriott is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in the first sentence of Paragraph 59 and therefore denies them. Marriott is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 59 and, on that basis, denies them.

60. Paragraph 60 contains conclusions of law to which no response is required. To the extent that Paragraph 60 contains allegations of fact to which Marriott may be required to respond, Marriott denies the allegations.

10

BALT2\4297127.3

61. Paragraph 61 contains conclusions of law to which no response is required. To the extent that Paragraph 61 contains allegations of fact to which Marriott may be required to respond, Marriott denies the allegations.

## CLASS ACTION ALLEGATIONS

62. Marriott admits that Plaintiffs brought this case as a class action pursuant to Federal Rule of Civil Procedure 23. The remaining allegations in Paragraph 62 are conclusions of law to which no response is required, but to the extent that Marriott may be required to respond, Marriott denies the allegations.

63. Paragraph 63 contains conclusions of law to which no response is required.

64. Paragraph 64 contains conclusions of law to which no response is required. To the extent that Paragraph 64 contains allegations of fact to which Marriott may be required to respond, Marriott states that it is without sufficient knowledge or information to form a belief as to the truth of those allegations and, on that basis, denies them.

65. Paragraph 65 contains conclusions of law to which no response is required. To the extent that Paragraph 65 contains allegations of fact to which Marriott may be required to respond, Marriott states that it is without sufficient knowledge or information to form a belief as to the truth of those allegations and, on that basis, denies them.

66. Paragraph 66 contains conclusions of law to which no response is required. To the extent that Paragraph 66 contains allegations of fact to which Marriott may be required to respond, Marriott states that it is without sufficient knowledge or information to form a belief as to the truth of those allegations and, on that basis, denies them.

67. Paragraph 67 contains conclusions of law to which no response is required. To the extent that Paragraph 67 contains allegations of fact to which Marriott may be required to

respond, Marriott states that it is without sufficient knowledge or information to form a belief as to the truth of those allegations and, on that basis, denies them.

68. Paragraph 68 contains conclusions of law to which no response is required. To the extent that Paragraph 68 contains allegations of fact to which Marriott may be required to respond, Marriott states that it is without sufficient knowledge or information to form a belief as to the truth of those allegations and, on that basis, denies them.

69. Paragraph 69 contains conclusions of law to which no response is required. To the extent that Paragraph 69 contains allegations of fact to which Marriott may be required to respond, Marriott states that it is without sufficient knowledge or information to form a belief as to the truth of those allegations and, on that basis, denies them.

70. Paragraph 70 contains conclusions of law to which no response is required. To the extent that Paragraph 70 contains allegations of fact to which Marriott may be required to respond, Marriott states that it is without sufficient knowledge or information to form a belief as to the truth of those allegations and, on that basis, denies them.

## COUNT I

### UNLAWFUL TRADE PRACTICES

71. Marriott incorporates by reference its responses to Paragraphs 1-70 of Plaintiffs' First Amended Class Action Complaint.

72. To the extent that Paragraph 72 attempts to summarize the provisions of the District of Columbia Consumer Protection Procedures Act ("CPPA"), Marriott denies that it accurately characterizes the statute, and states that the provisions of the CPPA speak for themselves.

73. Paragraph 73 contains a conclusion of law to which no response is required. To the extent that Paragraph 73 contains allegations of fact to which Marriott may be required to respond, Marriott denies the allegations.

74. Paragraph 74 contains a conclusion of law to which no response is required. To the extent that Paragraph 74 contains allegations of fact to which Marriott may be required to respond, Marriott denies the allegations.

75. Paragraph 75 contains a conclusion of law to which no response is required. To the extent that Paragraph 75 contains allegations of fact to which Marriott may be required to respond, Marriott denies the allegations.

76. Paragraph 76 contains a conclusion of law to which no response is required. To the extent that Paragraph 76 contains allegations of fact to which Marriott may be required to respond, Marriott denies the allegations.

77. Paragraph 77 contains a conclusion of law to which no response is required. To the extent that Paragraph 77 contains allegations of fact to which Marriott may be required to respond, Marriott denies the allegations.

