UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BRITT A. SHAW, et al.** ) | |
| ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | Civil Action No. 05-1138 (GK) |
| v. ) | (Status conference: March 14, 2007) |
| ) | |
| **MARRIOTT INTERNATIONAL, INC.** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

**JOINT MEET AND CONFER STATEMENT**

1.      Pursuant to this Court's Minute Order of February 22, 2007 setting a Status Conference in this case for March 14, 2007, and pursuant to Local Rule 16.3, the parties submit this Joint Meet and Confer Statement.

2.      Pursuant to this Court's June 10, 2005 Scheduling Order, the parties include in this report a brief statement of the case and statutory basis for all causes of action and defenses.

3.      Counsel have met and conferred on March 6, 2007 and March 8, 2007 to address the topics required for this Joint Meet and Confer Statement.  At this time, counsel for parties agree on a Proposed Scheduling Order attached hereto as Exhibit A.

**I.      STATEMENT OF THE CASE AND STATUTORY BASIS FOR CAUSES OF ACTION AND DEFENSES**

**1.      Plaintiffs' Statement of the Case**

This is not a factually complex case. Plaintiffs allege violations of the District of Columbia Consumer Protection Procedures Act, D.C. Code § 28-3901, *et seq*., and unjust enrichment as a result of those violations. Guests at Marriott's Moscow hotel properties were charged significantly more than the amount represented and confirmed when they made their reservations through Marriott's website.  Marriott profited from these deceptive trade practices.

Plaintiffs allege that Marriott quoted, to those booking accommodations at its Moscow hotel properties, room rates in U.S. dollars that, contrary to the impression given at the time of reservation, bore no disclosed relationship to the amounts, stated in Russian rubles, that were charged upon check out.  Marriott's false and misleading representations and its failure to

1

disclose material facts to consumers caused reasonable consumers to believe they would be charged a specified amount, when in fact they would be and were charged a much higher amount.  The website also created the mis-impression that transactions with hotel guests involved an exchange of currency when in fact no U.S. dollars were ever tendered by hotel guests for exchange into Russian rubles by Marriott or its affiliated entities in Moscow.  Final bills for rooms, food, hotel services and local taxes were rendered by the hotel and paid by the guest in an amount of Russian rubles well in excess of the amount of rubles calculated by applying the official exchange rate to the prices earlier quoted in U.S. dollars.  The consumers discovered the inflated charges after their credit card companies converted the inflated charges back into U.S. dollars and sent the consumers their monthly statements.  There was no way a reasonable consumer could have been aware that they were the victim of these deceptive practices until he/she returned home and received the bill from his/her credit card company.

Marriott's practice of making false and misleading representations regarding room rates is attributable to its corporate headquarters – which it has consistently (and perhaps falsely) represented to be located in Washington D.C.  It is those statements – made on American soil - that conceal from potential hotel guests the practice of upcharging their hotel bills through the use of an inflated currency exchange rate. Marriott's contention that "there is no connection between any of the alleged events and/or conduct that purport to give rise to the Plaintiffs' claims in this case and the District of Columbia" is demonstrably incorrect as a factual inquiry will show.

**2.    Defendant's Counterstatement of the Case**

Plaintiffs' First Amended Class Action Complaint ("Amended Complaint") fails to state a claim upon which relief may be granted.  While recognizing that the Court has denied its 12(b)(6) motion on February 22, 2007 (Doc. # 24, 25), Marriott continues to believe that there are no genuine issues of material fact that: (1) the District of Columbia's Consumer Protection Procedures Act ("CPPA") does not and cannot govern the dispute in this class action lawsuit; and (2) the Plaintiffs' unjust enrichment claim will not survive the fact that the Plaintiffs paid their respective hotel bills with full disclosure and knowledge of the amounts each was charged at checkout.

Furthermore, contrary to Plaintiffs' bare allegations that Marriott's practice of "representations regarding room rates is attributable to its corporate headquarters," which Plaintiffs allege is located in the District of Columbia, pricing policies and disclosure obligations with respect to the individual hotels are subject to the various contractual relationships Marriott maintains with the hotel properties.  The degree to which Marriott exercises control over the pricing and corresponding disclosure depends on the nature of the contractual relationships.

**3.    Statutory Basis for Plaintiffs' Cause of Action**

The CPPA prohibits unlawful trade practices. The prohibited trade practices include, in part: a) the misrepresentation of a material fact which has a tendency to mislead, b) failure to state a material fact if such failure tends to mislead, and c) offering of goods or services without the intent to sell them as offered (D.C. Code § 28-3904 (e), (f), (h)). The trade practices of

2

Marriott alleged in Plaintiffs' Amended Complaint, which result in several thousand consumers being over-charged millions of dollars each year, is based upon misrepresentations of material facts, failures to disclose material facts tending to mislead, and the offering of goods or services without the intent to sell them as offered, perpetrated by Marriott from its corporate headquarters in violation of the CCPA. As a direct and proximate result of the Defendant's violations of the CPPA, named Plaintiff and Class members have suffered losses, and are entitled to the statutory damages provided in D.C. Code § 28-3905.

**4.    Statutory Basis for Defendant's Defenses**

Based upon the allegations contained in Plaintiffs' Amended Complaint and information available to Marriott at this stage, there is no statutory defense known to Marriott at this time.

**II.    RULE 16.3(c) DISCUSSION**

**The parties discussed the topics listed in Rule 16.3(c) and agreed as follows:**

**1.    Whether the case is likely to be disposed of by dispositive motion:**

The parties believe that there is a strong likelihood that this case can be resolved, in whole or in substantial part, through motions for summary judgment.

