IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRITT A. SHAW, et al., on behalf of themselves and all others similarly situated,<br><br>**Serve on**:<br><br>Paul D. Cullen, Sr.<br>The Cullen Law Firm<br>1101 30th St., NW, Suite 300<br>Washington, D.C. 20007<br><br>　　　　　Plaintiffs,<br>v.<br><br>MARRIOTT INTERNATIONAL, INC.<br>10400 Fernwood Road<br>Bethesda, Maryland 20817<br><br>　　　　　Defendant/Third-Party Plaintiff<br><br>v.<br><br>JOINT-STOCK COMPANY "GRAND-HOTEL"<br><br>**Serve on**:<br><br>ul. Pervaya Miusskaya, House #3<br>Moscow 125047 Russia<br><br>and<br><br>ZAO TVERSKAYA HOTEL<br><br>**Serve on**:<br><br>31, 1st Tverskaya-Yamskaya Street<br>Moscow, Russia<br>and | Civil Action No. 05-1138 (GK) |

1

OOO "AURORA-LUX"

**Serve on:**

c/o Joint-Stock Company "Mospromstroi"
23/15-1, Chekhova Str.
Moscow 101443 Russia

and

INTERSTATE HOTELS CORPORATION

**Serve on:**

Foster Plaza Ten
680 Andersen Drive
Pittsburgh, Pennsylvania
Attn: Senior V.P.

and

COLONY HOTELS AND
RESORTS COMPANY

**Serve on:**

The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, Delaware  19801

and

INTERSTATE HOTELS, LLC

**Serve on:**

The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, Delaware  19801

Third-Party Defendants.

## THIRD PARTY COMPLAINT

Marriott International, Inc. ("Marriott"), by its attorneys, brings this Third-Party Complaint against Joint-Stock Company "Grand Hotel," ZAO Tverskaya Hotel, OOO "Aurora-Lux," Interstate Hotels Corporation, Colony Hotels and Resorts Company, and Interstate Hotels LLC (collectively "Third-Party Defendants") for indemnification.

## PARTIES

1. Marriott is a company incorporated under the laws of Delaware, with its principle place of business in Bethesda, Maryland.

2. Joint-Stock Company "Grand-Hotel" is a company organized and existing under the laws of the Russian Federation, with its principle place of business in Russia.

3. ZAO Tverskaya Hotel is a company organized and existing under the laws of the Russian Federation, with its principle place of business in Russia.

4. OOO "Aurora-Lux" is a limited liability company organized and existing under the laws of the Russian Federation, with its principle place of business in Russia.

5. Interstate Hotels Corporation is a company organized and existing under the laws of the Commonwealth of Pennsylvania.

6. Colony Hotels and Resorts Company is a company organized and existing under the laws of the State of Delaware.

7. Interstate Hotels LLC is a company organized and existing under the laws of the State of Delaware.

8. Upon information and belief, Britt A. Shaw is a citizen of the United States who resides in London, United Kingdom.

9. Upon information and belief, Irina Paliashvili is a citizen of the Ukraine who currently resides in Washington, D.C.

10. Upon information and belief, Neal M. Charness is a citizen of the United States who resides in Michigan.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332. The amount in controversy exceeds $75,000, exclusive of interest and costs, and the controversy is between citizens of one or more American states and citizens or subjects of a foreign state.

12. This Court has personal jurisdiction over Joint-Stock Company "Grand-Hotel" pursuant to D.C. Code § 13-423 and the Due Process Clause of the United States Constitution.

13. This Court has personal jurisdiction over ZAO Tverskaya Hotel pursuant to D.C. Code § 13-423 and the Due Process Clause of the United States Constitution.

14. This Court has personal jurisdiction over OOO "Aurora-Lux" pursuant to D.C. Code § 13-423 and the Due Process Clause of the United States Constitution.

15. This Court has personal jurisdiction over Interstate Hotels Corporation pursuant to D.C. Code § 13-423 and the Due Process Clause of the United States Constitution.

16. This Court has personal jurisdiction over Colony Hotels and Resorts Company pursuant to D.C. Code § 13-423 and the Due Process Clause of the United States Constitution.

17. This Court has personal jurisdiction over Interstate Hotels LLC pursuant to D.C. Code § 13-423 and the Due Process Clause of the United States Constitution.

