# Exhibit A

F:\GROUPS\INTL\DELY\RUSSIA\MOSCOW\LICENSE.14

ORIGINAL
6-5-97
Execution copy

# MOSCOW MARRIOTT GRAND HOTEL

(MARRIOTT GRAND HOTEL)

LICENSE AGREEMENT

AMONG

MARRIOTT HOTELS OF AMSTERDAM, B.V.

(MHA),

MARRIOTT WORLDWIDE CORPORATION

(GUARANTOR),

JOINT-STOCK COMPANY "MOSPROMSTROI"

(OWNER)

AND

INTERSTATE HOTELS CORPORATION

(OPERATOR)

REDACTED

# ARTICLE 7
## RESERVATION SYSTEM AND PROPERTY MANAGEMENT SYSTEM

7.1 <u>Reservation System</u>.

A.  As long as Owner and Operator are in compliance with all material provisions of this Agreement or a 10-day cure period specified in Section 7.1 C is in effect, MHA shall make available to the Hotel the Reservation System. Owner shall cause Operator to, and Operator shall, cause the Hotel to participate during the term of this Agreement in the Reservation System and observe all requirements of participation as determined from time to time by MHA. Owner shall cause Operator to, and Operator shall, be solely responsible for notifying the Reservation System office of any changes in the Hotel's room rates. Owner shall cause Operator not to, and Operator shall not, charge any Hotel guest a rate higher than the rate specified to the guest by the Reservation System office at the time the guest's reservation was made. Such rate shall be the rate most recently provided to the Reservation System office, according to the records of such office, by Operator prior to the guest having made such reservation.

REDACTED

-37-

REDACTED

25.3 <u>Operator Representations, Warranties and Covenants</u>.

Operator represents, warrants and covenants to Owner, MHA and Guarantor that neither its execution of this Agreement or the Management Agreement nor the performance of its obligations hereunder or thereunder shall: (i) violate any provision of law or any judgment, writ, injunction, order, or decree of any court or governmental authority having jurisdiction over it or any of its Affiliates; (ii) result in or constitute a material breach or

-82-

material default under any indenture, contract, commitment, or restriction to which it or any of its Affiliates is a party or by which it or any of its Affiliates is bound; or (iii) require any consent, vote, or approval which has not been given or taken, or at the time of the transaction involved shall not have been given or taken. Operator represents, warrants and covenants that it has and shall continue to have throughout the term hereof the full right and authority to enter into this Agreement and the Management Agreement. Operator represents, warrants and covenants that it has and shall continue to have throughout the term hereof the full right and authority to perform its obligations hereunder and under the Management Agreement. Operator represents and warrants that the Management Agreement is in full force and effect and that no event has occurred which would give either party thereto the right to terminate such Management Agreement. Operator shall indemnify, defend, and hold harmless Owner, MHA, Guarantor and the other Marriott Companies from and against all losses, costs and expenses (including without limitation attorneys' fees and expenses and litigation costs and expenses), liabilities, penalties, and damages (including without limitation consequential, punitive, and exemplary damages) based on or arising from a breach of any representation, warranty or covenant in this Section 25.3.

## ARTICLE 26
## ARBITRATION

26.1 **Arbitration**.

A. Except as otherwise specified in this Agreement, any dispute, controversy, or claim arising out of or relating to this Agreement, or the breach, termination, or invalidity thereof, shall be settled by arbitration in accordance with the UNCITRAL Arbitration Rules (or any similar successor rules thereto) as are in force on the date when a notice of arbitration is received. For purposes of this Section 26.1, the party or parties initiating the arbitration proceeding with a notice of arbitration shall be referred to as the "Claimant(s)" and the party or parties receiving the notice of arbitration shall be referred to as the "Respondent(s)".

B. The appointing authority shall be the International Court of Arbitration of the International Chamber of Commerce. The number

of arbitrators shall be one unless any party to the arbitration requests otherwise, in which case there shall be three, and:

    (i) if all parties to this Agreement agree that the alignment of parties specified in the notice of arbitration submitted by the Claimant(s) is correct, then:

        (A) within thirty (30) days following such request that the arbitration panel consist of three arbitrators, the Claimant(s) shall appoint one arbitrator and the Respondent(s) shall appoint another arbitrator;

        (B) if either side fails to appoint an arbitrator within such thirty-day (30-day) time period, the arbitrator named by the other side shall decide the dispute, controversy or claim as a sole arbitrator;

        (C) otherwise, the two arbitrators so appointed shall appoint a third arbitrator within sixty (60) days following such request that the arbitration panel consist of three arbitrators;

        (D) when the third arbitrator has accepted the appointment, the two party-appointed arbitrators shall promptly notify the parties of the appointment;

        (E) if the two party-appointed arbitrators fail or are unable to so appoint a third arbitrator or to so notify the parties, then the appointment of the third arbitrator shall be made by the International Court of Arbitration of the International Chamber of Commerce, which shall promptly notify the parties of the appointment; and

        (F) the third arbitrator shall act as the chair of the panel; or

    (ii) if any of the parties to this Agreement objects in writing to the alignment of the parties specified in the notice of arbitration, then the International Court of Arbitration of the International Chamber of Commerce shall appoint all three arbitrators.

The languages to be used in the proceedings shall be English and Russian. The place of arbitration shall be Stockholm, Sweden.

C. The decision of the arbitration board shall be final and binding upon the parties, and such decision shall be enforceable through any courts having jurisdiction. The arbitration board shall have no authority to amend or modify the terms of this Agreement. The arbitration board shall have the right to award or include in their award any relief they deem proper in the circumstances, including without limitation, money damages (with Interest on unpaid amounts from the date due), specific performance and legal fees and costs in accordance with this Agreement; however, the arbitration board may not award punitive, consequential or exemplary damages. The costs and expenses of arbitration shall be allocated and paid by the parties as determined by the arbitrators.

D. Any arbitration proceeding pursuant to this Agreement shall be conducted on an individual (not a class-wide) basis and shall not be consolidated with any other arbitration proceedings to which MHA is a party. No decision on any matter in any other arbitration proceeding in which MHA is a party shall prevent any party to the arbitration proceeding from submitting evidence with respect to the same or a similar matter or prevent the arbitration board from rendering an independent decision without regard to such decision in such other arbitration proceeding.

E. The provisions of this Section 26.1 shall survive the termination of this Agreement.

REDACTED

-85-

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed and delivered by their duly authorized representatives as of the Effective Date.

MWC:
MARRIOTT HOTELS OF AMSTERDAM, B.V.
By: *Wendell B Ward*
Name: Wendell B. Ward
Title: Attorney-in-fact

OWNER:
JOINT STOCK COMPANY "MOSPROMSTROI"
By: *signature*
Name: BORIS O. GURETSKI
Title: FIRST DEPUTY

Name: A. VAVILOVA
Title: Chief Accounting Officer

OPERATOR:
INTERSTATE HOTELS CORPORATION
By: *signature*
Name: Henry L. Ciaffone
Title: V.C. President

GUARANTOR:
MARRIOTT WORLDWIDE CORPORATION
By: *Wendell B Ward*
Name: Wendell B. Ward
Title: Attorney-in-fact