UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRITT A. SHAW, *et al.* )<br>)<br>)<br>   Plaintiffs, )<br>)<br>        v. )<br>)<br>)<br>MARRIOTT INTERNATIONAL, INC. )<br>)<br>   Defendant. )<br>                          ) | Civil Action No. 05-1138 (GK) |

**UNOPPOSED MOTION FOR LEAVE TO RE-FILE
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

Plaintiffs seek leave of this Court to re-file the Motion for Class Certification and Memorandum in Support of the Motion curing the defects in the prior filing (Docs 53 and 57) as noted by this Court in its Minute Order dated October 25, 2007. In support of this Motion, Plaintiffs state:

1. On October 5, 2007, Plaintiffs timely filed their Motion for Class Certification supported by a Memorandum of Law, together with declarations and exhibits. Plaintiffs' filing inadvertently failed to include a proposed order as required by Local Rule 7 ( c ).

2. On October 25, 2007, this Court entered a Minute Order denying Plaintiffs' Motion for Class Certification for failure to comply with Local Rule 7 ( c ).

3. Plaintiffs now resubmit the Motion and Memorandum, and supporting declarations and exhibits and have included a Proposed Order as required by Local Rule 7 ( c ).

The Motion, Memorandum and attachments as resubmitted are identical to the prior filing.

    4.    Defendant will not be prejudiced if Plaintiffs are permitted to re-file the Motion. Defendant has had the Motion since it was timely filed on October 5, 2007, and so has had full notice of Plaintiffs' arguments and the evidence in support of class certification as anticipated by the scheduling order entered by this Court (Doc. 50).

    5.    Since the date on which the motion for Class Certification was originally filed, with permission from the Court, on October 19, 2007, Plaintiffs filed Second Amended Complaint adding two additional Plaintiffs to this action (Doc. 59). The parties are in the process of negotiating a proposed schedule to allow Defendant time to take discovery from these additional Plaintiffs before responding to the Motion for Class Certification. Thus Defendant's time to respond to the Motion for Class Certification is expected to be extended even further. In the near future, a Joint Motion for Third Amended Scheduling Order will be filed with the Court.

    6.    A determination of certification of this matter as a class action should be considered on the merits of the motion, not on a technicality related to local filing procedure. At stake on Plaintiffs Motion are not just the rights of the named Plaintiffs, but all similarly situated consumers who have suffered an injury similar to that of Plaintiffs in this action. As noted in Plaintiffs' memorandum, consumers injured by Marriott's unlawful conduct will receive no relief in the absence of certification of this matter as a class action. Each class member's claim is too small to justify the cost of separate litigation. A class action is the only viable way to bring this suit because the typical claims of class members are far too small for individual class members to

maintain individual actions.[1]

7.     Plaintiffs failure to include a proposed order as required by the local rule may be easily cured by allowing Plaintiffs to re-file as requested by this Motion.  Defendant will not be prejudiced; and the interests of absent class members will be served by granting the instant Motion.

8.     Plaintiffs have conferred with counsel for Defendant, and Defendant does not oppose this Motion to Re-file the Motion for Class Certification.

9.     Plaintiffs respectfully request that leave be granted to allow Plaintiffs to re-file the Motion for Class Certification and the Memorandum, declarations and exhibits in support of the Motion.  Plaintiffs' resubmitted filing is attached to this Motion.

                                        Respectfully submitted,

                                        /s/ Randall S. Herrick-Stare

Of Counsel:                             Paul D. Cullen, Sr.
Mark W. Borghesani, Esq.                Joyce E. Mayers
c/o The Cullen Law Firm, PLLC           Randall Herrick-Stare
1101 30th Street NW, Suite 300          Amy M. Lloyd
Washington, DC 20007                    The Cullen Law Firm, PLLC
(202) 944-8600                          1101 30th Street NW, Suite 300
                                        Washington, DC 20007
                                        (202) 944-8600

                                        Counsel for Plaintiffs

Dated: October 26, 2007

---

[1] See, Wells v. Allstate, 210 F.R.D. 1, 12 (D.D.C. 2002), citing In re Newbridge Networks Securities Litigation, 926 F. Supp. 1163, 1178 (D.D.C. 1996).