UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRITT A. SHAW, et al. )<br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>MARRIOTT INTERNATIONAL, INC. )<br>)<br>Defendant. )<br>_____ ) | Civil Action No. 05-1138 (GK)<br>(Status conference: January 3, 2008) |

**JOINT MOTION FOR THIRD AMENDED SCHEDULING ORDER**

Pursuant to LCvR 16.4, the parties respectfully submit this Joint Motion for Third Amended Scheduling Order. The parties propose this Third Amended Scheduling Order to incorporate a discovery schedule for the new class representatives and other issues raised in Plaintiffs' Second Amended Class Action Complaint and Demand for Jury Trial ("Second Amended Complaint"), which was filed on October 19, 2007.

While the parties have conferred and have agreed upon the deadlines contained in the proposed Third Amended Scheduling Order (set forth below), the parties have been unable to agree as to the triggering event that would initiate commencement of the proposed Third Amended Scheduling Order. Plaintiffs propose that the triggering event should be this Court's ruling on the Joint Motion for Third Amended Scheduling Order. Marriott proposes that the triggering event should be this Court's ruling on the Motion to Dismiss that Marriott will file on November 2, 2007 in response to Plaintiffs' Second Amended Complaint. Thus, the parties seek a determination by this Court as to which event, if any, the Court deems should trigger

BALT2\4337485.2

commencement of the proposed Third Amended Scheduling Order. The parties support their respective positions as follows.

Plaintiffs respectfully request that the Court act to keep this case moving forward, and reject Marriott's attempt to unnecessarily delay it. Plaintiffs' motion for class certification filed October 5, 2007 (Document No: 53 and 54) was denied on October 25, 2007 failure to include a proposed order. The motion was re-filed, with a proposed order, on October 26, 2007. By minute order today, October 29, 2007, the re-filing of the motion was accepted. The motion for class certification is therefore now pending. In essence, the schedule proposed by Marriott seeks to stay discovery and briefing on the motion for class certification. The second amended complaint includes minor changes: the addition two plaintiffs (Dr. Sarah Mendelson and The Center for Strategic and International Studies, Inc.), and a new claim that Marriott misrepresented its location. Marriott has admitted it misrepresented its corporate location, and needs no discovery on this matter. Marriott implicitly disclaims need for discovery regarding the newly named plaintiffs; it claims meritorious grounds for their dismissal without discovery. Further, documentation of stays by Dr. Mendelson at Russian Marriott hotels, and stays paid for by CSIS, as well as the amounts quoted in reservation confirmations and amounts billed for those stays is currently available in Marriott's own databases. If discovery regarding typicality, commonality and suitability is necessary, it can be accomplished through interrogatories, requests for production and depositions. Its cost, in time and money, is therefore minimal. Finally, while Marriott has expressed an interest in an ADR process, the Plaintiffs are unwilling to undertake mediation while a motion to dismiss by Marriott is pending, or before they have seen Marriott's brief in opposition to the motion for class certification. But Marriott's proposed schedule contemplates the filing of that opposition brief at some unknown time in the future,

BALT2\4337485.2

after what may be a lengthy delay to accommodate the time awaiting the motion, plus the weeks for the briefing of the motion, plus the time for the Court's resolution of the motion, plus at least 98 days after the Court's ruling. The plaintiffs request that discovery and disclosures proceed more promptly. Specifically they request that deadlines for litigation event be based on the date the Court rules on this Joint Motion for Third Amended Scheduling Order

Contrary to Plaintiffs' contention of delay, Marriott's position is based on the grounds of judicial economy and efficiency, seeking to avoid needless discovery between the parties. The Second Amended Complaint did not merely affect "minor changes," such as the correction of prior typographical errors or clarification of the facts based on the discovery conducted to date. Rather, Plaintiffs added two new parties and an entirely new claim. As will be more fully briefed in Marriott's Motion to Dismiss, these fundamental changes are contrary to established case law and should be rejected by this Court. As the Court's ruling on this motion to dismiss may make discovery on these points unnecessary, Marriott respectfully suggests that it should not be required to undertake such discovery during the pendency of this Court's ruling on the motion to dismiss. Upon this Court's ruling on the motion to dismiss, Marriott agrees that discovery should proceed promptly. Consistent with this interest in judicial economy, Marriott reiterates its interest in ADR and notes that its offer to participate in mediation is not contingent on this Court's determination of the proper schedule for this litigation. To this end, Marriott has indicated repeatedly its flexibility in the timing of such a process.

