IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRITT A. SHAW, et al., on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>MARRIOTT INTERNATIONAL, INC.<br><br>        Defendant. | Civil Action No. 05-1138 (GK)<br>**Status Conference: April 28, 2008** |

**MARRIOTT INTERNATIONAL INC.'S SUBMISSION FOR DISCOVERY
TELECONFERENCE ON MARCH 12, 2008 AT 5:00 PM**

 

Joel Dewey (Bar No. 358175)
Holly Drumheller Butler (Bar No. 459681)
Sonia Cho (Bar No. MD26995)
Jennifer Skaggs (Bar No. 500014)
DLA Piper US LLP
6225 Smith Avenue
Baltimore, Maryland 21209
410-580-3000
410-580-3001 (facsimile)

*Attorneys for Defendant
Marriott International, Inc.*

Plaintiffs' Discovery Deficiencies:

(1) *CSIS Document Production*: Marriott requested CSIS's documents relating to its employees' stays at the Marriott Russia Hotels. Plaintiffs confirmed CSIS's storage of travel records and made a partial production of these documents today. Further, CSIS's electronic documents have not been subject to a litigation hold. CSIS's responsive electronic documents must be preserved and produced.

(2) *Privilege Log*: Plaintiffs have failed to produce a complete privilege or redaction log to identify the documents withheld or information redacted and enumerate the grounds therefor.

(3) *Timothy Brickell*: In support of the Motion for Class Certification, Plaintiffs relied on Mr. Brickell's Declaration (Ex. 21) to assert that "[b]ased upon an analysis of data produced to date by Marriott..., there are no less than 110,522 guest stays which fit within the class definition." During Mr. Brickell's deposition, Plaintiffs' counsel instructed Mr. Brickell not to answer inquiries into this determination. Plaintiffs' counsel now contends that the Declaration (signed under penalty of perjury) "is a bit of an over-statement." Unless the Declaration is withdrawn, Marriott requests full discovery (including documents and his resumed deposition) into his determination of class scope.

Marriott's Responses to Plaintiffs' Allegations of Marriott's Discovery Deficiencies:

(1) *Alleged Missing Data*: Marriott has produced 2007 guest data for the Courtyard and the Renaissance Moscow. Marriott produced the Courtyard data on December 19, 2007 (notwithstanding that the Courtyard ceased quoting room prices in U.S. dollars in 2006) and the Renaissance Moscow data through April 2007 on August 2, 2007. On February 27, 2008, Plaintiffs' requested the remainder of such data for 2007; Marriott will produce that data in 1 week.

Plaintiffs also allege that Marriott has not produced other guest data based on a purported comparison of "check out events" to "occupancy rates." Marriott presumes that Plaintiffs' comparison is based on MRDW guest data, which does not include data for guests who contacted the hotels directly to make reservations. Only the hotels' property management systems ("PMSs") contain such data. Marriott cannot produce PMS data for the franchised hotels because the data is the hotels' property, and they do not consent to provide that information for this lawsuit.

(2) *Hotel Exchange Rates*: Plaintiffs complain that Marriott has not produced hotel exchange rates for the franchised hotels. Marriott was only able to produce this information for the managed hotels by asking Marriott employees at those managed hotels to compile the information. Marriott does not have possession, custody, or control of hotel exchange rate information for the franchised hotels.

(3) *OSCAR Screens*: Plaintiffs have requested archived OSCAR screens, which are one-page summaries of each guest's reservation details. Pursuant to an August 1, 2000 MARSHA reference guide, these were available dating to 1991 on "optical storage devices." However, the optical disk was discarded a number of years ago due to mechanical problems.

Today, the immense cost of maintaining Marriott's world-wide OSCAR database requires that data roll off of OSCAR to tape every 16 months. The costs and burdens associated with retrieving archived reservations data from those tape greatly outweighs its possible relevance to Plaintiffs. Marriott's production of guest data (on CD Vols 3, 5-8, and, in a few days, Vol 9), is ample for Plaintiffs' putative class evaluation. If this Court certifies a class for any purpose, Marriott will fulfill its necessary obligations to identify additional class members from the tapes. At this time, however, the cost and burden associated with such production outweighs Plaintiffs' need for the information.