UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRITT A. SHAW, et al. )<br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>MARRIOTT INTERNATIONAL, INC. )<br>)<br>Defendant. )<br>_____) | Civil Action No. 05-1138 (GK)<br>(Pretrial conference: April 14, 2008) |

JOINT MOTION FOR CONTINUANCE
OF APRIL 14, 2008 PRETRIAL CONFERENCE AND
APRIL 28, 2008 STATUS CONFERENCE, AND
DEFENDANT'S MOTION FOR CONTINUANCE
OF MAY 1, 2008 DISPOSITIVE MOTIONS DEADLINE

Pursuant to LCvR 16.4 and the Court's March 15, 2007 Scheduling Order, the parties respectfully submit this Joint Motion for Continuance of the April 14, 2008 Pretrial Conference and of the April 28, 2008 Status Conference; and Defendant Marriott respectfully submits this Motion for Continuance of the May 1, 2008 Dispositive Motions Deadline, and state as follows.

**Joint Motion for Continuance of the April 14, 2008 Pretrial Conference
and of the April 28, 2008 Status Conference**

1.  On September 7, 2007, this Court granted the parties' Joint Motion for Second Amended Scheduling Order. In the Court's September 7, 2007 Order, the Court scheduled a Pretrial Conference for April 14, 2008, which was four months after the December 14, 2007 discovery cutoff established in that same order.

2.   On October 31, 2007, the Court granted the parties' Joint Motion for Third Amended Scheduling Order. The Third Amended Scheduling Order set deadlines dating from a triggering event, which is service of Plaintiffs' written responses to discovery requests and corresponding production of documents. Plaintiffs effected service of these items on January 2, 2008. Thus, under the Third Amended Scheduling Order, the discovery cutoff date was set for April 1, 2008 (90 days after service). However, the Court's October 31, 2007 Order did not change the Pretrial Conference date.

3.   The April 14, 2008 Pretrial Conference date was intended to be four months after the close of discovery and on the eve of trial. The parties respectfully request that the Court reset the Pretrial Conference to a date after August 1, 2008, which would be four months from the current discovery cutoff.

4.   On December 28, this Court granted the parties' Joint Motion for Continuance of the January 3, 2008 Status Conference, continuing the January 3, 2008 Status Conference to April 28, 2008.

5.   The purpose of the April 28, 2008 Status Conference was to "advise the Court of the expected length of trial and the number of fact and expert witnesses that party will present." March 15, 2007 Scheduling Order ¶ 2. Thus, it appears that, in setting a status conference for April 28, 2008, the Court contemplated that all discovery would be complete, all class certification issues and dispositive motions would be fully briefed, and the case would be ready for trial.

6.   In the Joint Status Report filed March 28, 2008, Plaintiffs advised that they intend to seek a brief extension of the April 1, 2008 discovery cutoff for the purpose of enforcing subpoenas previously served upon the management companies for the three franchised hotels,

BALT2\4363113.2

who are not parties to this litigation, and Marriott agreed not to object to Plaintiffs' request for an extension of the discovery deadline for this specific purpose.

7.  For these reasons, certain of the anticipated conditions for the April 28, 2008 Status Conference will not be satisfied by that date. Discovery will not be closed and dispositive motions will not be fully briefed. As such, the parties respectfully suggest that proceeding with the status conference on April 28, 2008 would not be an efficient or productive use of the Court's time.

8.  Additionally, the parties have moved forward with ADR proceedings. The parties have jointly retained a mediator from JAMS in Washington, D.C. and held a preliminary conference with the mediator on April 2, 2008 to agree upon mediation procedure. In the next week, the parties will submit case materials to the mediator, and on April 18, 2008 each party will submit a confidential mediation statement. The mediation is scheduled to be held on May 7, 2008.

9.  In light of these circumstances, the parties respectfully request that this Court continue the April 28, 2008 Status Conference until a date after June 28, 2008. By that date, discovery will have closed and, if the parties have not resolved the claims in mediation, they will be in a position to discuss the expected length of trial and the number of fact and expert witnesses the parties will present, consistent with the Court's purpose in holding such a status conference.

**Defendant's Motion for Continuance
of the May 1, 2008 Dispositive Motions Deadline**

10. On October 31, 2007, the Court granted the parties' Joint Motion for Third Amended Scheduling Order. The Third Amended Scheduling Order set deadlines dating from a triggering event, which was service of Plaintiffs' written responses to discovery requests and corresponding production of documents. Plaintiffs effected service of these items on January 2, 2008. Thus, under the Third Amended Scheduling Order, the dispositive motions deadline was set for May 1, 2008 (120 days after service).

11. In this Court's October 31, 2007 Order, the dispositive motions deadline was set for 30 days after the discovery cutoff. Thus, the Court contemplated that all discovery would be complete one month prior to the dispositive motions deadline.

12. However, as noted above, Plaintiffs intend to seek an extension of the discovery cutoff to conduct third-party discovery. Thus, if the current May 1, 2008 deadline is not changed, the Court's intention of having dispositive motions filed one month after the close of discovery will be frustrated.

