## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

BRITT A. SHAW, *et al.*          )
                           )
                           )
      Plaintiffs,         )
                           )      Civil Action No. 05-1138 (GK)
v.                         )      Pretrial Conference – 4/14/08
                           )
MARRIOTT INTERNATIONAL, INC.    )
                           )
      Defendant.        )
                           )

## MOTION TO STRIKE DECLARATIONS OF TIMOTHY BRICKELL OR, IN THE ALTERNATIVE, TO COMPEL DISCOVERY

Marriott International, Inc. ("Marriott"), by its attorneys, hereby moves this Court pursuant to Fed.R.Civ.P. 37(a-c) to strike the three Declarations of Timothy Brickell ("Brickell") submitted by Plaintiffs, or in the alternative, to compel full and complete expert discovery from Plaintiffs concerning Brickell's opinions, including a full Fed.R.Civ.P. 26(a)(2) disclosure and a full deposition with production of Brickell's entire file, and as grounds therefore states:

1.      Pursuant to this Court's September 7, 2007 Scheduling Order and docket entry, Plaintiffs were required to file Fed.R.Civ.P. 26(a)(2) expert disclosures by October 1, 2007. Plaintiffs filed no such disclosures and have named no experts in this case.

2.      On October 5, 2007, Plaintiffs filed their Motion for Class Certification in support of which they attached a Declaration by Brickell in which he had analyzed data and provided opinions including the opinion as to the number of "guest stays which fit within the class definition." When Marriott took the deposition of Brickell to discover the work he had done in this case, his opinions and the basis therefore, Plaintiffs repeatedly instructed Brickell not to

answer questions, claiming work product privilege, and claiming Brickell was not an expert. For example, at pp. 143-144 Brickell was asked "[I]n drafting your declaration, was the purpose to identify the number of guests who met the class criteria?"; he was instructed not to answer by Plaintiffs' counsel.

3.    On March 31, 2008, accompanying their Reply Memorandum in Support of Class Certification, Plaintiffs filed two additional Declarations from Brickell, each of which provides additional opinions including computer analysis and manipulation of electronic data provided by Marriott in discovery.

4.    Thus, in his three Declarations, Brickell has stated conclusions as to the number of guest stays at the Marriott Russian Hotels during specified time frames, the number of guests at the Marriott Russian Hotels with a Washington, D.C. address, and the number of guest stays with "an estimated accumulated markup that exceeds $1,500." His conclusions were not reached merely by counting spreadsheet entries. Rather, as explained in his Declarations, Brickell utilized a database management software beyond the skill set of a lay witness; analyzed and "stud[ied] the MRDW data and other available information;" developed multi-field queries to search the databases, created calculation fields "concatenating the values" to establish unique identifiers; and developed equations based on his independent judgment as to the contents and value of the fields to reach his conclusions. Such analysis clearly constitutes an attempt to present an expert opinion based on specialized technical knowledge.

5.    Fed.R.Civ.P 37(a)(3)(A) provides that if a party fails to make a disclosure required by Rule 26(a), this Court may impose appropriate sanctions. Fed.R.Civ.P. 37(c)(1) provides in pertinent part that "[I]f a party fails to provide information or identify a witness as

required by Rule 26 (a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing or at a trial…."

6.      The three Brickell Declarations should be stricken for three reasons.  First, the content of Brickell's Declarations clearly demonstrates that he is offering expert opinions in this case.  Because Plaintiffs failed to file any Fed.R.Civ.P. 26(a)(2) disclosure on October 1, 2007 as required by this Court's Scheduling Orders, the Brickell Declarations should be stricken as a sanction pursuant to Fed.R.Civ.P. 37 (a-c).

7.      Second, Plaintiffs have rejected the opportunities provided by Marriott to cure Plaintiffs' failure to file their Fed.R.Civ.P. 26(a)(2) disclosures.  Since it was obvious that Brickell was offering expert opinions, Marriott attempted to obtain discovery of Brickell's opinions and the basis therefore by taking his deposition.  However, Plaintiffs repeatedly instructed Brickell not to answer deposition questions concerning his opinions, improperly limited the scope of his testimony and withheld much of Brickell's file on the grounds of work product privilege.  As an expert whose opinions will be presented at trial, the work product privilege does not apply to Brickell's work in this case, his opinions and the basis therefore, or to his file materials;  Plaintiffs' conduct in instructing Brickell not to answer and in withholding these discoverable materials was improper and warrants, at least, the sanction of exclusion of the Brickell Declarations pursuant to Fed.R.Civ.P. 37(a).

