# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Civil Action No: _____

SUBPOENA ISSUED IN SERVICE OF:

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRITT A. SHAW, *et al.* )<br>    Plaintiffs, )<br>v. )<br> )<br>MARRIOTT INTERNATIONAL, INC. )<br>    Defendant )<br> )<br> ) | Civil Action No. 05-1138 (GK) |

SUBPOENA TO INTERSTATE HOTELS CORPORATION TO PRODUCE DOCUMENTS

To:   **Any Senior Vice President of Interstate Hotels Corporation** (agent for service of process on Interstate Hotels Corporation)

**Foster Plaza Ten**
**680 Andersen Drive,**
**Pittsburgh, PA**

Pursuant to F.R.Civ.P. Rules 45 and 26, in service of the above-captioned case, the custodian(s) of records of Interstate Hotels Corporation is commanded to produce at the offices of:
   A. ADAM DETECTIVE AGENCY, INC.
   514 Springdale Drive
   Pittsburgh, PA. 15235-1810
   (888) 826-3100

on, **Monday, the 20th day of August, 2007, at the hour of 10:00 a.m.** (or at such other time and place as is agreed to between you and the party issuing this subpoena), and permit for review and copying the documents, electronically stored information and things identified in Exhibit A attached to this subpoena. Pursuant to F.R.Civ.P. Rule 45(c)(2), if the documents or

1

electronically stored information, identified in Exhibit A are produced at the time set forth above, or at another agreed upon time, it is not necessary that the custodian personally appear. Pursuant to F.R.Civ.P. Rule 45(d) documents are to be produced "as they are kept in the usual course of business, or (the custodian) shall organize and label them to correspond with the categories" in Exhibit A.

**F.R.Civ.P. Rule 45 Subpoenas** provides in part as follows:
(a) ....
(b) ....
(c) **Protection of Persons Subject to Subpoenas.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) Duties in Responding to Subpoena.**

(1)(A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(1)(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(1)(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(1)(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2)(A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(2)(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before

being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

By: _____
Paul D. Cullen, Sr., Esq.
Randall S. Herrick-Stare, Esq.
Amy M. Lloyd, Esq.
THE CULLEN LAW FIRM, PLLC
1101 30th Street, N.W., Suite 300
Washington, D.C. 20007
Telephone: (202) 944-8600
Facsimile: (202) 944-8611
Counsel for Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that a copy of this SUBPOENA TO INTERSTATE HOTELS CORPORATION COMPANY TO PRODUCE DOCUMENTS has been served by First Class Mail on this 31st day of July, 2007, on:

Benjamin S. Boyd
DLA Piper Rudnick Gray Cary US LLP
1200 19th Street, N.W.
7th floor
Washington, D.C. 20036-2412

Joel A. Dewey
Jeffrey E. Gordon
Sonia Cho
DLA Piper Rudnick Gray Cary US LLP
6225 smith Avenue
Baltimore, MD. 21209

_____

## **EXHIBIT A**

You are commanded to produce the documents (including any electronically stored information) described below at the time and place set forth in the subpoena to which this is attached. Copies may be produced in lieu of originals if the witness is prepared to testify or declare that the copies are true, correct and complete. The following headings are descriptive only, and are not intended to limit the subjects in the numbered requests. You are invited to consult with the attorney issuing the subpoena about how to discharge your obligations under the subpoena with minimal inconvenience to you. In the absence of an agreement, production of the described documents (and information) at the time and place set forth in the subpoena is expected.

As used herein, the phrase Marriott Russian Hotels refers to the following hotels:
a. Moscow Marriott Grand Hotel, 26/1 Tverskaya Street Moscow, 125009;
b. Moscow Marriott Royal Aurora Hotel, Petrovka St. - Bld. 11/20 Moscow, 107031;
c. Moscow Marriott Tverskaya Hotel, 34 1st Tverskaya - Yamskaya Moscow, 125047;
d. Renaissance Moscow Hotel, Olympijskij Prospekt 18/1 Moscow, 129110;
e. Courtyard Moscow City Center, Voznesenskiy Pereulok 7 Moscow, 125009;
f. Renaissance St. Petersburg Baltic Hotel, Pochtamtskaya Str. 4 Saint Petersburg, 190000;
g. Renaissance Samara, Novo-Sadovaya St. 162 'V' Samara, 443011.

It is requested that any electronically stored information be produced in a computer readable format, e.g. Excel spreadsheet format, or comma delimited fields format, on a CD or DVD.

To minimize inconvenience to all, it is requested that any production in response to this subpoena be made not only to the undersigned, but also to opposing counsel:
Mr. Jeffrey E. Gordon
DLA PIPER US, LLP
6225 Smith Avenue
Baltimore, MD 21209
Ph: 410-580-3000.

It is acknowledged that some of the documents or electronically stored files requested may contain sensitive personal information. The following items of information may be redacted or otherwise not produced:
Social security numbers of individuals,
Dates of birth of individuals,
All but the last four digits of any credit card account number,
Evidence of any health-related needs or services.

Documents and information to be produced:

1.  Separately for each stay, of each guest, at the Moscow Marriott Grand Hotel, at any time from January 1, 2002 to the present, all documents (in Excel spreadsheet format or in a format importable into an Excel spreadsheet), evidencing the following information:
    a.  Guest's name,
    b.  Address (complete postal address including number, street, city, state or province, country and postal zone number),
    c.  Phone number,
    d.  Email address,
    e.  Email confirmation of reservation notice,
    f.  Marriott reservation confirmation number,
    g.  Marriott Rewards account number,
    h.  Country issuing the guest's passport,
    i.  Method by which the reservation was made, e.g. over the internet, or by phone call, or by some other means,
    j.  Identify the person or entity making the reservation,
    k.  The date(s) of arrival,
    l.  The date(s) of check-out,
    m.  Daily charge for the room, in dollars and rubles, for each stay,
    n.  Total charge for the room, in dollars and rubles, for each stay.

2.  In Excel spreadsheet format or in a format importable into an Excel spreadsheet, any and all documents, and complete copies of such documents, evidencing any and all reservations, made at any time between January 1, 2002, and the present, of rooms at the Moscow Marriott Grand Hotel. It is preferred that this data be produced in electronic format.

3.  Copies of any and all agreements pursuant to which Interstate Hotels Corporation has managed or operated the Moscow Marriott Grand Hotel, at any time between January 1, 2002, and the present.

4.  The "SOP Manual" given by Marriott International to Interstate Hotels Corporation for its use in operating the Moscow Marriott Grand Hotel.

5.  Copies of any and all communications, at any time between January 1, 2002, and the present, by any managers or employees of either Interstate Hotels Corporation or the Moscow Marriott Grand Hotel to the Marriott "Reservation System" which included statements regarding the room rental rate at the Moscow Marriott Grand Hotel.

6.  Copies of any and all of the regular financial reports to Marriott International for periods between January 1, 2002 and the present regarding the operation of Moscow Marriott Grand Hotel.

7. Copies of any and all agreements, and complete copies of such agreements, between Interstate Hotels Corporation and Marriott International (and perhaps others) which address any of the following:
   a. The dismissal of Marriott International's third party complaint against Interstate Hotels Corporation,
   b. Settlement of the Marriott International's claims against Interstate Hotels Corporation reflected in Marriott International's third party complaint,
   c. Cooperation between Marriott International and Interstate Hotels Corporation regarding the defense of the Plaintiffs' claims in the above-referenced civil action,
   d. An offer of settlement of Marriott International's claims against Interstate Hotels Corporation reflected in Marriott International's third party complaint.