# EXHIBIT B

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRITT A. SHAW, *et al.*

    Plaintiffs,

    vs.

MARRIOTT INTERNATIONAL, INC.

Case No. No. 05-1138 (GK)

## RESPONSES AND OBJECTIONS TO PLAINTIFFS' SUBPOENA TO INTERSTATE HOTELS CORPORATION TO PRODUCE DOCUMENTS

Cecelia L. Fanelli, Esquire
STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY 10038-4982
(212) 806-6158
*Attorneys for Interstate Hotels Corporation*

Interstate Hotels Corporation ("IHC") by its attorneys, Stroock & Stroock & Lavan LLP, objects and responds to Plaintiffs' Subpoena to Interstate Hotels Corporation to Produce Documents ("Subpoena"), dated July 31, 2007, as follows:

## GENERAL OBJECTIONS

1.     Objection is made to this Subpoena on the basis that it has not been served on IHC. IHC responds to the Subpoena subject to and without waiving this objection.

2.     These general objections are made without waiving:  (a) all objections to competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose in any action or proceeding; (b) the right to object to the use of any information that may be produced in any action or subsequent proceeding on any grounds; (c) the right to object on any ground at any time to a demand for further information or other discovery involving or relating to the subject matter of the Subpoena; (d) the right at any time to revise, supplement, clarify, or amend the objections and responses to the Subpoena if further factual developments or analysis warrants a modification, or if additional information is obtained that is properly called for by the Subpoena.

3.     IHC generally objects to the Subpoena to the extent that it seeks information protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or doctrine.  Nothing contained in these objections or the responses to individual Subpoena is intended as, or shall in any way be deemed as, a waiver of any attorney-client privilege, any work product doctrine, or any other applicable privilege or doctrine.  Inadvertent production of any such protected information shall not constitute a waiver of any privilege or any other ground for objection to discovery with respect to such information or any other information, nor shall such inadvertent production waive IHC's right to object to the use of any such information during any action or proceeding.

-1-

4.      IHC generally objects to the definitions and instructions of the Subpoena to the extent that they differ from or purport to impose upon IHC requirements or burdens beyond those required by the Federal Rules of Civil Procedure and/or applicable law.

5.      IHC generally objects to the Subpoena to the extent that it purports to require IHC to provide documents not presently in its possession, custody or control, or to make unreasonable inquiries of other persons or entities.

6.      IHC generally objects to the Subpoena to the extent that it calls for the production of documents prepared in anticipation of litigation.

7.      IHC generally objects to the Subpoena to the extent that it seeks the production of documents that are not reasonably calculated to lead to the discovery of admissible evidence.

8.      IHC generally objects to the Subpoena to the extent that it seeks the production of documents falling outside the period running from May 1, 2002 through May 13, 2005, when on information and belief Marriott International, Inc. ("Marriott International") began listing room rates for its Russian hotels in Rubles on its internet website.

9.      IHC generally objects to the Subpoena to the extent that it purports to require IHC to provide documents that are not relevant to the claims or defenses in the litigation between Plaintiffs and Marriott International (the "Litigation").

10.     IHC generally objects to the Subpoena to the extent that Plaintiffs are judicially estopped from making certain Requests herein, as such Requests contradict the factual assertions and legal arguments based on which Plaintiffs successfully defeated Marriott International's Motion to Dismiss the First Amended Class Action Complaint on the grounds of *forum non conveniens*:  namely, that "[t]his litigation is properly focused, not on the transactions at the Moscow hotels, but on the *representations made by Marriott* to Plaintiffs when they made their

reservations"; that "Marriott's website encourages potential guests to believe that their bills will be converted to rubles at the official exchange rate"; that the litigation "is based on Marriott's policies and practices with respect to its reservations[, which] polices and practices are formulated here, not in Russia"; that "Plaintiffs have made their claims based upon transactions located in this District, not upon 'business transactions in a foreign country,' as claimed by Marriott"; and, therefore, that "[t]he witnesses and evidence related to Marriott's reservations practices and policies are where those practices and policies are formulated, which is likely to be Marriott's headquarters."  Plaintiff's Memorandum of Points and Authorities In Opposition to Defendant's Motion to Dismiss First Amended Class Action Complaint at 9-10 & n.29.

11.     IHC generally objects to the Subpoena on the grounds that it is premature and requests information that the Court's decision on Plaintiffs' motion for class certification may render irrelevant and/or beyond the scope of the case in which this Subpoena has issued.

12.     IHC generally objects to the Subpoena to the extent that it purports to require IHC to produce documents that are in the possession, custody and control of Marriott International, Inc. and/or its counsel.

13.     IHC generally objects to the Subpoena to the extent that it requests documents that Marriott International, Inc. has already produced to Plaintiffs.

14.     IHC generally objects to the Subpoena to the extent that it purports to require IHC to produce documents that are in the possession, custody and control of any of the named plaintiffs and/or their counsel.

15.     IHC generally objects to the Subpoena to the extent that it purports to require IHC to provide documents that are part of the public record.

