UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BRITT A. SHAW, *et al.*                          )
                                                 )
                                                 )
        Plaintiffs,                              )
                                                 )    Civil Action No. 05-1138 (GK)
        v.                                       )    (Dispositive motions: 6/2/08)
                                                 )
                                                 )
MARRIOTT INTERNATIONAL, INC.                     )
                                                 )
        Defendant.                               )
_____)

## PLAINTIFFS' BRIEF IN OPPOSITION TO MOTION TO STRIKE DECLARATIONS OF TIMOTHY P. BRICKELL OR TO COMPEL DISCOVERY

        The Plaintiffs hereby oppose MOTION TO STRIKE DECLARATIONS OF TIMOTHY

BRICKELL OR, IN THE ALTERNATIVE, TO COMPEL DISCOVERY (Doc. # 89).

FACTUAL CONTEXT OF DISPUTE

        During the course of discovery, Marriott produced in electronic format over 418,757

Guest Name Records (GNRs) from its reservation system, more specifically from Marriott's

Reservation Data Warehouse (MRDW).  The fields in those records contain, among other things,

the guest's address, the means by which the guest made the its reservation, the daily room price

and the length of the anticipated stay.  Exhibit A is a sample record from the Guest Name Record

data produced to the Plaintiffs by Marriott.

        Plaintiffs' counsel wanted to know how many guests had a Washington, D.C. address and

how many stays those Washington, D.C. guests represented.  Counsel also wanted to know the

total number of individual guests and guest stays without regard to residence. As a housekeeping matter, Counsel also wanted to identify any duplicate records and to eliminate such records from any counting exercise.

Plaintiffs' counsel could have printed out the 418,757 records and asked clerical personnel to cull duplicates, then sort them into piles using criteria established by counsel, and then count the number of records in the piles. Those who have been in practice for a number of years are acquainted with this kind of exercise. Nobody would conclude that the paralegals who placed records in the individual piles were offering expert opinions. Because the records were available in computer-readable form, Counsel asked Timothy Brickell, a contract paralegal with The Cullen Law Firm, to perform the same sorting and tallying functions electronically using off-the-shelf database software. The results of Mr. Brickell's efforts on the tasks described above are reflected in his first two declarations. For his third declaration, Mr. Brickell using off-the-shelf database tools, multiplied four numbers together: two (room price per day, and number of days) from fields in the 418,757 GNRs, one (the historical markup rates) from a table prepared and produced by Marriott,[1] and the fourth (the VAT tax rate) from an exemplar hotel bill.[2] He then tallied the number of records where the resulting product of the calculation exceeded $1,500. This also could have been accomplished using "hard" copies of the GNRs, the table of historical markups and a hand calculator, followed by a manual sort and count.

Marriott deems the resulting tallies to be "expert opinions." Plaintiffs contend that Mr. Brickell's work product is a summary under Fed.R.Evid. 1006. The disagreement brings us to

---

[1] Exhibit B (Bates No. 4M-001968 to 4M-001973).

[2] Exhibit C, Britt Shaw's hotel bill (Bates No. PLF 000061 to PLF 000062).

2

Marriott's pending motion to strike.

SUMMARY OF PROPOSED RESOLUTION

The Plaintiffs propose that the Court deny Marriott's motion provided that the Plaintiffs do what they have already undertaken to do:

a.    Complete production has been made regarding Mr. Brickell's first declaration. With respect to Mr. Brickell's second and third declarations, Plaintiffs will produce:

   i.    The data (on CD) relied upon,

   ii.    Mr. Brickell's notes,

   iii.    Memos and emails to and from Mr. Brickell,

   iv.    Documents reflecting any search criteria,

   v.    Any reports from database searches,

   vi.    Mr. Brickell's time records,

   vii.    Mr. Brickell's invoices.

b.    Make Mr. Brickell available for deposition regarding all matters covered by the three declarations.

Further, the Plaintiffs request that the Court rule that Marriott is not entitled to obtain discovery regarding matters not related to Mr. Brickell's three declarations.

SUMMARY OF ARGUMENT

The Plaintiffs oppose discovery regarding matters not related to Mr. Brickell's declarations.  First, Mr. Brickell's statements are not "expert opinions."  The statements are tallies of records produced by Marriott admissible into evidence as Fed. R. Evid. Rule 1006

summaries.  Second, much of the content of Mr. Brickell's files are unrelated to his declarations and are thus protected from discovery by the work product privilege.  Third, with regard to one or more of his statements, if Mr. Brickell is deemed to have offered "expert opinion," the consulting expert privilege applies.

