IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRITT A. SHAW, et al.,<br>on behalf of themselves and all others<br>similarly situated,<br><br>                  Plaintiffs,<br><br>v.<br><br>MARRIOTT INTERNATIONAL, INC.<br><br>                  Defendant. | Civil Action No. 05-1138 (GK)<br>Status Conference – July 7, 2008 |

**MARRIOTT INTERNATIONAL, INC.'S MOTION FOR LEAVE TO FILE SURREPLY
IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

Marriott International, Inc. ("Marriott"), by its attorneys, hereby moves this Court to permit the filing of a 15-page Surreply in Opposition to Plaintiffs' Motion for Class Certification. The proposed surreply is attached as Exhibit A to this Motion. Plaintiffs' Reply Memorandum in Support of Class Certification ("Reply Mem.") injected several new factual and legal arguments that were not made in its opening brief, and to which Marriott otherwise would be unable to respond. Plaintiffs also seek to introduce two new declarations to which Marriott, in fairness, should be allowed to respond. Accordingly, Marriott respectfully requests that the Court permit Marriott's filing of the proposed surreply.[1]

### STATEMENT OF POINTS AND AUTHORITIES

**I.    BACKGROUND**

Plaintiffs submitted their Motion for Class Certification and supporting brief ("Opening Mem.") on October 5, 2007. At that time, Plaintiffs defined the proposed class to include "[a]ll persons who booked a room reservation at a Marriott hotel property in Russia through the

---

[1] Counsel for Plaintiffs do not consent to the relief sought by this Motion.

1

Marriott Reservation System, who received a room rate confirmation stated in U.S. Dollars, and whose final bill at checkout was stated in Russian Rubles." Opening Mem. at 10. Accompanying Plaintiffs' Motion was the Declaration of Timothy Brickell, an economic and litigation support consultant to counsel for Plaintiffs who analyzed guest reservation data produced by Marriott. Plaintiffs' initial class certification submission did not address several issues related to class certification, including but not limited to standing, constitutional limitations on choice of law, and choice of law analysis under Federal Rule 23 and D.C. law.

On October 19, 2007, Plaintiffs filed a Second Amended Complaint. That Complaint revised certain allegations against Marriott, including the asserted magnitude and uniformity of the hotels' internal exchange rates. The Second Amended Complaint also added two new named Plaintiffs – one corporation and one individual – and removed one previously named Plaintiff. Further, Plaintiffs added new source, sponsorship, and geographic origin misrepresentation claims under D.C. Code § 28-3904. Plaintiffs did not address any of these changes in their initial class certification submission, but rather drafted their opening class certification brief based on the First Amended Complaint .

As detailed in Marriott's separately filed motion to strike or compel, Marriott was able to conduct only limited discovery of Mr. Brickell following Plaintiffs' submission of his declaration. *See generally* Marriott's Motion to Strike Declarations of Timothy Brickell or, in the Alternative, to Compel Discovery (filed Apr. 4, 2008). Plaintiffs' counsel insisted that discovery of Mr. Brickell be limited to material expressly set forth in his declaration. *See id.*

Marriott filed its Opposition to Class Certification on March 3, 2008.[2] Marriott received a page limit extension and submitted a brief of 47 pages, two more than the allotted 45. That

---

[2] A corrected version of this brief was filed on March 5, 2008.

2

Opposition addressed the issues raised in Plaintiffs' initial class certification briefing. Despite that Plaintiffs' initial class certification brief ignored the Second Amended Complaint, Marriott also attempted to address issues potentially implicated by the new Complaint. In addition, Marriott briefed standing and choice of law issues (both constitutional and under Federal Rule 23), despite the lack of initial briefing by Plaintiffs on those matters.[3]

Plaintiffs filed their reply brief in support of class certification on March 31, 2008. Plaintiffs received a page limit extension and submitted a 35-page brief, ten more than the allotted 25. Plaintiffs' reply brief conceded, for the first time, that "[g]uests who had no contact with Marriott would not be in the class," and thus proposed a newly restricted class definition, limited to guests at Russian hotels who "received a written confirmation from Marriott." Reply Mem. at 6, 7. Although it was Plaintiffs' burden to do so in their opening brief, they also addressed in their reply brief several legal issues related to class certification for the first time, including standing, constitutional limitations on choice of law, and choice of law analysis under Federal Rule 23 and D.C. law. In addition, Plaintiffs presented new factual claims related to the reservation process and the location of Marriott's headquarters. Finally, Plaintiffs' reply brief referenced two new declarations by Mr. Brickell, although those were not filed with the reply brief on March 31, 2008. Rather, they were filed the next day – April 1, 2008 – and were not sent electronically to counsel for Marriott until April 2, 2008. These new declarations contained significantly new methodology and claims regarding the claimed number alleged class members and the number individuals with D.C. addresses allegedly in the putative class.

---

[3] As explained in Marriott's Opposition and the attached proposed surreply, it is Plaintiffs' burden under Federal Rule 23 to provide an "extensive analysis" of state law variables and to demonstrate that they do not pose "insuperable obstacles" to class certification. *Walsh v. Ford Motor Co.*, 807 F.2d 1000, 1017 (D.C. Cir. 1986) (internal quotation marks and citation omitted).

