UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRITT A. SHAW, *et al.* )<br>)<br>)<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>MARRIOTT INTERNATIONAL, INC. )<br>)<br>    Defendant. )<br>_____) | Civil Action No. 05-1138 (GK) |

### REPLY MEMORANDUM IN SUPPORT OF MOTION TO STRIKE DECLARATIONS OF TIMOTHY BRICKELL OR, IN THE ALTERNATIVE, TO COMPEL DISCOVERY

Marriott International, Inc. ("Marriott"), by its attorneys, hereby submits its Reply Memorandum in support of its Motion to Strike Declarations of Timothy Brickell or, in the Alternative, to Compel Discovery. Plaintiffs' new portrayal of Timothy Brickell's ("Brickell") role in this case results from a shifting litigation strategy and should be rejected. Seeking to have the Court adopt Brickell's analysis in support of their motion for class certification, Plaintiffs described Brickell as an economist who conducted a sophisticated analysis of Marriott's electronic data to determine the size of the putative class and to quantify damages. However, when now challenged for attempting to bypass the Federal Rules regarding expert testimony, Plaintiffs portray Brickell as a paralegal who conducted a simple tally of records and claim that he did not analyze the guest data in the context of the proffered class criteria. This latest description of Brickell is incorrect and directly contrary to Plaintiffs' prior representations to this Court. Further, this statement directly contradicts and fatally undermines Plaintiffs' repeated reliance in their class certification briefs on Brickell's analysis regarding the number of guest

stays that fit within the class definition. If Brickell did not consider class criteria as it relates to guest stays, his work is irrelevant to this case.

Plaintiffs may not inject expert testimony into this case without complying with Rule 26 expert disclosure requirements. As Brickell applied both specialized technical knowledge and independent judgment to analyze data and reach conclusions, Marriott's motion to strike should be granted.

I.  Plaintiffs Mischaracterize Brickell's Background to Diminish his Purported Technical or Specialized Knowledge.

In an effort to minimize the purported expertise of Brickell, Plaintiffs now characterize him as a "contract paralegal" for The Cullen Law Firm. This description of Brickell's role is inaccurate and inconsistent with Plaintiffs' prior representations to this Court.

In each of the three declarations filed with the Court in support of Plaintiffs' motion for class certification, Plaintiffs tout Brickell's purported credentials, describing him as "an economic and litigation support consultant" with a "Bachelors of Science in Economics" who has "participated as an economic and litigation support consultant in class action litigation on behalf of members of the transportation industry for sixteen (16) years." Brickell Declarations, Exs. 4, 8, and 10 at ¶ 1.[1] In his curriculum vitae, Brickell classified his own experience as that of an expert witness, stating that he has "serv[ed] as an expert witness in two class action cases" and "provid[ed] testimony as an expert witness during trial." Brickell C.V., attached as Ex. 12 at 1. Under the "Oral Presentations" section of his curriculum vitae, Brickell highlights "Depositions as Expert Witness" and "Presentation in Court Conferences/Hearings." *Id.* More

---

[1] With the exception of Exhibit 12 attached hereto, all exhibits cited herein refer to those attached to Marriott's Motion to Strike Declarations of Timothy Brickell or, in the Alternative, to Compel Discovery.

specifically, in connection with his work as an independent consultant for The Cullen Law Firm since February 2004, Brickell states that he "authored an expert report for the Court detailing computed damages to class members." *Id.* at 2. Although Brickell attempted to minimize these representations during his deposition, he unequivocally confirmed that his resume is accurate and up to date as of September 2007. Brickell Dep., Ex. 6 at 52-53.

Moreover, Brickell construes himself as an expert with regard to data management techniques like those he employed in this case because those techniques require a "unique set of skills that while may be common among some people, most don't have." *Id.* at 90. In fact, when questioned about his role as a former employee of The Cullen Law Firm from 1997 to 2003, Brickell explained that he left the firm because at that time the class action litigation that he was responsible for had moved into the remedy phase and required more paralegal-type role—a role that he was "resisting." *Id.* at 56. Plaintiffs' new characterization of Mr. Brickell's role as a "mere" paralegal contradicts their prior representations to this Court, contradicts the record and should be rejected.

II.   Plaintiffs Mischaracterize Brickell's Analysis and Plaintiffs' Reliance on that Analysis in an Effort to Diminish his Technical or Specialized Knowledge.

As Marriott's Motion explained, the analysis presented in Brickell's three declarations constitutes expert opinion under the Federal Rules because it is based on specialized technical knowledge. Fed.R.Evid 702. Contrary to Plaintiffs' assertions, Brickell's analysis goes well beyond a tally of spreadsheet figures and relies on a skill set beyond that of a lay witness. Rather, any relevant analysis relating to a class determination necessarily includes independent assessments and subjective determinations about which guest stays to include in the calculations, such as whether to include repeat guests, guests who received the Central Bank rate or other special rates at check-out; guests who received credits or reimbursements for their stays; guests

3

who settled any exchange rate complaints with Marriott; and whether the guest received a written confirmation.