78. Paragraph 78 contains a conclusion of law to which no response is required. To the extent that Paragraph 78 contains allegations of fact to which Marriott may be required to respond, Marriott denies the allegations.

79. Paragraph 79 is a conclusion of law to which no response is required. To the extent that Paragraph 79 contains allegations of fact to which Marriott may be required to respond, Marriott denies the allegations, and in particular denies that Plaintiffs are entitled to the relief they seek.

80. Paragraph 80 is a conclusion of law to which no response is required. To the extent that Paragraph 80 contains allegations of fact to which Marriott may be required to respond, Marriott denies the allegations, and in particular denies that Plaintiffs are entitled to the relief they seek.

## COUNT II

## UNJUST ENRICHMENT

81. Marriott incorporates by reference its responses to Paragraphs 1-80 of Plaintiffs' First Amended Class Action Complaint.

82. Paragraph 82 contains a conclusion of law to which no response is required. To the extent that Paragraph 82 contains allegations of fact to which Marriott may be required to respond, Marriott denies the allegations.

83. Paragraph 83 contains a conclusion of law to which no response is required. To the extent that Paragraph 83 contains allegations of fact to which Marriott may be required to respond, Marriott denies the allegations.

84. Paragraph 84 contains a conclusion of law to which no response is required. To the extent that Paragraph 84 contains allegations of fact to which Marriott may be required to respond, Marriott denies the allegations.

85. Paragraph 85 contains conclusions of law to which no response is required. To the extent that Paragraph 85 contains allegations of fact to which Marriott may be required to respond, Marriott denies the allegations.

86. Paragraph 86 is a conclusion of law to which no response is required. To the extent that Paragraph 86 contains allegations of fact to which Marriott may be required to

respond, Marriott denies the allegations, and in particular denies that Plaintiffs are entitled to the relief they seek.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense—Failure to State a Claim

87. The First Amended Class Action Complaint fails to state a claim upon which relief may be grated.

### Second Affirmative Defense—Estoppel

88. The claims asserted in the First Amended Class Action Complaint are barred by estoppel.

### Third Affirmative Defense—Voluntary Payment Doctrine

89. The claims asserted in the First Amended Class Action Complaint are barred by the voluntary payment doctrine.

### Fourth Affirmative Defense—Waiver

90. The claims asserted in the First Amended Class Action Complaint are barred by waiver.

### Fifth Affirmative Defense – Statute of Limitations

91. The claims asserted in the First Amended Class Action Complaint may be barred by the statute of limitations.

92. Marriott intends to rely on such other defenses that may become available or apparent during the course of discovery in this case. Marriott expressly reserves the right to amend this Answer to assert any and all such defenses.

## **PRAYERS FOR RELIEF**

WHEREFORE, Defendant Marriott International, Inc. respectfully requests that this Court:

1.   Dismiss with prejudice Plaintiffs' First Amended Class Action Complaint against Defendant Marriott International, Inc.;

2.   Enter a judgment in favor of Defendant Marriott International, Inc. and against Plaintiffs on all claims stated in the First Amended Class Action Complaint;

3.   Award Defendant Marriott International, Inc. reasonable attorneys' fees and costs incurred in the defense of this case; and

4.   Award Defendant Marriott International, Inc. any and all further relief as the Court deems just and proper.

                            Respectfully submitted,

Dated: March 5, 2007

      /s/   Benjamin S. Boyd
Benjamin S. Boyd (Bar No. 413698)

DLA Piper US LLP
1200 Nineteenth Street, N.W.
7th Floor
Washington, D.C. 20036-2412
Telephone (202) 861-3900
Facsimile (202) 223-2085

      /s/   Jeffrey E. Gordon
Jeffrey E. Gordon (MD 23264)
Sonia Cho (MD 26995)

DLA Piper US LLP
The Marbury Building
6225 Smith Avenue
Baltimore, Maryland 21209-3600
410.580.3000
410.580.3001 (facsimile)

*Attorneys for Defendant*
*Marriott International, Inc.*