Plaintiffs are confident that the misrepresentations and failures to disclose material facts alleged in the Plaintiffs' Amended Complaint are all well documented and do not raise genuine issues of material fact. Whether the undisputed conduct violates the CPPA presents a question of law. The calculation of statutory damages is simple and straightforward. The calculation of actual damages involves a simple mathematical exercise establishing the difference between hotel charges in rubles using the official exchange rate and hotel charges in rubles using the inflated rate actually used.

Defendant Marriott believes that the Court will rule in favor of Marriott on the issue of liability at summary judgment. While Marriott recognizes that the Court has denied its Motion to Dismiss ( Doc. #24, 25), it believes that Marriott cannot be held liable under the CPPA for the alleged acts that are the subject of the Plaintiffs' Amended Complaint. Even if the CPPA governed the alleged conduct, the failure of Plaintiffs to meet each of the elements of the CPPA for entitlement to any damages thereunder is a question of law.

**2.    Date by which parties shall be joined or pleadings amended; whether some or all factual or legal issues can be agreed upon or narrowed:**

The parties jointly propose a deadline of July 9, 2007 for joinder of parties and amendment of pleadings. The parties have not agreed at this time upon legal or factual issues but will continue to address this subject as the case moves forward.

3. **Whether the case should be assigned to a magistrate judge for all purposes, including trial:**

The parties agree that they do not wish to have the matter assigned to a magistrate judge.

4. **Whether there is a realistic possibility of settling the case:**

The parties believe there is a possibility of settling the case, but that it is premature to assess the likelihood of settlement.

5. **Whether the case could benefit from ADR:**

The parties agree that the case could benefit from the Court's ADR procedures and have discussed the possibility of settlement, but believe it is premature to make an adequate assessment of the case for settlement purposes. The parties believe that ADR procedures will more likely be productive of settlement after the close of discovery.

6. **Whether the case can be resolved by summary judgment or motion to dismiss; dispositive motion schedule**:

The parties believe liability issues may be resolved by summary judgment.

The parties propose a deadline of October 29, 2007 for filing dispositive motions, as noted on the attached proposed scheduling order.

7. **Rule 26(a) disclosures:**

Understanding that the December 2006 amendments to Rule 26 now apply, the parties do not believe any changes to the Rule 26(a)(1) disclosure requirements are necessary.

8. **Discovery schedule, limits, protective order:**

The parties propose that discovery close on September 28, 2007.

Plaintiffs request that the Rule 33(a) limit on the number of interrogatories per side (25) and the Rule 30(a)(2)(A) limit on the number of depositions per side (10) be waived and that the deposition limit be increased to 20 and interrogatory limit be increased to 50.

9. **Expert reports and expert witness schedule:**

The parties' proposal for the exchange of expert witness reports and depositions is built into the proposed schedule attached hereto: Plaintiffs' expert reports would be due on July 9, 2007; Defendant's expert reports would be due on July 25, 2007; and depositions would be concluded before the close of discovery on September 28, 2007.

**10.    Class action procedures:**

The parties propose that discovery for class certification purposes be completed on July 16, 2007, and further request that oral argument regarding class certification be set within 15 days of completion of briefing.

**11.    Bifurcation:**

The parties do not believe bifurcation is necessary. Damages will be either statutory, pursuant to D.C. Code § 28-3905, or actual damages, which can be calculated with a simple mathematical formula once the final amount of hotel guests' bills in Russian rubles are known.

**12.    Pretrial conference date:**

The parties propose that the date for the pretrial conference be determined at a later time.

**13.    Trial date:**

The parties request that the Court set trial at an early practical date. The parties estimate time for trial to be 10-14 days.

**14.    Other matters:**

The parties discussed a disagreement regarding the scope of discovery. The issue is the discoverability of information regarding the identity of guests at the Marriott Moscow hotels.

In its first discovery request (Interrogatory 1 and Request for production 5), the Plaintiffs sought the identities of "all guests of the Marriott Russia Hotels during the relevant time period…." Marriott produced identifying information about guests who stayed at Marriott Moscow hotels and who were either U.S. citizens or U.S. residents, but objected to producing identifying information regarding other guests. In their meet and confer conference call on March 6, 2007, the parties were unable to reach a resolution of this dispute.

Paragraph 10 of the Scheduling Order (Doc. # 9) requires notice to the Court and a phone conference with the Court before the filing of a Rule 37 motion to compel. This is the request for the mandatory phone conference.

The parties attach, as Exhibit A, a Proposed Scheduling Order setting forth the proposed dates noted herein.

Respectfully submitted,

| Counsel for Plaintiffs: | Counsel for Defendant Marriott International, Inc.: |
|---|---|
| s/Paul D. Cullen, Sr. | s/Benjamin S. Boyd |
| Paul D. Cullen Sr (DC Bar # 100230) | Benjamin S. Boyd (DC Bar # 413698) |
| The Cullen Law Firm | DLA Piper US LLP |
| 1101 30th St., NW, Suite 300 | 1200 19th St., NW, 7th Floor |
| Washington, D.C. 20007 | Washington, D.C. 20036-2412 |
| Phone: 202-944-8600 | Phone: 202-223-2085 |
| Facsimile: 202-944-8611 | Facsimile: 202-223-2085 |

Jeffrey E. Gordon (MD Bar # 23264)
Sonia Cho (MD Bar # 26995)
Jennifer Skaggs (admitted pro hac vice)
DLA Piper US LLP
6225 Smith Avenue
Baltimore, Maryland 21209
Phone 410-580-3000
Facsimile 410-598-3001

Dated: March 9, 2007