18. Venue is proper in this Court under 28 U.S.C. §§ 1391(a) and 1391(c)-(d). Venue is also appropriate in this Court because the lawsuit upon which Marriott's claims for indemnification are based is pending in this Court.

## STATEMENT OF FACTS

### Marriott's Contractual Relationships with Hotel Properties in Russia

19. Marriott is a hospitality company with over 2800 lodging properties worldwide, including Russia. In Russia, there are six hotels that are operated as Marriott-brand properties. Four are located in Moscow, one in St. Petersburg and one in Samara.

20. Of the six Russian hotels carrying the Marriott flag, three are operated by Marriott under separate management agreements. The remaining three properties are franchised hotels, each of which is operated by a third party hotel management company under management agreements with the respective owners of the hotels. The three franchised hotels are: Moscow Marriott Grand Hotel; Moscow Marriott Tverskaya Hotel; and Moscow Marriott Royal Aurora Hotel (collectively "Marriott Franchised Hotels").

21. On May 6, 1997, Marriott entered into a license agreement with Joint-Stock Company "Grand-Hotel" and Interstate Hotels Corporation (hereinafter "Marriott Grand License"). Under the Marriott Grand License, Marriott granted a non-exclusive right to Joint-Stock Company "Grand Hotel" (the "Lessee") to operate the hotel under the Marriott name and use certain services available to Marriott-brand hotels, such as the inclusion of the hotel in Marriott's hotel reservation system. In return, Marriott was to receive payment of royalty fees.

22. Interstate Hotels Corporation was also a party to the Marriott Grand License in its capacity as the "Operator" of the hotel. In addition, Joint-Stock Company "Grand Hotel" designated Interstate Hotels Corporation to serve as its representative in dealing with Marriott on matters relating to the Marriott Grand License.

### The License Agreement for the Moscow Marriott Tverskaya Hotel

23.  Effective August 31, 1998, Marriott entered into a license agreement with ZAO Tverskaya Hotel and Colony Hotels and Resorts Company (hereinafter the "Tverskaya License"). Under the Tverskaya License, Marriott granted a non-exclusive right to ZAO Tverskaya Hotel (the "Lessee") to operate the hotel under the Marriott name and use certain services available to Marriott-brand hotels, such as the inclusion of the hotel in Marriott's hotel reservation system. In return, Marriott was to receive payment of royalty fees.

24.  Colony Hotels and Resorts Company was also a party to the Tverskaya License in its capacity as the "Operator" of the hotel. In addition, ZAO Tverskaya Hotel designated Colony Hotels and Resorts Company to serve as its representative in dealing with Marriott on matters relating to the Tverskaya License.

### The License Agreement for the Moscow Marriott Royal Aurora Hotel

25.  Effective August 31, 1998, Marriott entered into a license agreement with OOO "Aurora-Lux" and Interstate Hotels LLC (hereinafter "Aurora License"). Under the Aurora License, Marriott granted a non-exclusive right to OOO "Aurora-Lux" (the "Lessee") to operate the hotel under the Marriott name and use certain services available to Marriott-brand hotels, such as the inclusion of the hotel in Marriott's hotel reservation system. In return, Marriott was to receive payment of royalty fees.

26.  Interstate Hotels LLC was also a party to the Aurora License in its capacity as the "Operator" of the hotel. In addition, OOO "Aurora-Lux" designated Interstate Hotels LLC to serve as its representative in dealing with Marriott on matters relating to the Aurora License.

## The Relationship of the Interstate Entities

27. Each of the management companies that is a party to one of the three license agreements as an "Operator"—i.e., Interstate Hotels Corporation, Colony Hotels and Resorts Company, and Interstate Hotels LLC—belongs to a family of companies that is ultimately owned by Interstate Hotels & Resorts, Inc.

28. Interstate Hotels & Resorts, Inc. is a large, U.S.-based independent hotel management company that manages and owns hotel properties throughout the world. It is a company organized under the laws of the State of Delaware, with its principle place of business in Virginia.

29. Interstate Hotels Corporation is a wholly-owned subsidiary of Interstate Hotels & Resorts, Inc.

30. Interstate Hotels LLC is a wholly-owned subsidiary of Northridge Holdings, Inc. which, in turn, is a wholly-owned subsidiary of Interstate Hotels & Resorts, Inc.