Other than these differences as to the triggering event, the parties have agreed to the following proposed Third Amended Scheduling Order:

| Subject | Proposed Deadline |
|---|---|
|  |  |

| | |
|---|---|
| Deadline for Marriott to serve written discovery on any new class representatives or new issues in Second Amended Complaint | 5 days after ruling[1] |
| Deadline for Marriott to depose any new class representatives | 30 days after service[2] |
| Deadline for Marriott to file Rule 26(a)(2) disclosures | 40 days after service |
| Deadline for Marriot to file opposition brief to Plaintiffs' Motion for Class Certification | 60 days after service |
| Deadline for Plaintiffs to file reply brief in support of Motion for Class Certification | 74 days after service |
| Deadline for all discovery | 90 days after service |
| Deadline for dispositive motions | 120 days after service |

Additionally, as the parties have previously informed the Court, the parties will continue to attempt over the next few months to confirm agreement on a mediator and a mediation date. Upon agreement, or lack thereof, the parties will inform the Court of the status of the mediation efforts.

Accordingly, the parties respectfully request that this Court grant this Joint Motion for Third Amended Scheduling Order and determine the triggering event for commencement of the Third Amended Scheduling Order. A proposed order is attached hereto.

Respectfully submitted,

Counsel for Plaintiffs:

_____/s/_____
Paul D. Cullen Sr
Randall S. Herrick-Stare
Joyce E. Mayers

Counsel for Defendant Marriott International, Inc.:

_____/s/_____
Joel Dewey
Holly Drumheller Butler
Sonia Cho

---

[1] "Ruling," as viewed by Plaintiffs is this Court's ruling on the Joint Motion for Third Amended Scheduling Order. "Ruling" as viewed by Marriott is this Court's ruling on Marriott's Motion to Dismiss, which Marriott will file in response to Plaintiffs' Second Amended Complaint by November 2, 2007.

[2] "Service" refers to service of both Plaintiffs' written discovery responses and corresponding production of responsive documents.

BALT2\4337485.2

Amy M. Lloyd
The Cullen Law Firm
1101 30th St., NW, Suite 300
Washington, D.C. 20007
Phone: 202-944-8600
Facsimile: 202-944-8611

Jennifer Skaggs
DLA Piper US LLP
6225 Smith Avenue
Baltimore, MD 21209-3600
Phone: 410-580-3000
Facsimile: 410-580-3001

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRITT A. SHAW, et al.<br><br>Plaintiffs,<br><br>v.<br><br>MARRIOTT INTERNATIONAL, INC.<br><br>Defendant. | Civil Action No. 05-1138 (GK) |

**PROPOSED ORDER FOR THIRD AMENDED SCHEDULING ORDER**

Upon consideration of the parties' Joint Motion for Third Amended Scheduling Order, the Court hereby **GRANTS** the motion as submitted.

It is hereby **ORDERED** that this case shall proceed with the following schedule, the commencement of which is this Court's ruling on the _____.

| | |
|---|---|
| Deadline for Marriott to serve written discovery on any new class representatives or new issues in Second Amended Complaint | 5 days after ruling written above |
| Deadline for Marriott to depose any new class representatives | 30 days after service[3] |
| Deadline for Marriott to file Rule 26(a)(2) disclosures | 40 days after service |
| Deadline for Marriot to file opposition brief to Plaintiffs' Motion for Class Certification | 60 days after service |
| Deadline for Plaintiffs to file reply brief in support of Motion for Class Certification | 74 days after service |
| Deadline for all discovery | 90 days after service |

---

[3] "Service" refers to service of both Plaintiffs' written discovery responses and corresponding production of responsive documents.

BALT2\4337485.2

| Deadline for dispositive motions | 120 days after service |
|---|---|

Dated: _____

                                                                                               _____
                                                                                                Gladys Kessler
                                                                                                United States District Court Judge