13. As separate grounds for this request, as noted above the parties will be engaging in preparation for mediation during April, including briefing, and will participate in mediation on May 7, 2008. Defendant Marriott contends that it would be most efficient and cost-effective to move the dispositive motions deadline back one month from May 1, 2008 to June 2, 2008, so that the parties will not be required to expend the time and money preparing summary judgment motions if the mediation is successful. This requested one-month postponement will not prejudice Plaintiffs (particularly so in light of their intention to seek a discovery cutoff extension) and will promote efficiency in this litigation.

14. For these reasons, Marriott respectfully requests that the dispositive motions deadline be postponed one month from May 1, 2008 to June 2, 2008.

15. Marriott asked plaintiffs to join in its request to extend the dispositive motions deadline. Plaintiffs refused to do so, stating the following reasons: "The plaintiffs believe that a prerequisite for effective mediation is each side being confronted with the weaknesses of their own positions, and the strengths of their adversary's positions. The plaintiffs thus believe that the ADR process, the interests of both parties, and those of the Court, are best served by the pre-mediation filing of dispositive motions. If there is work to be saved in anticipation of settlement, it is in the extending of the deadlines for briefs in opposition and reply briefs, but the plaintiffs believe the motions should be on file before the May 7, 2008 mediation. The plaintiffs do not believe that it is necessary to complete the additional discovery, to enforce subpoenas to obtain guest stay data and other records from the three Russian hotels franchised by Marriott, to establish the basis for the dispositive motion they are contemplating. Thus, while the plaintiffs join in the request to change the dates for the status and pretrial conferences, they oppose the change in the deadline for dispositive motions."

16. Marriott believes Plaintiffs' refusal is unreasonable and unjustified for three reasons. First, Marriott has no way at this time to determine whether the extra discovery against third parties which Plaintiffs intend to seek will affect its dispositive motions. Although Plaintiffs apparently believe the discovery they intend to obtain will not affect dispositive motions filed by Plaintiffs, such discovery may be significant to dispositive motions contemplated by Marriott, and Marriott will not know that until the discovery is provided. Marriott consented to Plaintiffs' request for a discovery deadline extension to obtain this discovery, and now Plaintiffs want to exploit this extension to their benefit.

BALT2\4363113.2

17. Second, Plaintiffs' refusal is inconsistent with their prior position in which they insisted that the class certification issue be <u>fully</u> briefed before they would engage in mediation. This position, to which Marriott acquiesced, ultimately held up the parties' pursuit of mediation for six months—from November 2007 to May 2008—so that the class certification issue could be fully briefed. Now, however, Plaintiffs believe that, with regard to dispositive motions, only partial briefing (i.e. opening motions) should be filed in advance of the mediation. Plaintiffs' positions are thus inconsistent and nothing more than self-serving.

18. Third, as a practical matter, if the dispositive motions deadline is not extended, the mediation will occur after opening briefs are filed but before oppositions to those briefs are filed. This awkward posture puts Marriott at a disadvantage, particularly where, as Plaintiffs suggest above, they may seek leave to extend the deadline for their opposition to Marriott's dispositive motion depending on how the mediation is progressing. This result would be fundamentally unfair to Marriott.

19. A proposed order is attached hereto.

Respectfully submitted,

Counsel for Plaintiffs:

_____/s/_____
Paul D. Cullen Sr
Randall S. Herrick-Stare
Joyce E. Mayers
Amy M. Lloyd
The Cullen Law Firm
1101 30th St., NW, Suite 300
Washington, D.C. 20007
Phone: 202-944-8600
Facsimile: 202-944-8611

Counsel for Defendant Marriott International, Inc.:

_____/s/_____
Joel Dewey
Holly Drumheller Butler
Sonia Cho
Jennifer Skaggs
DLA Piper US LLP
6225 Smith Avenue
Baltimore, MD 21209-3600
Phone: 410-580-3000
Facsimile: 410-580-3001

BALT2\4363113.2

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRITT A. SHAW, et al.<br><br>Plaintiffs,<br><br>v.<br><br>MARRIOTT INTERNATIONAL, INC.<br><br>Defendant. | )<br>)<br>)<br>)<br>)   Civil Action No. 05-1138 (GK)<br>)<br>)<br>)<br>)<br>) |

PROPOSED ORDER CONTINUING<br>APRIL 14, 2008 PRETRIAL CONFERENCE,<br>APRIL 28, 2008 STATUS CONFERENCE, AND<br>MAY 1, 2008 DISPOSITIVE MOTIONS DEADLINE

Upon consideration of the parties' Joint Motion for Continuance of the April 14, 2008 Pretrial Conference, the Court hereby **GRANTS** the motion as submitted.

It is hereby **ORDERED** that the April 14, 2008 Pretrial Conference shall be continued until _____, 2008.

Upon consideration of the parties' Joint Motion for Continuance of the April 28, 2008 Status Conference, the Court hereby **GRANTS** the motion as submitted.

It is hereby **ORDERED** that the April 28, 2008 Status Conference shall be continued until _____, 2008.

Upon consideration of the Defendant's Motion for Continuance of the May 1, 2008 Dispositive Motions Deadline, the Court hereby **GRANTS/DENIES** the motion as submitted.

[If motion is GRANTED] It is hereby **ORDERED** that the May 1, 2008 Dispositive Motions Deadline shall be continued until _____, 2008.

Dated: _____

_____
Gladys Kessler
United States District Court Judge