8.      Third, Plaintiffs contend that Brickell is not an expert.  If Brickell is not being proffered as expert, then pursuant to Fed.R.Evid. 701 he may not express opinions which are based on "scientific, technical or other specialized knowledge."  Because the Declarations each contain expert opinions based on Brickell's specialized technical knowledge and his self-professed "unique set of skills" that "most don't have," they are inadmissible under Fed.R.Evid.

701 as improper lay opinion testimony, and also are not admissible as summaries under Fed.R.Evid. 1006.

9.     In the alternative, if the Court finds that Brickell has offered an expert opinion and declines to exercise its discretion to exclude the Brickell Declarations, Marriott requests that the Court order Plaintiffs pursuant to Fed.R.Civ.P. 37(a) to produce a complete Fed.R.Civ.P. 26(a)(2) disclosure for Brickell, and further order that Plaintiffs produce Brickell for deposition at which time Brickell will be deposed on the full extent of his work on this case, including all of his analysis, opinions and the basis therefore, regardless of whether the analysis is referenced in his Declarations; that Brickell shall produce his entire file on this case; and that Plaintiffs will be barred from making any assertion of attorney client or work product privilege concerning Brickell's work in this case, his opinions and the basis therefor, or concerning any documents in Brickell's file.  Marriott further requests that if Brickell's declarations are not stricken, then Marriott be allowed thirty days after taking Brickell's deposition to file a Fed.R.Civ.P. 26(a)(2) expert disclosure.

Respectfully submitted,

Dated:  April 4, 2008

/s/ Joel Dewey
Joel Dewey (Bar No. 358175)
Holly Drumheller Butler  (Bar No. 459681)
Sonia Cho (Bar No. MD26995)
Jennifer Skaggs (Bar No. 500014)
DLA Piper US LLP
6225 Smith Avenue
Baltimore, Maryland 21209
410-580-3000
410-580-3001 (facsimile)
*Attorneys for Defendant*
*Marriott International, Inc.*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

BRITT A. SHAW, *et al.*           )
                                      )
                                      )
        Plaintiffs,           )
                                        )      Civil Action No. 05-1138 (GK)
v.                             )      Pretrial Conference – 4/14/08
                                        )
MARRIOTT INTERNATIONAL, INC.  )
                                      )
        Defendant.          )
_____)

## MEMORANDUM IN SUPPORT OF MOTION TO STRIKE DECLARATIONS OF TIMOTHY BRICKELL OR, IN THE ALTERNATIVE, TO COMPEL DISCOVERY

Marriott International, Inc. ("Marriott"), by its attorneys, hereby submits its Memorandum in support of its Motion to Strike Declarations of Timothy Brickell ("Brickell") or, in the Alternative, to Compel Discovery.

## STATEMENT OF FACTS

### I. Procedural History

The original Complaint in this case was filed on May 13, 2005. On September 30, 2005, Marriott submitted its first set of Interrogatories to putative class representatives Shaw, Charness and Paliashvilli. On November 14, 2005, those three class representatives served their answers; each of them answered Interrogatory 2 as follows: "Plaintiff has not identified experts that Plaintiff intends to call as witnesses at trial in this matter. Plaintiff will supplement this response and provide expert disclosures as provided by the Federal Rules of Civil Procedure, the Court's Local Rules and any applicable scheduling order." Shaw, Charness, Paliashvili Int. Ans. 2, attached as Ex. 1.

On September 7, 2007, this Court's Order and docket entry provided that Plaintiffs' Fed.R.Civ.P. 26(a)(2) disclosures were due to be filed on or before October 1, 2007. 9/7/07 Order and Docket Entry attached as Ex. 2. Plaintiffs have not filed a Fed.R.Civ.P. 26(a)(2) disclosure for any expert in this case.