16.    IHC generally objects to the Subpoena to the extent that it purports to require IHC to provide information in violation of Federal Law of the Russian Federation of 27 July 2006 No. 152-FZ on Personal Data (the "Russian Personal Data Law" or "Law"), violation of which would subject IHC and/or its employees to administrative and criminal penalties.

17.    IHC generally objects to the Subpoena to the extent that any request therein is vague, overly broad, unduly burdensome, irrelevant, duplicative, cumulative, or not reasonably calculated to lead to the discovery of admissible evidence.

18.    IHC objects to the Subpoena to the extent that it purports to seek documents that contain confidential, trade secret, proprietary, competitively sensitive, or other private information on the ground that disclosure of such information is harassing, burdensome, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and would cause IHC irreparable financial and commercial harm.

19.    No objection or lack thereof made in response to the Subpoena should be deemed as a statement by IHC as to the existence or non-existence of any documents requested herein.

20.    IHC incorporates each of the foregoing general objections in each of its Responses to each of the individual Requests in the Subpoena and, where applicable, will state additional specific objections to each individual Request.

## SPECIFIC OBJECTIONS AND RESPONSES

## DOCUMENT REQUEST NO. 1

Separately for each stay, of each guest, at the Moscow Marriott Grand Hotel, at any time from January 1, 2002 to the present, all documents (in Excel spreadsheet format or in a format importable into an Excel spreadsheet), evidencing the following information:

a.    Guest's name,

b.      Address (complete postal address including number, street, city, state or

province, country and postal zone number),

c.      Phone number,

d.      Email address,

e.      Email confirmation of reservation notice,

f.      Marriott reservation confirmation number,

g.      Marriott Rewards account number,

h.      Country issuing the guest's passport,

i.      Method by which the reservation was made, e.g. over the Internet, or by

phone call, or by some other means,

j.      Identify the person or entity making the reservation,

k.      The date(s) of arrival,

l.      The date(s) of checkout,

m.      Daily charge for the room, in dollars and rubles, for each stay,

n.      Total charge for the room, in dollars and rubles, for each stay.

## RESPONSE TO DOCUMENT REQUEST NO. 1

Without waiving any of IHC's general objections, and expressly incorporating them as if

fully restated herein, IHC specifically objects to this Request on the ground that on the ground

that it is vague, overly broad, unduly burdensome, not relevant to the claims and defenses in the

Litigation, and not reasonably calculated to lead to the discovery of admissible evidence.

IHC further objects on the ground that Plaintiffs' counsel has represented that Marriott

International has already produced documents to Plaintiffs that are responsive to this Request.

IHC further objects on the ground that documents responsive to this Request, if they

exist, are not in the possession, custody, and/or control of IHC.  IHC further objects that, even if

responsive documents were within its possession, custody or control (which they are not), it would be outside the scope of IHC's authority as a managing agent to produce them in response to this Subpoena.

IHC further objects that IHC's unauthorized production of documents responsive to this request would violate the Russian Personal Data Law, which subjects violators to administrative and criminal penalties, including, *inter alia*, fines, imprisonment, and the revocation of charters to do business in the Russian Federation.

IHC further objects on the ground that, even if documents responsive to this Request were in its possession, custody and/or control (which they are not), the burden and expense of complying with the Law would be undue and beyond the duties of a non-party in responding to a subpoena duces tecum. Under the Law, in order to transfer the hotel guests' personal data to the United States without incurring administrative or criminal penalties, the party seeking to effectuate the transfer must contact each of the thousands of guests who have stayed at the Hotel during the time covered by this Request and obtain each individual guest's express, written consent to the transfer of his/her personal data to the United States and its disclosure to Plaintiffs. IHC is not authorized to contact the guests of the Hotel. However, even if it were authorized to do so, which it is not, the time, burden and expense of obtaining the written consent of thousands of hotel guests would be undue and entirely out of proportion with a non-party's obligations under applicable law.

IHC further objects on the ground the Request calls for documents relating to persons who were not present in the District of Columbia when they made their reservations to stay at the Grand Hotel and therefore cannot avail themselves of the District of Columbia Consumer Protection Procedures Act ("CPPA"), D.C. Code § 28-3901, *et seq.* IHC further objects on the

ground that this Request is premature and unduly burdensome because the Court may deny class certification or certify a significantly smaller class, therefore negating the relevance of a substantial number, if not all, of the documents requested in this Request.

IHC further objects on the ground that the Request is overly broad in that it requests documents relating to guests who made reservations by means other than through Marriott International's website.

IHC further objects on the ground that the Request is overly broad in that it requests documents relating to guests who made reservations after May 13, 2005, when on information and belief Marriott International began listing room rates for its Russian hotels in Rubles on its website.

## DOCUMENT REQUEST NO. 2

In Excel spreadsheet format or in a format importable into an Excel spreadsheet, any and all documents, and complete copies of such documents, evidencing any and all reservations, made at any time between January 1, 2002, and the present, of rooms at the Moscow Marriott Grand Hotel. It is preferred that this data be produced in electronic format.

## RESPONSE TO DOCUMENT REQUEST NO. 2

IHC incorporates by reference its response to Request No. 1 as if fully set forth herein.