BRICKELL'S FIRST DECLARATION

Marriott makes the mistake of presenting a fallacious argument, assuming as true what they are attempting to prove.  In ¶ 2 of its motion, Marriott states that the Plaintiffs offered "a declaration by Brickell in which he *analyzed* data and provided *opinions*..." (Emphasis added).  Thus, Marriott assumed without establishing that Brickell's statements are expert opinions.  Marriott makes no argument demonstrating that counting is an activity requiring "expertise," and thus no argument that the total count is an "opinion."

An expert opinion is statement of "scientific, technical or other specialized knowledge."[3]  A statement of the results of sorting and counting, like that performed by Brickell, because these activities do not require "specialized knowledge," is not an opinion.[4]

Looking at Mr. Brickell's first declaration,[5] in ¶ 2 he cites to the set of records he searched, i.e. Marriott's own "worldwide guest reservation data."  Marriott does not argue that its data is inaccurate.  Mr. Brickell sets forth his search criteria in ¶ 4, i.e. "relevant dates," and "reservation sources" (GDS/Internet and WW RESV CTRS).  Marriott does not challenge the propriety of

---

[3]Fed. R. Evid. 702.

[4]See e.g. *Right of Way Maintenance Co. v. Gyro-Trac Inc.*, 2007 WL 1428634 at Part II B (S.D. Tex. 20007); and *S.E.C. v. Competitive Technologies, Inc.*, 2006 WL 3346210 (D. Conn. 2006) at Part I E; and *U.S. v. Milkiewicz*, 470 F.3d 390 (1st Cir. 2006).

[5]Doc. # 89, Exhibit 4.

either the date ranges or the search criteria.  Finally, Mr. Brickell reports in ¶ 4 his count of how many of the records in the complete set meet the criteria, i.e. "(t)he total number of guest stays for all seven (7) hotels for the period is 110,522."  If Mr. Brickell had worked from paper records, his tally would not be an expert opinion.  The fact that he used an off-the-shelf tally function in a widely used database software program does not make it an expert opinion.  Strong evidence of the non-specialized nature of the undertaking is Marriott's readily available capacity to replicate the sort and count of its own data.

Marriott mis-characterizes Mr. Brickell's work.  In ¶ 2 of its motion, Marriott states, "Brickell . . . provided opinions including the . . . number of 'guest stays which fit within the class definition.'"  In fact, Mr. Brickell's declaration states, "(t)he total number of guest stays for all seven (7) hotels for the period is 110,522."  In his declaration Mr. Brickell did not address either the class criteria or the relation between guest stays and those criteria.  The connection between Mr. Brickell's tally and the class definition criteria of a) receiving a quote from the Marriott reservation system in U.S. dollars and b) paying upon check-out in rubles, appear nowhere in Mr. Brickell's declaration.  Plaintiffs do not rely upon Mr. Brickell's declaration to identify which guests are members of the class, only for which guests in the relevant periods made reservations through two "reservation sources."

Marriott implies need for court intervention by failing to report the extent of the disclosure Plaintiffs made regarding Mr. Brickell's first declaration.  As noted at pages 6 to 8 of the transcript of his January 18, 2008 deposition, at that time, Plaintiffs produced the following:

-Mr. Brickell's CV,

-Mr. Brickell's handwritten notes of the assignment that gave rise to the declaration,

-An email from Mr. Brickell which discusses the completion of that project,

-Glossaries of codes that appear in Marriott data,

-Marriott's answers to interrogatories,

-A CD of the database that Mr. Brickell used to prepare his declaration, and

-A copy of Mr. Brickell's first declaration.

Thereafter, the Plaintiffs produced additional documents.

-An attachment to an email produced at his deposition,

-Mr. Brickell's time records and invoices,

-An email exchange regarding his declaration.[6]

Further, after his deposition, Plaintiffs agreed to allow Marriott to reconvene Mr. Brickell's deposition to ask almost all of the questions it now wishes to pose.[7]   Marriott did not avail itself of this opportunity.  In its motion, Marriott fails to describe any matter related to Mr. Brickell's first declaration that has been denied to it.  Thus, Marriott now seeks to ask only what wasn't considered or done in preparing the declaration, issues irrelevant to his declaration, and matters revealing the thought process of Plaintiffs' counsel.

Further, the first declaration was presented by Plaintiffs in the context of a motion for class certification solely to satisfy the "numerosity" requirement of Rule 23(a)(1).  Even though Marriott had Mr. Brickell's tally of records for five months before it filed its brief in opposition to class certification, it did not contest Plaintiffs' showing of numerosity.  Having conceded the

---

[6]Exhibit D, email "cover letters," with attachments, dated 1/18/08, and 1/23/08.