Marriott seeks to file a brief surreply in response to the new factual and legal material presented by Plaintiffs in their reply submission. Although the Local Rules do not provide a formal timeline for surreplies, Marriott has adhered to the timing for reply memoranda under Local Civil Rule 7(d), counting the date of Plaintiffs' filing as April 1, 2008, because that is when the Brickell declarations and other exhibits to Plaintiffs' reply brief were filed.

## II.   ARGUMENT

This Court has repeatedly recognized its discretion to accept the filing of a surreply. *See, e.g., American Forest & Paper Ass'n, Inc. v. U.S. Envtl. Prot. Agency*, No. 93-cv-0694, 1996 U.S. Dist. LEXIS 13230, at *11-12 & n.7 (D.D.C. Sept. 4, 1996) ("The court may grant leave to file a surreply at its discretion." (citing authorities)). Marriott's proposed surreply is warranted, for at least two reasons:

First, Marriott should be allowed the opportunity to respond to the new declarations submitted by Mr. Brickell, which were unknown to Marriott prior to Plaintiffs' class certification reply and which Plaintiffs reference throughout their reply brief. As this Court has recognized, a surreply is appropriate where, as here, a reply filing "include[s] a declaration . . . not included in the original motion," and the opposing party "seek[s] an opportunity to refute the statements made . . . in that declaration." *Alexander v. Fed. Bureau of Investigation*, 186 F.R.D. 71, 74 (D.D.C. 1998). As the Court reasoned in *Alexander*, in accepting the surreply: "If the court were to deny [the opposing party] leave to file the surreply, [the opposing party] would be unable to contest matters presented to the court for the first time in the form of [the] declaration." *Id.*

Second, Marriott should be allowed the opportunity to respond to the several legal and factual arguments that Plaintiffs did not include in their opening brief, but made for the first time in reply. As this Court has recognized, a surreply is appropriate where, as here, "the arguments

4

in [the] proposed surreply" are "responsive to issues initially raised in [the] reply memorandum." *American Forest & Paper Ass'n*, 1996 U.S. Dist. LEXIS 13230, at *11; *see, e.g., Alexander*, 186 F.R.D. at 74 (permitting a surreply to allow a party "to contest matters presented to the court for the first time"). Furthermore, Marriott respectfully submits that its proposed surreply "is helpful to the adjudication of the . . . motions in this case, and is not unduly prejudicial to [Plaintiffs]" – considerations which led the Court in *American Forest and Paper Association* to accept the proposed surreply. *American Forest & Paper Ass'n*, 1996 U.S. Dist. LEXIS 13230, at *11-12. As noted above, Plaintiffs' reply brief presents new material in several critical respects: (1) the reply includes new arguments based on the Second Amended Complaint's intervening changes to the named Plaintiffs, allegations and claims in this case; (2) the reply contains a revised class definition that is significantly different from both the definition contained in Plaintiffs' initial motion and the entirely different definition in the Second Amended Complaint; (3) the reply introduces new factual arguments concerning Marriott's reservation system and the location of Marriott's headquarters; and (4) the reply contains new legal arguments that Plaintiffs failed to make in their initial submission, including with respect to standing, the constitutional constraints on choice of law and the Federal Rule 23 requirements regarding choice of law. Marriott should be permitted the opportunity to respond briefly regarding these issues.

Marriott respectfully submits that its proposed surreply would be helpful to the Court's adjudication of Plaintiffs' class certification motion. Marriott's proposed surreply is closely tailored to the new evidence and arguments presented by Plaintiffs in their reply filing, and it thus poses no threat of undue prejudice to Plaintiffs. Accordingly, Marriott respectfully requests that the Court accept for filing its proposed surreply.

## CONCLUSION

For the foregoing reasons, Marriott respectfully requests that this Court permit the filing of the attached Surreply in Opposition to Plaintiffs' Motion for Class Certification.

Dated: April 11, 2008

/s/ Joel Dewey
Joel Dewey (Bar No. 358175)
Holly Drumheller Butler (Bar No. 459681)
Sonia Cho (Bar No. MD26995)
Jennifer Skaggs (Bar No. 500014)
DLA Piper US LLP
6225 Smith Avenue
Baltimore, Maryland 21209
410-580-3000
410-580-3001 (facsimile)

*Attorneys for Defendant*
*Marriott International, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of April, 2008, a copy of Marriott International, Inc.'s Motion for Leave to File Surreply in Opposition to Plaintiffs' Motion for Class Certification, was served electronically and mailed, postage prepaid, to:

> Paul D. Cullen, Sr., Esquire
> The Cullen Law Firm, PLLC
> 1101 30th Street NW, Suite 300
> Washington, DC 20007
> *Counsel for Plaintiffs*

/s/

Joel Dewey

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRITT A. SHAW, et al., on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>MARRIOTT INTERNATIONAL, INC.<br><br>        Defendant. | Civil Action No. 05-1138 (GK)<br>Status Conference – July 7, 2008 |

**[PROPOSED] ORDER GRANTING MARRIOTT INTERNATIONAL, INC.'S MOTION FOR LEAVE TO FILE SURREPLY IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

Upon consideration of Marriott International Inc.'s ("Marriott's") Motion for Leave to File Surreply in Opposition to Plaintiffs' Motion for Class Certification, the Court hereby finds good cause for the relief requested and **GRANTS** the motion as submitted.

It is hereby **ORDERED** that Marriott's proposed surreply, attached as Exhibit A to its Motion for Leave to File, be filed with the Court.

Dated: _____

                                                                                                             _____
                                                                                                             Gladys Kessler
                                                                                                             United States District Court Judge