In an attempt to minimize the nature of Brickell's work, Plaintiffs erroneously claim that "Plaintiffs do not rely upon Mr. Brickell's declaration to identify which guests are members of the class," chiding Marriott for stating that Brickell opined on the number of "'guest stays which fit within the class definition.'" Brickell Opp. at 5. But that is <u>precisely</u> what Plaintiffs have done. In their opening brief in support of class certification, Plaintiffs themselves stated—relying <u>only</u> on Brickell's first declaration for support—that "there are no less than 110,522 guest stays which fit within the class definition." Class Cert. Mem. at 11 & n.50. In their class certification reply brief, Plaintiffs again repeatedly relied on Brickell's analysis as support for the number of guest stays and guests purportedly within the class. *See, e.g.*, Class Cert Reply Mem. at 7 (describing a "class with over 288,000 members," a figure from Brickell's second declaration); *id.* at 21 (claiming "an additional 8,198 absent class members with addresses in the District of Columbia" and 11,324 related guest stays, based on figures from Brickell's second declaration). This Court should reject as contrary to the record Plaintiffs' claim that they have not relied on Brickell's work as an analysis of membership in the putative class.

Plaintiffs also attempt to minimize the nature of Brickell's analysis, citing three cases in support of their claim that Brickell's work did not require "specialized knowledge." Opp. at 4. Those cases are not on point. Contrary to Brickell, who made selective value judgments as to which data to incorporate in his analysis and subjective determinations as to which data was sufficiently similar to be deemed duplicative, the witnesses in the cases cited by Plaintiffs merely

made lists or employed simple math.[2] *See Right of Way Maintenance Co. v. Gyro-Trac, Inc.*, 2007 WL 1428634, at *3 (S.D. Tex. 2007) (permitting a bookkeeper to submit "nothing more than a summary of invoices"); *S.E.C. v. Competitive Technologies, Inc.*, 2006 WL 3346210, at *3 (D. Conn. 2006) (permitting tables listing trade activity); *U.S. v. Milkiewicz*, 470 F.3d 390, 401 (1st Cir. 2006) (permitting summary of invoices and checks where "the computation required no subjective judgment."). Here, Brickell does not offer a summary of documents, but rather an analysis and interpretation of the same.[3]

Specifically, Brickell used his independent judgment and value assessments to develop equations based on the contents and value of the fields, in order to determine which guests to include in his findings about class membership and damages. He also used specialized technical knowledge combined with his independent judgment to synthesize information by linking the values to establish unique identifiers and by creating calculation fields. Second Brickell Dec., Ex. 9 at ¶11 ("I then performed a query using a field I created concatenating the values populating the Guest Key field, the Confirmation Number field and the Check-out date field. By combining data from three separate fields into one field, I had a unique record identifier."). Brickell did not simply add numbers in a database column as Plaintiffs claim: there is no Marriott database column or field that indicates the "guest stays which fit within the class definition," Class Cert Mem. at 11 (citing Brickell), and no Marriott database column or field

---

[2] For example, to determine whether a MRDW guest data record is a "duplicate," Opp. at 2, Brickell employed independent judgment; a particular guest's name and/or address, even if the same over the timeframe relevant to this lawsuit, will not necessarily be entered into a reservation database the same way each time.

[3] Brickell's analysis goes well beyond merely summarizing voluminous information in a chart for the convenience of the Court, as contemplated by Fed.R.Evid. 1006. What Plaintiffs are attempting to do is present Fed.R.Evid 702 expert testimony under the guise of "summary" evidence, which is not permitted by Fed.R.Evid 1006. *U.S. v. Hart*, 295 F.3d 451, 458-459 (5th Cir. 2002). Fed.R.Evid. 1006 does not allow circumvention of the foundational

*(Footnote continued to next page)*

that identifies whether the cost of a guest stay did or did not "exceed[] $1,500." Third Brickell Dec., Ex. 10 at ¶16.

Contrary to Plaintiffs' present claim, a paralegal could not have performed the same analyses performed by Brickell with a printed set of the spreadsheets and a calculator. Instead, Brickell relied on his purported "sixteen years of experience as a Litigation Support Specialist, Data Analyst and Network Administrator in the legal profession" in order to utilize a database management software to manipulate complex ASCII text files compiled in tab delimited format and independently evaluate the database fields to determine which he deemed relevant for purposes of his analysis. *See id.*, ¶ 22 ("It can be observed . . . that there are two values that appear to represent reservations made directly with the hotel property . . . ."); Brickell C.V., Ex. 12 at 1.

Plaintiffs cannot have it both ways—either Brickell is being put forth as an expert with specialized knowledge to identify the scope and makeup of the class or he is not. If he is being proffered as an expert, then his declarations should be stricken for Plaintiffs' failure to abide by the Federal Rules governing expert discovery. *Olindo Enters., Inc. v. City of Rochester*, 2008 WL 686259, at *6 (W.D. N.Y. Mar. 7, 2008)(excluding fact witness testimony as to inferences or opinions regarding database records); *see In re Bayshore Ford Trucks Sales, Inc.*, 471 F.3d 1233, 1244 (11th Cir. 2006)(discussing trial court's exclusion of a Rule 1006 report as an improper attempt to introduce expert opinion). If he is now—in direct contradiction to Plaintiffs' prior

---

*(Footnote continued from previous page)*
requirements of Fed.R.Evid. 701 and 702. *State Office Systems, Inc. v. Olivetti Corp. of Am.*, 762 F.2d 843, 845-46 (10th. Cir. 1985).

representations—merely positing random "tallies" of guest information unrelated to the putative class, then his conclusions are irrelevant and should be disregarded.