31. Colony Hotels and Resorts Company is a wholly-owned subsidiary of Interstate Hotels LLC. As described in Paragraph 30, Interstate Hotels LLC is also ultimately owned by Interstate Hotels & Resorts, Inc.

32. Due to their close corporate relationships, the three "Operators" under the license agreements for the Marriott Franchised Hotels will be referred to hereinafter collectively as the "Interstate Entities."

## The Indemnity Provisions of the License Agreements

33. As part of the Lessees' rights granted under the license agreements described above, Marriott Franchised Hotels are included in Marriott's worldwide reservation system.

8

34. Under all three license agreements, the Interstate Entities are, as Operators of the Marriott Franchised Hotels, solely responsible for establishing all prices, rates and charges in connection with the operation of the Marriott Franchised Hotels.

35. Consequently, any prices, rates or charges contained in Marriott's reservation system with respect to the Marriott Franchised Hotels are under the complete control of the Interstate Entities, who are the Operators of those hotels.

36. Under Section 7.1 in each of the license agreements for the Marriott Franchised Hotels, the parties agreed that the Operator:

> shall not, charge any Hotel guest a rate higher than the rate specified to the guest by the Reservation System office at the time the guest's reservation was made. Such rate shall be the rate most recently provided to the Reservation System office, according to the records of such office, by Operator prior to the guest having made such reservation.

37. Furthermore, in each of the license agreements, the Interstate Entities made the following representations, warranties, and covenants under Section 25.3:

> Operator represents, warrants and covenants to Lessee, [and Marriott] that neither its execution of this Agreement or the Management Agreement nor the performance of its obligations hereunder or thereunder shall: (i) violate any provision of law or any judgment, writ, injunction, order, or decree of any court or governmental authority having jurisdiction over it or any of its Affiliates.... Operator shall indemnify, defend, and hold harmless Lessee, [and Marriott] from and against all losses, costs and expenses (including without limitation attorneys' fees and expenses and litigation costs and expenses), liabilities, penalties, and damages (including without limitation consequential, punitive, and exemplary damages) based on or arising from a breach of any representation, warranty or covenant in this Section 25.3.

38. Similarly, section 25.1E contains the following representations, warranties and covenants by each of the Lessees of the Marriott Franchised Hotels:

9

BALT1\4320652.2

> Lessee represents, warrants and covenants to [Marriott]... that neither its execution of this Agreement or the Management Agreement nor the performance of its obligations hereunder or thereunder shall: (i) violate any provision of law or any judgment, writ, injunction, order, or decree of any court or governmental authority having jurisdiction over it or any of its Affiliates.... Lessee shall indemnify, defend, and hold harmless.... [Marriott] from and against all losses, costs and expenses (including without limitation attorneys' fees and expenses and litigation costs and expenses), liabilities, penalties, and damages (including without limitation consequential, punitive, and exemplary damages) based on or arising from a breach of any representation, warranty or covenant in this Section 25.1E.

39.    Finally, in Section 20.2 of each of the license agreements, the parties agreed to the following additional indemnity provision:

> Lessee shall indemnify [Marriott and related companies] against, hold them harmless from, and promptly reimburse them for, any payments of money (including without limitation fines, damages (general, special and punitive), legal fees, costs, charges, expenses, lost profits, attorneys' fees, settlement amounts, judgments, and interest) by reason of any claim, demand, lawsuit, tax, penalty, or judicial or administrative investigation, inquiry, or proceeding or activity at the Hotel or from any act, omission, or obligation of Lessee or any Person Associated with, employed by (including contractors, subcontractors and other agents), or affiliated with Lessee, as such act, omission, or obligation relates to the Hotel.

40.    Under all of the above provisions, the Lessees of the Marriott Franchised Hotels and the Interstate Entities have the obligation to indemnify Marriott to the full amount expended by Marriott in connection with defending against claims based on or arising from a breach of their representations, warranties and covenants in connection the performance of their obligations under the license agreements.

## The Allegations of Amended Class Action Complaint by Plaintiffs

41. On July 1, 2005, Britt A. Shaw, Irina Paliashvili and Neal M. Charness (collectively, the "Plaintiffs") filed their Amended Class Action Complaint ("Amended Complaint") against Marriott.