On October 5, 2007, Plaintiffs filed their Motion for Class Certification. In the Memorandum in Support of their Motion for Class Certification, Plaintiffs asserted: "Based upon *an analysis of data* produced to date by Marriott for the seven Marriott Russian hotel properties, there are no less than 110,522 guest stays which fit within the class definition." Memo attached as Exhibit 3, at p. 11 (emphasis supplied). The only support referenced for this assertion was the first Declaration of Mr. Timothy Brickell dated October 5, 2007, attached as Ex. 21 to Plaintiffs' Memorandum. First Brickell Declaration attached as Ex. 4.

Because Brickell expressed expert opinions relating to class size and, by extension, damages upon which Plaintiffs were relying in support of class certification, Marriott requested an opportunity to take expert discovery of Brickell. Brickell Dep. Notice attached as Ex. 5. Plaintiffs produced Brickell for a deposition on January 18, 2008. During this brief deposition, Plaintiffs' counsel instructed Brickell not to answer 36 questions on grounds of work product privilege. Included in these were questions that sought to discover all the work and analysis done by Brickell and all of his opinions and the basis therefore. Marriott is entitled to understand the methodology and assumptions used by Brickell to reach his conclusions. These unanswered questions included but were not limited to: Brickell's understanding of the class definition; the number of guests included within his calculation of guest stays; the number of repeat guests included within his calculation of guest stays; and the number of guest stays included in his

calculation that were billed using currency units.   Brickell Dep. at 135, 137, 139, 144-45, attached as Ex. 6.

In addition to restricting Brickell's deposition testimony, Plaintiffs refused to produce documents requested in the *duces tecum*, including: copies of any notes or memoranda made by Brickell or provided to him which relate or refer to the Plaintiffs, the Plaintiffs' damages or any other matters relating to this litigation; any documents prepared by him or provided to him which refer or relate to the Plaintiffs, the Plaintiffs' damages or any other matters relating to this litigation; all documents prepared by Brickell which illustrate or demonstrate any fact or opinion considered relevant to this litigation and/or to his assignment, investigation or opinions; all invoices or bills for services rendered by him in connection with this litigation; and complete copies of any files maintained by him referring or relating to this lawsuit.   Rather than abide by Marriott's properly drawn document requests, counsel opted to produce only a few documents, and otherwise instructed Brickell not to produce the requested documents.  *Id.* at 5-9, 17-18, 22-23, 24-25, 30-33, 80, 116, 149-150.

On February 12, 2008, Marriott outlined the above arguments to Plaintiffs in a "meet and confer" letter relating to, among other issues, the Brickell deposition.  2/12/08 Letter attached as Ex. 7.  On March 3, 2008, Plaintiffs responded, refusing to produce any supplemental discovery regarding Brickell.  3/3/08 Letter attached as Ex. 8.

On March 13, 2008, the Court directed the parties to file a Joint Status Report detailing all outstanding discovery disputes by March 18, 2008.  The parties timely filed the Joint Status Report, in which Marriott sought full expert discovery of Brickell's opinions and analysis; Plaintiffs claimed that discovery of Brickell should be limited to only those matters expressed in his first Declaration.

On March 31, 2008, Plaintiffs filed their Reply Brief in Support of their Motion for Class Certification. Plaintiffs attached two additional Declarations from Brickell, both of which are dated March 31, 2008. Second and Third Declarations of Brickell, attached as Exs. 9 and 10. These Declarations were provided to Marriott's counsel on April 2, 2008, the day after the April 1, 2008 discovery cutoff in this case.

After receiving the second and third Brickell Declarations, Marriott's counsel met and conferred with Plaintiffs' counsel by telephone and email, but no agreement was reached as to Brickell's offer of expert opinions and the scope of supplemental discovery into his opinions. Marriott requested full expert discovery of Brickell; Plaintiffs continued to claim that Brickell is not offering expert opinions and that, if he is an expert, discovery should be limited to only those opinions expressed in his Declarations. 4/3/08 Emails attached as Ex. 11.