## DOCUMENT REQUEST NO. 3

Copies of any and all agreements pursuant to which Interstate Hotels Corporation has managed or operated the Moscow Marriott Grand Hotel, at any time between January 1, 2002, and the present.

## RESPONSE TO DOCUMENT REQUEST NO. 3

Without waiving any of IHC's general objections, and expressly incorporating them as if fully restated herein, IHC objects to this Request on the ground that it calls for documents that

are not relevant to the claims and defenses in the Litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

IHC further objects on the ground that the relationship between IHC and the owners of the Grand Hotel has no relevance to whether Marriott International made material misrepresentations of fact on its proprietary website located in the United States.

IHC further objects to the extent that this Request calls for the License Agreement between Marriott Hotels of Amsterdam, B.V., Marriott Worldwide Corporation, Joint Stock Company "Mospromstroi," and IHC, dated on or about June 5, 1997 ("License Agreement"), which counsel for Marriott International represented has been produced to Plaintiffs in full, without redaction, in both English and Russian versions.  Without waiving any of the foregoing general or specific objections, IHC states that to its knowledge the License Agreement continues to be in effect.

Without waiving any of the foregoing general or specific objections, IHC states that it will produce a copy of the management agreement for the Grand Hotel, on condition that the Plaintiffs shall execute an appropriate protective order with IHC.

## DOCUMENT REQUEST NO. 4

The "SOP Manual" given by Marriott International to Interstate Hotels Corporation for its use in operating the Moscow Marriott Grand Hotel.

## RESPONSE TO DOCUMENT REQUEST NO. 4

Without waiving any of IHC's general objections, and expressly incorporating them as if fully restated herein, IHC objects to this Request on the ground that it calls for documents that are not relevant to the claims and defenses in the Litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

IHC objects to this Request on the ground that there is no "SOP Manual" in its possession, custody, and/or control.

IHC further objects on the ground to the extent that this Request calls for documents that constitute the confidential, proprietary information of Marriott International that IHC is contractually bound not to disclose to any unauthorized party by the terms of the License Agreement.

IHC further objects on the ground that documents responsive to this Request are in the possession, custody, and/or control of Marriott International, which by the express terms of the License Agreement is the only party authorized to disclose this document to Plaintiffs.

IHC further objects on the ground that counsel for Marriott International has represented that Marriott International has already produced information responsive to this Request to Plaintiffs.

## DOCUMENT REQUEST NO. 5

Copies of any and all communications, at any time between January 1, 2002, and the present, by any managers or employees of either Interstate Hotels Corporation or the Moscow Marriott Grand Hotel to the "Reservation System" which included statements regarding the room rental rate at the Moscow Marriott Grand Hotel.

## RESPONSE TO DOCUMENT REQUEST NO. 5

Without waiving any of IHC's general objections, and expressly incorporating them as if fully restated herein, IHC objects to this Request on the ground that on the ground that it is vague, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence.

IHC further objects on the ground that this Request calls for documents that are not in the possession, custody, and/or control of IHC.

IHC further objects to the extent that this Request calls for documents that fall within the restrictions of the Russian Personal Data Privacy Law (*see* Response to Document Request No. 1. *supra*).

## DOCUMENT REQUEST NO. 6

Copies of any and all of the regular financial reports to Marriott International for periods between January 1, 2003 and the present regarding the operation of the Moscow Marriott Grand Hotel License.

## RESPONSE TO DOCUMENT REQUEST NO. 6

Without waiving any of IHC's general objections, and expressly incorporating them as if fully restated herein, IHC objects to this Request on the ground that it is vague and overly broad, calls for documents that are not relevant to the claims and defenses in the Litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.

IHC further objects on the ground that any financial reports are not the property of IHC, and IHC lacks authority to disclose them to any third party.

## DOCUMENT REQUEST NO. 7

Copies of any and all agreements, and complete copies of such agreements, between Interstate Hotels Corporation and Marriott International (and perhaps others) which address any of the following:

    a.       The dismissal of Marriott International's third party complaint against Interstate Hotels Corporation,

    b.       Settlement of the Marriott International's claims against Interstate Hotels Corporation reflected in Marriott International's third party complaint,

    c.       Cooperation between Marriott International and Interstate Hotels Corporation regarding the defense of the Plaintiffs' claims in the above-referenced civil action,

    d.        An offer of settlement of Marriott International's claims against Interstate

Hotels Corporation reflected in Marriott International's third party complaint.

## RESPONSE TO DOCUMENT REQUEST NO. 7

Without waiving any of IHC's general objections, and expressly incorporating them as if

fully restated herein, IHC objects to this Request on the ground that on the ground that it is

overly broad, unduly burdensome, not relevant to the claims and defenses in the Litigation, and

not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving any of the foregoing general and specific objections, IHC states that no

agreement responsive to this request is currently in force between Marriott International and

IHC.


Dated: New York, New York
       August 27, 2007


Cecelia L. Fanelli, Esquire
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY  10038-4982
(212) 806-6158

*Attorneys for Interstate Hotels Corporation*