[7]Exhibit E, email dated 3/24/08 and 3/25/08, regarding questions to be posed to Mr. Brickell upon reconvening his deposition.

numerosity requirement, there is no reason for further discovery into the substance of Mr. Brickell's first declaration. Marriott's motion now is a pretext to fish for material unrelated either to the first declaration or to the numerosity criterion.

Finally, Marriott fails to demonstrate or even suggest prejudice. Though it complains that it was prevented from asking Mr. Brickell about whether he considered, among other things, pre-paying guests in making his tally, Marriott fails to point out where in the data it produced, the same records Mr. Brickell tallied, there is reference to pre-payment. It complains of a fictional wrong, one not premised upon fact or timing. Mr. Brickell's first declaration was served on or about October 5, 2007.[8] Marriott deposed Mr. Brickell on January 18, 2008; Marriott's brief in opposition to the motion for class certification was filed six weeks later, on March 3, 2008.[9] With its brief in opposition to class certification, Marriott presented no declaration contradictory to that of Mr. Brickell. Marriott had the data, its data. Marriott had the criteria. Marriott had the count of records meeting the criteria. In its challenge to class certification, Marriott challenged none of these. It offered no alternative or additional criteria. Now, in its motion to strike, it challenges the truth of none of Mr. Brickell's statements.

BRICKELL'S SECOND DECLARATION

Mr. Brickell's second declaration is basically the same as the first, but with more explanation regarding the process. First, Mr. Brickell undertook to avoid double counting by identifying duplicate records. Second, Mr. Brickell utilized an additional geographical criteria, an address in Washington, D.C., and then tallied the records reflecting D.C. addresses. Third,

---

[8]Doc. # 54.

[9]Doc. # 74.

Mr. Brickell provided a new tally of records and individuals, based upon additional data produced by Marriott after Brickell's first declaration.  Fourth, he provided a tally of records meeting each of the various source-of-reservation identifiers.  His second declaration, like the first, is simply a sort and count of records from Marriott's data.  The arguments set forth above regarding what is an "expert opinion" apply to the second declaration.

Plaintiffs are prepared to provide to Marriott the same discovery regarding the second declaration as they did for the first.

BRICKELL'S THIRD DECLARATION

Mr. Brickell's third declaration responds to an argument presented for the first time in Marriott's March 3, 2008 brief in opposition to the motion for class certification.  In its brief in opposition, Marriott asserts that the named Plaintiffs are not suitable class representatives because they have declined to pursue claims by some members of the proposed class for actual damages instead of for the statutory remedies provided by the CPPA.  Marriott asserts that the named Plaintiffs have demonstrated a "willingness to jettison the claims of unnamed class members when diligent pursuit of those claims might prove inconvenient."[10]  First, the named Plaintiffs are not required to assert claims which might defeat class treatment.[11]  Second, Mr. Brickell's declaration was used only to demonstrate that even if some putative class members might be entitled to more than the statutory remedy of $1,500, the number of those persons is *de minimus* relative to the size of the class.  Of course, those few class members with claims larger than $1,500 would have the option of opting out and pursuing their own remedies separately

---

[10]Doc. # 75-2 at 30.

[11]*Murray v. GMAC Mortgage Corp.*, 434 F.3d 948, 953 (7th Cir. 2006).

Until Marriott challenged the proposed class representatives on this issue, there was no need to estimate the percentage of hotel bills in which the accumulated undisclosed and misrepresented markup exceeded the statutory remedy of $1,500. Marriott put the magnitude of any individual's accumulated markups into issue. It is entitled to discovery and disclosure regarding the declaration addressing it, but may not use its critique as a means of gaining access to discovery beyond the scope of that declaration.

Since Plaintiffs have repeatedly stated that at trial they intend appropriately to seek only the statutory remedy of $1,500 per misrepresentation,[12] there will be no need to calculate the accumulated markup on any particular hotel bill. Thus, Mr. Brickell's third declaration does not address a matter of liability, but only responds to Marriott's challenge to the adequacy of the proposed class representatives.

Further, on its face, the third declaration lays out in detail the data (Marriott's data), the sorting criteria, the counting, and the calculation of the accumulated markups for individual stays; Marriott has the "equation" and the values of the variables in the "equation." Since nothing is undisclosed, there is no demonstrated need for further disclosure or discovery. After the calculation of accumulated markup for each hotel bill, all that was left was counting those that exceed $1,500, and dividing by the total number of bills, to obtain the percent. This last step is akin to the tally Mr. Brickell undertook in preparing his first and second declarations. Elementary counting or arithmetic operations are not opinions. As such, the arguments above to the effect that tallies are not opinions apply to this third declaration.