III.     If Brickell's Declarations are not Stricken, Marriott is Entitled to Full Discovery.

Plaintiffs concede that Marriott is entitled to additional discovery concerning Brickell's analysis and conclusions. Brickell Opp. at 3, 10. Nevertheless, Plaintiffs continue to argue that such discovery should be limited only to those opinions contained in his Declarations, and that any opinions or analysis not expressly stated in his Declarations is protected from discovery under the consulting expert privilege of Federal Rule of Civil Procedure 26(b)(4). *Id.* at 6 ("Plaintiffs agreed to allow Marriott to reconvene Brickell's deposition to ask *almost* all of the questions it now wishes to pose.") (emphasis added). Plaintiffs' proposed limitations are unsupported and should be rejected.[4]

Once Plaintiffs chose to present Brickell's opinions and use them in the case, Brickell then became subject to full expert discovery as to all work he did on this case. Plaintiffs cannot pick-and-choose what information they want Marriott to have based on an artificial distinction between the portion of Brickell's analysis allegedly proffered as testifying expert and the portion allegedly provided as consulting expert. *In Re Int'l Horizons, Inc.*, 16 B.R. 484 (D.C. Ga. 1981), *aff'd*, 689 F.2d 996 (11th Cir. Oct. 21, 1982) (ordering full discovery of plaintiff's expert, who had claimed he considered work product in his role as business consultant, not as a damages expert, because it was impossible to segregate the expert's roles). As a witness who presents

---

[4] Plaintiffs repeatedly contend that Marriott does not challenge the propriety of Brickell's search criteria or the accuracy of Brickell's analysis. Brickell Opp. at 4-5, 7. That is incorrect. Indeed, the entire point of Marriott's motion is that, to date, Marriott has not been provided sufficient information concerning Brickell's analysis to evaluate Brickell's statements, assumptions and conclusions. Plaintiffs instructed Brickell not to answer deposition questions concerning his opinions, improperly limited the scope of his testimony and withheld much of Brickell's

*(Footnote continued to next page)*

expert opinion testimony, Brickell is subject to questioning on <u>any</u> work or analysis he did on this particular case for Plaintiffs or Plaintiffs' counsel. *Hager v. Bluefield Regional Med. Ctr.*, 170 F.R.D. 70, 78 (D.D.C. 1997). As a testifying expert, the work product doctrine does not apply to Brickell's work, particularly where, as here, his role as a consultant is intertwined with his role and opinions as a testifying expert. *Id.*; *see also Karn v. Rand*, 168 F.R.D. 633, 639-40 (N.D. Ind. 1996); *Musselman v. Phillips*, 176 F.R.D. 194, 199 (D. Md. 1997); *In re Commercial Money Ctr., Inc., Equip. Lease Litig.*, 2007 WL 650322 at *8 (N.D. Ohio 2008) (finding that documents must be produced if they were related to the subject matter of an expert's report, or if doubt existed as to whether they were related). Plaintiffs offer no case law to rebut this point.

Plaintiffs are required to disclose to Marriott any information even considered by their testifying expert. *Fidelity Nat'l Title Ins. Co. of N.Y. v. Intercounty Nat'l Title Ins. Co.*, 412 F.3d 745, 750 (7th Cir. 2005). Allowing Plaintiffs to work with Brickell to develop his analysis and opinions, but then present only some of those opinions and claim privilege over all the rest, would completely manipulate the purpose of Rule 26(b). *See Trigon Ins. Co. v. United States*, 204 F.R.D. 277, 280 (E.D. Va. 2001) (admonishing counsel for the United States that to use an expert in a dual role was "playing with fire").

## **CONCLUSION**

For all these reasons and those discussed in Marriott's Motion, Marriott respectfully requests that this Court strike the three Brickell Declarations pursuant to Federal Rule of Civil Procedure 37. In the alternative, Marriott respectfully requests that the Court order Plaintiffs to

---

*(Footnote continued from previous page)*
file based on an assertion of work product privilege. Marriott is entitled to understand the methodology and assumptions used by Brickell prior to challenging his opinions.

provide Marriott with full expert discovery for Brickell and an opportunity to respond to Brickell's opinions.

Respectfully submitted,

Dated: April 18, 2008

/s/ Joel Dewey
Joel Dewey (Bar No. 358175)
Holly Drumheller Butler (Bar No. 459681)
Sonia Cho (Bar No. MD26995)
Jennifer Skaggs (Bar No. 500014)
DLA Piper US LLP
6225 Smith Avenue
Baltimore, Maryland 21209
410-580-3000
410-580-3001 (facsimile)
*Attorneys for Defendant,*
*Marriott International, Inc.*