42. In the Amended Complaint, which named only Marriott as a defendant, Plaintiffs alleged violations of the District of Columbia Consumer Protection Procedures Act, D.C. Code § 28-3901 et seq., and unjust enrichment. Plaintiffs alleged that guests who stay at Marriott-brand hotels in Moscow were charged amounts that were higher than the amount represented when they made their reservations through Marriott's website.

43. Plaintiffs alleged that the amount ultimately charged the Plaintiffs for their hotel stays in Russia were greater than the amounts quoted to them in U.S. dollars at the time of the reservations on the Marriott website, because they paid their hotel bills in Rubles at checkout at exchange rates other than the official exchange rates set by the Central Bank of Russia.

44. In the Amended Complaint, named plaintiff Britt A. Shaw alleged that he stayed at the Renaissance Moscow in April 2005. Subsequent to that, he also stayed at the Moscow Marriott Royal Aurora Hotel and the Moscow Marriott Grand Hotel.

45. Irina Paliashvili alleged that she stayed at the Moscow Marriott Tverskaya Hotel in June 2004.

46. Neal M. Charness alleged that he stayed at the Moscow Marriott Tverskaya Hotel in November 2004 and the Moscow Marriott Grand Hotel in December 2004.

47. To the extent that the named Plaintiffs allege in the Amended Complaint misrepresentations regarding any alleged discrepancy between the quoted room rates and the final bill amounts, with respect to the Marriott Franchised Hotels, Interstate Entities are solely

responsible for the discrepancy as the Operators of the Marriott Franchised Hotels who set all prices, rates or charges in connection with the operation of those hotels.

### The Indemnity Obligations of the Lessees and Interstate Entities Under the License Agreements

48. In each of the three license agreements for the Marriott Franchised Hotels, the Lessees and Interstate Entities agreed to indemnify Marriott to the full amount expended by Marriott in connection with defending against claims based on or arising from a breach of their representations, warranties and covenants in connection with the performance of their obligations under the license agreements.

49. If the Plaintiffs prove the allegations and claims they have asserted against Marriott in the Amended Complaint as set forth above, the Lessees and Interstate Entities will be liable to Marriott under their indemnification obligations for the full amount of any recovery Plaintiffs obtain from Marriott.

### COUNT ONE
### Indemnification
### (Joint-Stock Company "Grand Hotel" and Interstate Hotel Corporation)

50. Marriott incorporates by reference its allegations in the above paragraphs as if set forth herein in their entirety.

51. Under Section 20.2 of the Marriott Grand License, Joint-Stock Company "Grand-Hotel" must indemnify Marriott for "any payments of money by reason of any claim, demand, lawsuit, tax, penalty, or judicial or administrative investigation, inquiry, or proceeding or activity at the Hotel or from any act, omission, or obligation of Lessee or any Person Associated with, employed by (including contractors, subcontractors and other agents), or affiliated with Lessee,

as such act, omission, or obligation relates to the Hotel." This indemnity obligation extends to any liability arising out of claims in connection with the acts, omissions or obligations of Interstate Hotel Corporation.

52. Under Section 25.1E of the Marriott Grand License, Joint-Stock Company "Grand-Hotel" further agreed to indemnify Marriott against claims based on or arising from a breach of any of the representations, warranties and covenants contained in Section 25.1E.

53. Under Section 25.3, Interstate Hotel Corporation, as Operator under the Marriott Grand License, agreed to indemnify Marriott against claims based on or arising from a breach of any of the representations, warranties and covenants contained in Section 25.3.

54. The Plaintiffs' Amended Complaint is based on claims and allegations that, if true, would constitute a breach the Marriott Grand License by both Joint-Stock Company "Grand-Hotel" and Interstate Hotel Corporation.

55. Therefore, Joint-Stock Company "Grand-Hotel" and Interstate Hotel Corporation have a duty to indemnify Marriott against any recovery Plaintiffs may obtain from Marriott.

WHEREFORE, Marriott demands judgment against Joint-Stock Company "Grand-Hotel" and Interstate Hotel Corporation for all sums that may be adjudged against Marriott in favor of Plaintiffs.