## II. Brickell's Expert Analysis and Opinions Stated in His Three Declarations

In three separate Declarations, Brickell has stated conclusions as to the number of guest stays at the Marriott Russian Hotels during specified time frames, the number of guests at the Marriott Russian Hotels with a Washington, D.C. address, and the number of guest stays with "an estimated accumulated markup that exceeds $1,500." Plaintiffs have asserted that Brickell merely provided a Fed.R.Evid. 1006 "tally" of database entries. This is not the case. *See infra.* at p. 12. Brickell's conclusions were not reached merely by counting spreadsheet entries. Rather, as explained in his Declarations, Brickell utilized database management software to conduct an independent analysis of Marriott's hotel guest database. Contrary to Plaintiffs' assertions, Brickell's analysis goes well beyond a mere tally of spreadsheet figures and relies on skill sets beyond that of a lay witness. His analysis includes independent assessments and

valuations of the data fields and manipulation of the data contained therein to reach his conclusions.

For example, Brickell did not simply add numbers in a database column. He used specialized technical knowledge combined with his independent judgment to synthesize information by linking the values to establish unique identifiers and by creating calculation fields. Second Brickell Dec., Ex. 9, ¶ 11 ("I then performed a query using a field I created concatenating the values populating the Guest Key field, the Confirmation Number field and the Check-out date field. By combining data from three separate fields into one field, I had a unique record identifier."). He developed multi-field queries to search the databases. *Id.* at ¶¶ 11, 21, 22. He independently evaluated the database fields to determine which he deemed relevant for purposes of his analysis. *See id.*, ¶ 22 ("It can be observed . . . that there are two values that appear to represent reservations made directly with the hotel property . . . .").

Moreover, the scope of work Brickell was requested to perform by Plaintiffs' counsel confirms that he is being relied upon for his purported expertise. Among other things, Brickell was requested by Plaintiffs' counsel "to determine the number of records or observations that have an estimated accumulated markup that exceeds $1,500." Third Brickell Dec., Ex. 10, ¶ 4. There is no database field that identifies whether the cost of a guest stay did or did not meet this threshold amount. Rather, Brickell developed equations based on his independent judgment as to the contents and value of the fields to reach his conclusions. Specifically, "[a]fter studying the MRDW data and other available information, [he] concluded that calculating an accumulated markup requires the multiplication of four factors: the room rate ("RR"), the length of the stay ("Days"), the exchange rate markup ("Markup") and an added 18% tax, (e.g. RR x Days x Markup x 1.18)." *Id.*, ¶ 5. Only the room rate and length of stay information is included in the

guest data that Brickell was to hired to analyze; the remainder of data was extrapolated from Brickell's assumptions based on his review of hotel bills and other reports produced by Marriott in discovery. *Id.*, ¶¶ 5-16.

## ARGUMENT

I.    **The Brickell Declarations Should Be Excluded Because Plaintiffs Failed to Comply with Expert Disclosure and Discovery.**

Committee Notes to the 2000 amendments to the Federal Rules of Evidence discussed the unacceptable practice of parties attempting to smuggle expert testimony into a case without complying with Rule 26 expert disclosure requirements by characterizing the testimony as lay testimony. The Committee noted that, by requiring <u>all</u> opinions based on scientific, technical or specialized knowledge to be treated as expert opinions, "the amendment [] ensures that a party will not evade the expert witness disclosure requirements set forth in Fed.R.Civ.P. 26 ... by simply calling an expert witness under the guise of a layperson." *See* Amendments to Federal Rules of Civil Procedure, Federal Rules of Evidence, Federal Rules of Criminal Procedure and Federal Rules of Bankruptcy Procedure, 2000, 192 F.R.D. 340, 416 (Committee Notes to Amendment of Federal Rule of Evidence 701). Here Plaintiffs are offering expert testimony and characterizing the testimony as lay testimony. They have repeatedly refused to cure this error. Sanctions are thus warranted under Fed.R.Civ.P. 37(a-c).

Pursuant to this Court's September 7, 2007 Order and Docket Entry, Plaintiffs were required to identify all experts and make Fed.R.Civ.P. 26(a)(2) disclosures by October 1, 2007. 9/7/07 Order, Ex. 2. Plaintiffs identified no experts and made no such disclosures by that deadline. Plaintiffs had an additional seven months during discovery and still did not identify experts or make any Fed.R.Civ.P. 26(a)(2) disclosures for Brickell or anyone else prior to the April 1, 2008 discovery cutoff.