Plaintiffs are prepared to disclose copies of Mr. Brickell's communications, notes, time

---

[12] D.C. Code § 28-3905(k)(1)(A).

records and invoices, and the data he sorted and utilized in preparing his third declaration.  If Marriott desires to depose Mr. Brickell about these matters, the Plaintiffs will make him available.

<u>MATTERS NOT RELATED TO THE THREE DECLARATIONS</u>

Plaintiffs will produce a privilege log regarding all of Mr. Brickell's files, including all invoices, and communications.[13]  If requested, the documents noted in the privilege log will be made available for *in camera* inspection.

Plaintiffs believe that because the documents on the log have no relation to Mr. Brickell's three declarations, they are beyond the scope of discovery.

Because the matters identified in the privilege log implicate the thought processes of the Plaintiffs' attorneys, they are protected by the Fed. R. Civ. P. 26 attorney work product privilege.

Even if Mr. Brickell is deemed an expert regarding his calling upon built-in database functions, that does not make all of his files discoverable.  A person may "wear more than one hat."  He may be an "expert" and also a "fact witness."[14]   He may be a "consulting expert" as well as a "fact witness."[15]  It follows that a person may be a "testifying expert" with regard to some subject matters and a "consulting expert"with regard to other unrelated subject matters. Mr. Brickell has not offered an expert opinion and so the matters noted in the privilege log are

---

[13]It was anticipated the privilege log would be finished by April 11, 2008, but the illness of Mr. Brickell and members of the staff of the undersigned have delayed that endeavor.

[14]See e.g., *Magdaleno v. Burlington Northern R. Co*, 5 F.Supp.2d 899 (D.Colo. 1998); *White v. Hairston*, 698 A.2d 471 (D.C.App. 1997); and *Young v. U.S.*, 181 F.R.D. 344 (W.D.Tex. 1997).

[15]See e.g., *Marine Petroleum Co. v. Champlin Petroleum Co*, 641 F.2d 984 (C.A.D.C. 1979).

not subject to disclosure or discovery. These matters are protected by the Fed. R. Civ. P. 26 consulting expert privilege. Though there are exceptions to this privilege, Marriott has not undertaken even an attempt to demonstrate that the exceptions apply. The exceptions do not apply because Mr. Brickell's three declarations are based upon data produced by Marriott, and transparent sorting and arithmetic.

Even if Mr. Brickell's declarations are deemed to have been "expert opinions," Plaintiffs have provided all required disclosures. First, Marriott has the data sorted and counted by Mr. Brickell. Second, Marriott has the "analysis" of that data set forth in the declarations. Third, Marriott has the resulting tallies which are set forth in the declarations. In addition, Marriott has received Mr. Brickell's *curriculum vita* and, during his January 18, 2008 deposition, explored his experience and skills and his compensation. Plaintiffs have provided full disclosure regarding Mr. Brickell's declarations.

<u>CONCLUSION</u>

The Court should deny Marriott's motion to strike, and order disclosure and discovery regarding Mr. Brickell's declarations as noted above, but limit any further discovery to the subject matters addressed in Mr. Brickell's three declarations, i.e. deny Marriott's request for access to those of Mr. Brickell's files unrelated to his declarations.

Respectfully submitted,

/s/ Randall S. Herrick-Stare

| Of Counsel: | Paul D. Cullen, Sr. |
|---|---|
| Mark W. Borghesani, Esq. | Joyce E. Mayers |
| c/o The Cullen Law Firm, PLLC | Randall Herrick-Stare |
| 1101 30th Street NW, Suite 300 | Amy M. Lloyd |
| Washington, DC 20007 | The Cullen Law Firm, PLLC |
| (202) 944-8600 | 1101 30th Street NW, Suite 300 |

Washington, DC 20007
(202) 944-8600
Counsel for Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that a copy of this document was served electronically on this 11th day of April, 2008 to the persons listed below:

Benjamin S. Boyd . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . benjamin.boyd@piperrudnick.com
DLA Piper Rudnick Gray Cary US LLP
1200 19th Street, N.W.
7th Floor
Washington, D.C.  20036-2412

Joel A. Dewey . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . joel.dewey@dlapiper.com
Holly D. Butler . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . holly.butler@dlapiper.com
Jennifer M. Skaggs . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . jennifer.skaggs@dlapiper.com
Jeffrey E. Gordon . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . jeffrey.gordon@dlapiper.com
Sonia Cho . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . sonia.cho@dlapiper.com
DLA Piper Rudnick Gray Cary US LLP
6225 Smith Avenue
Baltimore, MD.  21209

/s/Randall S. Herrick-Stare

12