## COUNT TWO
### Indemnification
### (ZAO Tverskaya Hotel and
### Colony Hotels and Resorts Company)

56. Marriott incorporates by reference its allegations in the above paragraphs as if set forth herein in their entirety.

57. Under Section 20.2 of the Tverskaya License, ZAO Tverskaya Hotel must indemnify Marriott for "any payments of money by reason of any claim, demand, lawsuit, tax,

penalty, or judicial or administrative investigation, inquiry, or proceeding or activity at the Hotel or from any act, omission, or obligation of Lessee or any Person Associated with, employed by (including contractors, subcontractors and other agents), or affiliated with Lessee, as such act, omission, or obligation relates to the Hotel." This indemnity obligation extends to any liability arising out of claims in connection with the acts, omissions or obligations of Colony Hotels and Resorts Company.

58. Under Section 25.1E of the Tverskaya License, ZAO Tverskaya Hotel further agreed to indemnify Marriott against claims based on or arising from a breach of any of the representations, warranties and covenants contained in Section 25.1E.

59. Under Section 25.3, Colony Hotels and Resorts Company, as Operator under the Tverskaya License, agreed to indemnify Marriott against claims based on or arising from a breach of any of the representations, warranties and covenants contained in Section 25.3.

60. The Plaintiffs' Amended Complaint is based on claims and allegations that, if true, would constitute a breach the Tverskaya License by both ZAO Tverskaya Hotel and Colony Hotels and Resorts Company.

61. Therefore, ZAO Tverskaya Hotel and Colony Hotels and Resorts Company have a duty to indemnify Marriott against any recovery Plaintiffs may obtain from Marriott.

WHEREFORE, Marriott demands judgment against ZAO Tverskaya Hotel and Colony Hotels and Resorts Company for all sums that may be adjudged against Marriott in favor of Plaintiffs.

## COUNT THREE
### Indemnification
### (OOO "Aurora-Lux" and
### Interstate Hotels LLC)

62. Marriott incorporates by reference its allegations in the above paragraphs as if set forth herein in their entirety.

63. Under Section 20.2 of the Aurora License, OOO "Aurora-Lux" must indemnify Marriott for "any payments of money by reason of any claim, demand, lawsuit, tax, penalty, or judicial or administrative investigation, inquiry, or proceeding or activity at the Hotel or from any act, omission, or obligation of Lessee or any Person Associated with, employed by (including contractors, subcontractors and other agents), or affiliated with Lessee, as such act, omission, or obligation relates to the Hotel." This indemnity obligation extends to any liability arising out of claims in connection with the acts, omissions or obligations of Interstate Hotels LLC.

64. Under Section 25.1E of the Aurora License, OOO "Aurora-Lux" further agreed to indemnify Marriott against claims based on or arising from a breach of any of the representations, warranties and covenants contained in Section 25.1E.

65. Under Section 25.3, Interstate Hotels LLC, as Operator under the Aurora License, agreed to indemnify Marriott against claims based on or arising from a breach of any of the representations, warranties and covenants contained in Section 25.3.

66. The Plaintiffs' Amended Complaint is based on claims and allegations that, if true, would constitute a breach the Aurora License by both OOO "Aurora-Lux" and Interstate Hotels LLC.

67. Therefore, OOO "Aurora-Lux" and Interstate Hotels LLC have a duty to indemnify Marriott against any recovery Plaintiffs may obtain from Marriott.

15

WHEREFORE, Marriott demands judgment against OOO "Aurora-Lux" and Interstate Hotels LLC for all sums that may be adjudged against Marriott in favor of Plaintiffs.

## JURY TRIAL DEMAND

68. Pursuant to Federal Rule of Civil Procedure 38(b), Marriott International, Inc. demands a jury trial as to all claims and issues triable by jury.

Respectfully submitted,

Dated: March 15, 2007

/s/   Benjamin S. Boyd
Benjamin S. Boyd (Bar No. 413698)

DLA Piper US LLP
1200 Nineteenth Street, N.W.
7th Floor
Washington, D.C. 20036-2412
Telephone (202) 861-3900
Facsimile (202) 223-2085


/s/   Jeffrey E. Gordon
Jeffrey E. Gordon (MD23264)
Sonia Cho (MD26995)
Jennifer M. Skaggs (*pro hac vice*)

DLA Piper US LLP
The Marbury Building
6225 Smith Avenue
Baltimore, Maryland  21209-3600
410.580.3000
410.580.3001 (facsimile)

*Attorneys for Defendant*
*Marriott International, Inc.*