Because Plaintiffs are relying on the expert opinion testimony offered by the three Brickell Declarations, Plaintiffs were required by this Court's discovery schedule to provide a Fed.R.Civ.P. 26(a)(2) disclosure of this testimony. Plaintiffs failed to do so, and discovery now is closed.

Fed.R.Civ.P 37(a)(3)(A) provides that if a party fails to make a disclosure required by Rule 26(a), this Court may impose appropriate sanctions. Fed.R.Civ.P. 37(c)(1) provides in pertinent part that "[I]f a party fails to provide information or identify a witness as required by Rule 26 (a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing or at a trial…." Because Plaintiffs failed to comply with the Court's schedule for expert disclosures and have improperly precluded Marriott from obtaining reasonable discovery of Brickell's opinions, the Brickell Declarations should be stricken pursuant to Fed.R.Civ.P. 37 (a-c).

## II.    Plaintiffs' Egregious Conduct In Obstructing Discovery of Brickell Provides A Separate Ground for Striking His Declarations.

Because it was clear that Plaintiffs were attempting to use Brickell as an expert when they filed their original Motion for Class Certification and the first Brickell Declaration, Marriott noticed Brickell's deposition seeking to obtain the appropriate expert discovery. Brickell Dep. Notice attached as Ex. 5. As a witness who presents expert opinion testimony, Brickell is subject to questioning on any work or analysis he did on this particular case for Plaintiffs or Plaintiffs' counsel. *Hager v. Bluefield Regional Med. Ctr.*, 170 F.R.D. 70, 78 (D.D.C. 1997) (reasoning that even where a party names an *attorney* as an expert witness, the witness must produce all documents considered by him or her in the process of formulating the expert opinion, including documents containing opinions because, "in the context of expert witnesses," even the "near

absolute protection given by the courts to opinion work product *must give way* when a litigant puts [the] opinions into direct issue by designating a lawyer as an expert witness") (emphasis added).

Plaintiffs' failure to disclose Brickell as an expert perhaps could have been cured had Plaintiffs permitted discovery of Brickell's work, analysis and opinions. Instead, Plaintiffs improperly instructed Brickell not to answer reasonable deposition questions relating to his analysis and refused to produce the bulk of his expert file. These acts prevented any cure of discovery failures and rendered Brickell's deposition futile.

During Brickell's deposition on January 18, 2008, Plaintiffs' counsel instructed Brickell not to answer on dozens of occasions. Even though the questions focused on the first Brickell Declaration and the expert analysis in that Declaration, Plaintiffs' counsel improperly refused to let Brickell answer. Examples of the types of questions that Brickell was instructed not to answer are as follows:

- Did you analyze the electronic data for purposes other than to understand and to reach an opinion on the scope of the guest stays? (Brickell Dep. , Ex. 6 at 35:20-36:2)

- Did you make any determination as to the number of guests for the time period covered in Exhibit A to your report? (*Id.* at 135:10-12)

- You did not determine the number of guests covered in the data. Is that correct? (*Id.* at 137:1-2)

- Did you make any determination in repeat guests in calculating the number of stays? (*Id.* at 137:14-15)

- Did you make any determination as to the average number of repeat guests? (*Id.* at 137:19-20)

- Did you take into account for guest stays which of the guests were billed in units? (*Id.* at 139:18-19)

- Did you take into account whether any of the guests stayed pursuant to contracts? (*Id.* at 140:3-4)

- Did you take into account whether any of the guest stays were prepaid in dollars? (*Id.* at 140:8-9)

- Did you take into account whether any of the guest stays were pursuant to special rates? (*Id.* at 140:13-15)

- Did you take into account whether any of the guest stays used the Central Bank rate at check-out? (*Id.* at 140:19-21)

- Did you take into account whether if any of the guests in the Marriott data received credits or reimbursements for their stays? (*Id.* at 141:4-6)

- Did you take into account whether if any of the guest stays included in your calculations had their complaints, if any, settled by Marriott? (*Id.* at 141:10-13)

- Did you take into account the disclosures made to the guests, including – included in the Marriott data provided? (*Id.* at 141:17-19)

- Based on your determination that the total guest stays for the seven hotels for the period is approximately $110,000 dollars[sic], did you extrapolate the amount of damages being claimed? (*Id.* at 142:2-5)

- In the course of your conversations and meetings with counsel, were you ever asked to identify the guests who met the class criteria in this case? (*Id.* at 143:12-15)

- In drafting your declaration, was the purpose to identify the number of guests who met the class criteria? (*Id.* at 143:20-144:1)

- In the course of your meetings and conversations with counsel in preparation for drafting your declaration, did you have any discussions about the class definition? (*Id.* at 144:11-14)

- Do you know the class definition being put forward by the Plaintiffs? What's your understanding? (*Id.* at 144:19-145:2)

- In the course of your declaration, and your underlying analysis therefore, did you consider whether a guest stay fell within the proposed class? (*Id.* at 145:18-21)

- Did you make any determination for any of the guest stays as to whether they received a room confirmation? (*Id.* at 146:4-6)

- Did you make any determination for the guest stays as to whether the guest received a room confirmation in dollars? (*Id.* at 146:10-12)

- Have you made any determination as to the guest names that relate to those particular stays? (*Id.* at 146:20-147:1)

These questions are clearly relevant and probative to Plaintiffs' use of the Brickell Declaration in their Class Certification motion: "[B]ased upon an analysis of data produced to date by Marriott for the seven Marriott Russian hotel properties, there are no less than 110,522 guest stays which fit within the class definition." Plaintiffs' counsel's instructions to Brickell not to answer the above questions were patently improper.

In addition to this improper restriction of Brickell's deposition testimony, as discussed above, Plaintiffs refused to produce nearly all the documents requested in the *duces tecum*, including but not limited to Brickell's notes, memos he reviewed or prepared, and even his litigation file that he used on this particular case was withheld by Plaintiffs. *Id.* at 17-18. Despite the properly drawn document requests, Plaintiffs produced only a handful of documents.

This Court has the inherent power to consider the conduct of Plaintiffs' counsel when crafting an appropriate Fed.R.Civ.P. 37(a) sanction for improper conduct during discovery. As shown above, there was no legitimate basis to claim privilege and instruct the witness not to answer, and thus the conduct of Plaintiffs' counsel was improper. For this reason, and because Plaintiffs failed to produce any appropriate expert disclosure discovery, the three Brickell Declarations should be stricken pursuant to Fed.R.Civ.P. 37(a).

### III.    Even if Brickell is Not an Expert, His Three Declarations Should Be Stricken As Impermissible Lay Opinion Testimony.

Plaintiffs claim that Brickell is not testifying as an expert, and therefore the rules regarding discovery of experts should not apply to him. If that is correct, then Brickell's testimony is governed by Fed.R.Evid. 701, which provides:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Thus, Brickell may give opinion testimony under Rule 701 only if that testimony is not based on scientific, technical or other specialized knowledge.

However, the Brickell Declarations clearly show that Brickell offers expert opinions requiring technical or specialized knowledge. As described in the Statement of Facts above, Brickell's Declarations state conclusions as to the number of guest stays at the Marriott Russian Hotels during specified time frames, the number of guests at the Marriott Russian Hotels with a Washington, D.C. address, and the number of guest stays with "an estimated accumulated markup that exceeds $1,500." His conclusions were not merely counting spreadsheet entries. Rather, employing a skill set beyond that of a lay witness, Brickell utilized a database management software to manipulate complex ASCII text files complied in tab delimited format; analyzed and "stud[ied] the MRDW data and other available information;" developed multi-field queries to search the databases, created calculation fields "concatenating the values" to establish unique identifiers; and developed equations based on his independent judgment as to the contents and value of the fields to reach his conclusions. Brickell Declarations, Exs. 4, 9, 10. In fact, Brickell construes himself as an expert with regard to such data management, as it requires a

"unique set of skills that while may be common among some people, most don't have." Brickell Dep., Ex. 6 at 90. These opinions clearly exceed what is permissible under Fed.R.Evid 701 as lay opinions, and therefore pursuant to that rule, Brickell's opinions must be excluded.

Plaintiffs' "meet and confer" arguments that Brickell is not an expert and that his analysis falls within Fed.R.Evid 1006 as a "tally" of data are likewise misplaced. If Brickell is not an expert, then the expert opinions described above which he purports to give are speculative, have no relevance to this litigation, and should be excluded. Fed.R.Evid. Rule 402. Furthermore, Brickell's analysis goes well beyond merely summarizing voluminous information in a chart for the convenience of the Court, as contemplated by Fed.R.Evid. 1006. What Plaintiffs are attempting to do is present Fed.R.Evid 702 expert testimony under the guise of "summary" evidence, which is not permitted by Fed.R.Evid 1006. *U.S. v. Hart*, 295 F.3d 451, 458-459 (5th Cir. 2002) (where government failed to designate any expert witnesses, "easily could have designated an expert witness for [proving an element of its case], but elected not to do so", and "attempted to prove this crucial element through admission of a 'summary' chart," trial court's admission of "summary" testimony under Fed.R.Civ.P. 1006 was reversible error).[1]

---

[1] Fed.R.Evid 1006 permits the introduction of voluminous evidence by a sponsoring witness through a "summary" document, but to the extent that such a presentation contains opinion testimony, then the additional requirements of either Fed.R.Evid. 701 (lay witness opinion) or Fed.R.Evid. 702 (expert witness opinion) must also be satisfied. That is, Fed.R.Evid. 1006 does not allow circumvention of the foundational requirements of Fed.R.Evid. 701 and 702. *State Office Systems, Inc. v. Olivetti Corp. of Am.*, 762 F.2d 843, 845-46 (10th. Cir. 1985). As previously explained, Brickell's opinions are not those of a lay witness, as they require specialized knowledge beyond that of a lay person, and thus are not admissible under Fed.R.Evid. 701. Thus, for Brickell's opinions to be admitted as a summary document under Fed.R.Evid. 1006, the requirements for Fed.R.Evid. 702 for expert opinions must be met.

IV.    **In the Alternative, This Court Should Order Full Expert Discovery.**

Assuming *arguendo* that the Court determines that Plaintiffs' failure to disclose Brickell as an expert and their improper instructions that Brickell not answer deposition questions, collectively, do not warrant the striking of the three Brickell Declarations, Marriott requests that this Court allow Marriott an opportunity to obtain full and complete expert discovery of Brickell. Marriott submits that this discovery should include all Fed.R.Civ.P. 26(a)(2) information for Brickell and a deposition of Brickell at which time his entire file should be produced, without any redactions or withheld documents; Marriott should be afforded an opportunity to examine Brickell on all work he has done in this case, and examine him on all his opinions and the basis therefore.

The Court should further order that at deposition, Plaintiffs may not instruct Brickell not to answer a question on the grounds of the attorney product or work client privilege, for two reasons. First, because Brickell is a testifying expert, these privileges should not apply to the work he did on this case. *Hager*, 170 F.R.D. at 78; *see also Karn v. Rand*, 168 F.R.D. 633, 639-40 (N.D. Ind. 1996) (holding that Rule 26 "requires disclosure of any information considered by a testifying expert in reaching his or her opinion, which means anything reviewed by an expert who will testify, including written or oral lawyer-expert communications, even though such information may constitute work product"); *Musselman v. Phillips,* 176 F.R.D. 194 (D. Md. 1997) (same) (citing 8 Charles A. Wright, Arthur R. Miller, & Richard L. Marcus, *Federal Practice & Procedure* § 2016.2 (1994)).  Second, this restriction is an appropriate sanction for Plaintiffs' failure to properly disclose Brickell as an expert and the unjustified instructions not to answer given by Plaintiffs' counsel at Brickell's first deposition.

Plaintiffs have argued in "meet and confer" exchanges that if discovery of Brickell is to occur, it should be limited only to those opinions contained in his Declarations, and that any opinions or analysis not expressly stated in his Declarations is protected from discovery under the consulting expert privilege of Fed.R.Civ.P. 26(b)(4). Plaintiffs are wrong. Once Plaintiffs choose to present Brickell's opinions and use them in the case, then he is subject to full expert discovery as to all work he did on this case. *Hager*, 170 F.R.D. at 78. It would be unfair and completely thwart the purpose of Rule 26(b) for Plaintiffs to work with Brickell to develop his analysis and opinions, but then present only some of those opinions and claim all the other opinions and analysis is privileged. An order of the Court is necessary because Plaintiffs have made clear that, if this Court does not sanction Plaintiffs for their improper conduct at Brickell's first deposition, there will be a repeat of the improper instructions not to answer at any future deposition.

Marriott further requests that the Court order that Marriott has the right within thirty days of the completion of Brickell's deposition to serve a Fed.R.Civ.P. 26(a)(2) disclosure naming expert(s) to respond to Brickell's opinions. Fundamental fairness requires, in a situation where Plaintiffs did not disclose Brickell's opinions until after the discovery cutoff, that Marriott not only have a reasonable opportunity to discovery Brickell's opinions through deposition, but that it also have the right to evaluate those opinions and present experts, if necessary, to respond to Brickell's opinions.

## CONCLUSION

For all these reasons, Marriott respectfully requests that this Court strike the three Brickell Declarations (Exhibits 21, 36 and 40 to Plaintiffs' Class Certification Memorandum and Reply Brief) pursuant to Fed.R.Civ.P. 37(a-c). In the alternative, Marriott respectfully requests that the Court order Plaintiffs to provide full expert discovery for Brickell, including a Fed.R.Civ.P. 26(a)(2) disclosure, production of Brickell's entire file in advance of his deposition, production of Brickell at a deposition during which Plaintiffs will not be able to instruct Brickell to refrain from answering or withhold any documents on grounds of attorney client or work product privilege, and that Marriott has the right within thirty days of the completion of Brickell's deposition to serve a Fed.R.Civ.P. 26(a)(2) disclosure naming expert(s) to respond to Brickell's opinions.

Respectfully submitted,

Dated:  April 4, 2008

_/s/ Joel Dewey_____
Joel Dewey (Bar No. 358175)
Holly Drumheller Butler  (Bar No. 459681)
Sonia Cho (Bar No. MD26995)
Jennifer Skaggs (Bar No. 500014)
DLA Piper US LLP
6225 Smith Avenue
Baltimore, Maryland 21209
410-580-3000
410-580-3001 (facsimile)
*Attorneys for Defendant*
*Marriott International, Inc.*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRITT A. SHAW, *et al.* | ) |
| | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Civil Action No. 05-1138 (GK) |
| v. | ) Pretrial Conference – 4/14/08 |
| | ) |
| MARRIOTT INTERNATIONAL, INC. | ) |
| | ) |
| Defendant. | ) |
| | ) |

## <u>ORDER</u>

Upon consideration of Marriott's Motion To Strike Declarations Of Timothy Brickell Or, In The Alternative, To Compel Discovery, the Court hereby **GRANTS** the motion as submitted.

It is hereby **ORDERED** that the three Declarations of Timothy Brickell (Exhibits 21, 36 and 40 to Plaintiffs' Memorandum in Support of Motion for Class Certification and Plaintiffs' Reply Brief in support of class certification) are stricken from the record in this case.

[*in the alternative*] It is hereby **ORDERED** that Plaintiffs shall produce a complete Fed.R.Civ.P. 26(a)(2) disclosure for Brickell, and that Plaintiffs shall produce Brickell for deposition at which time Brickell shall produce his entire file on this case and Brickell will be deposed on the full extent of his work on this case, including all of his analysis, opinions and the basis therefore, regardless of whether the analysis is referenced in his Declarations; Plaintiffs are barred from making any assertion of attorney client or work product privilege concerning Brickell's work in this case, his opinions and the basis therefor, or concerning any documents reviewed, generated or gathered by Brickell as part of his work on this case. Marriott has the

right within thirty days of the completion of Brickell's deposition to serve a Fed.R.Civ.P. 26(a)(2) disclosure.

Date: _____          _____

                                         Magistrate Judge Deborah Robinson