IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRITT A. SHAW, et al., on behalf of themselves and all others similarly situated,<br><br>　　　　　　　　Plaintiffs,<br><br>　v.<br><br>MARRIOTT INTERNATIONAL, INC.<br><br>　　　　　　　　Defendant. | Civil Action No. 05-1138 (GK)<br>Status Conference – July 7, 2008 |

**MARRIOTT INTERNATIONAL, INC.'S REPLY IN SUPPORT OF
MOTION FOR LEAVE TO FILE SURREPLY IN OPPOSITION TO
<u>PLAINTIFFS' MOTION FOR CLASS CERTIFICATION</u>**

Plaintiffs' Opposition to Marriott's Motion for Leave to File Sur-Reply on Class Certification (hereinafter, "Plaintiffs' Opp.") (1) ignores the two Brickell declarations that were introduced for the first time in Plaintiffs' reply brief; (2) changes yet again the class definition; and (3) injects into a supposedly procedural opposition to Marriott's motion extensive new argument in response to the substance of Marriott's proposed surreply.  For these reasons, Plaintiffs' opposition brief underscores the need for Marriott's surreply.

　　　　First, Plaintiffs' opposition ignores entirely the two new declarations by Mr. Brickell that Plaintiffs inserted into the case in Plaintiffs' Memorandum of Points and Authorities in Reply to Marriott's Opposition to Plaintiffs' Motion for Class Certification (hereinafter, "Plaintiffs' Reply").  *See Alexander v. Fed. Bureau of Investigation*, 186 F.R.D. 71, 74 (D.D.C. 1998) (a surreply is appropriate where, as here, a reply filing "include[s] a declaration . . . not included in the original motion," and the opposing party "seek[s] an opportunity to refute the statements made . . . in that declaration").  Contrary to Plaintiffs' claim that their reply brief raises no new issues, Marriott has not had *any* opportunity to respond to these new declarations, which

Plaintiffs attempt to use to support their position on such critical issues as the size, composition and ascertainability of the class; the adequacy of the named Plaintiffs; and the purported nexus between Plaintiffs' claims and Washington, D.C. *See, e.g.,* Plaintiffs' Reply at 7, 14, 21, 25. In fairness, the Court should permit Marriott a surreply to explain that Mr. Brickell's declarations make false assumptions that vastly overstate the number of individuals who have had any contact with Marriott, let alone who can conceivably claim they have been harmed by Marriott. Moreover, as Marriott seeks leave to explain in its surreply, far from establishing a nexus between the claims in this lawsuit and Washington, D.C., Mr. Brickell's declarations demonstrate the unconstitutionality of applying the law of the District of Columbia to the claims of the overwhelming percentage of putative class members (over 97%) who reside in states or countries outside of the District of Columbia.

Second, Plaintiffs conceded for the first time in Plaintiffs' reply brief that "[g]uests who had no contact with Marriott would not be in the class" and that the class definition would be limited to guests at Russian hotels who "received a *written* confirmation *from Marriott*." Plaintiffs' Reply at 6, 7 (emphasis added). Now in Plaintiffs' opposition to Marriott's surreply, while claiming that their reply brief merely reiterated the same class definition Plaintiffs have used all along, Plaintiffs revert to the different, overly broad and unascertainable class definition of their opening brief in support of class certification, a definition that includes all guests "who received a room rate confirmation" through "the Marriott Reservation System." Plaintiffs' Opp. at 3. This is a sleight of hand and is not the class definition of Plaintiffs' reply brief. Unlike the class definition of Plaintiffs' reply brief, the class definition of the opening brief does not restrict the proposed class to those who received written confirmations. Moreover, it does not restrict the proposed class to individuals who received a confirmation from Marriott as opposed to

individuals who received a confirmation from any one of the many other sources (*e.g.*, travel agents) that make reservations in the "Marriott Reservation System." See Marriott International, Inc.'s Memorandum in Opposition to Plaintiffs' Motion for Class Certification (hereinafter, "Marriott's Opp.") at 7-8; McGrath Aff. ¶¶ 5 & 6 (Exh. 5 to Marriott's Opp.).  As Marriott argued in its class certification opposition, among many other problems, the class definition articulated by Plaintiffs in their opening brief includes guests who received either no written confirmation or no confirmation (written or otherwise) from Marriott.  *See, e.g.,* Marriott's Opp. at 23-26.  Because Plaintiffs retreat from their original class definition in their reply brief and propose a new class definition that excludes guests who had no contact with Marriott and/or received no *written* confirmation, Marriott must be afforded an opportunity to explain why even the newly narrowed class should not be certified.  The Court should not permit Plaintiffs to foreclose Marriott from responding to their class certification arguments by toggling between class definitions.[1]

---

[1] Plaintiffs assert that Marriott has failed to cite any evidence to rebut Plaintiffs' claim that all reservations stored in Marriott's MARSHA reservation system result in a written confirmation from Marriott to the hotel guest.  Plaintiffs' Opp. at 4.  In fact, Marriott has cited a great deal of evidence that this is not in fact the case, including deposition transcripts, exhibits to Plaintiffs' Reply, including one showing that former Plaintiff Paliashvili received an itinerary only from a third-party travel agent, not Marriott, and pages from Marriott's opposition brief, which in turn cite other exhibits and declarations supporting the same point.  See Marriott International Inc.'s Surreply in Opposition to Plaintiffs' Motion for Class Certification (hereinafter, "Marriott's Surreply") at 4-5 and n.5 (citing McGrath Dep. at 100-01 (Exh. 1 to Marriott's Surreply)); Marriott's Opp. at 6-9 (citing, among other sources, Ross Aff. (Exh. 3 thereto), McGrath Aff. (Exh. 5 thereto), Mendelson Dep. at 87-91 (Exh. 10 thereto)).  Moreover, although Plaintiffs claim that their citations "soundly establish[]" that MARSHA always generates a written confirmation, Plaintiffs' Opp. at 4 & n.9, the cited sources say nothing of the sort.

In addition, contrary to Plaintiffs' assertion that Marriott produced no cancellation data, *id.* at 4-5, Marriott produced data to Plaintiffs from its Property Management System ("PMS") and Marriott Reservation Data Warehouse ("MRDW") from which total cancellations could have been determined for all Russian Marriott Managed Hotels.  Marriott produced Mary LoGiudice and Deborah McGrath as Federal Rule 30(b)(6) witnesses on the subject of the reservation system and data contained therein.  Plaintiffs had free rein to ask anything they wanted about

Third, as Plaintiffs now acknowledge, they did not address in their opening brief several legal issues relating to class certification, including standing, constitutional limitations on choice of law, and choice of law analysis under Federal Rule 23 and District of Columbia law. Plaintiffs' Opp. at 2, 6-7.[2]  Because Plaintiffs first presented their class certification arguments on these topics in their reply brief, Marriott's proposed surreply should be permitted because it provides the first opportunity for Marriott to respond directly to these new arguments. *See American Forest & Paper Ass'n, Inc. v. U.S. Envtl. Prot. Agency*, No. 93-cv-0694, 1996 U.S. Dist. LEXIS 13230, at *11 (D.D.C. Sept. 4, 1996); *Alexander v. Fed. Bureau of Investigation*, 186 F.R.D. 71, 74 (D.D.C. 1998) (permitting a surreply to allow a party "to contest matters presented to the court for the first time").

---

these databases, but failed to ask about how cancellations are reflected.  Marriott also informed Plaintiffs' counsel that Marriott does not have control over or access to the cancellation data for Marriott Franchised Hotels (which are non-parties to this litigation), and Marriott agreed to an extension of time for discovery specifically to permit Plaintiffs to obtain any discovery they needed from the franchised hotels.  Lastly, as noted in Marriott's proposed surreply, Marriott's counsel also expressly advised Mr. Brickell and Plaintiffs' counsel that the data from the MRDW that Mr. Brickell analyzed to opine on the purported size of the class accounts for reservations, not actual guest stays, and that there is a high rate of cancellations and no-shows.  Marriott's Surreply at 8.

[2] Seeking to excuse their belated arguments related to Article III standing, Plaintiffs state that standing "is not a Rule 23 criterion for class certification." Plaintiffs' Opp. at 2.  That is incorrect, as the D.C. Circuit has made clear.  *In re Lorazepam & Clorazepate Antitrust Litig.*, 289 F.3d 98, 107-108 (D.C. Cir. 2002) (explaining that the "[t]he question of constitutional standing . . . is a prerequisite to Rule 23 class certification" and that it is "relevant to Rule 23's typicality requirement for 'without individual standing to raise a legal claim, a named representative does not have the requisite typicality to raise the same claim on behalf of a class'" (quoting *Prado-Steiman v. Bush*, 221 F.3d 1266, 1279-80 (11th Cir. 2000))).

In an attempt to create the impression that Plaintiffs first raised the choice of law issues in their opening brief, Plaintiffs cite to two brief passages from their opening brief in which they assert that the Court has already found that the District of Columbia has a greater interest in the resolution of the issues raised in this suit than any other jurisdiction.  *See* Plaintiff's Opp. at 6 (citing Plaintiffs' opening brief at 2-3, 21).  These statements in no way fulfilled Plaintiffs' obligation and burden to establish that the law of the District of Columbia could properly be applied class-wide, and in no way prefaced the extensive choice of law arguments Plaintiffs made for the first time in their reply brief.  *See* Plaintiffs' Reply at 14-31.

Finally, Plaintiffs' opposition to Marriott's surreply includes extensive argument in response to the substance of Marriott's proposed surreply. It does not merely present arguments concerning the foundation for Marriott's surreply. The fact that Plaintiffs deemed it necessary to engage the substantive arguments presented in Marriott's surreply belies Plaintiffs' claim that Marriott merely "rehashes," Plaintiffs' Opp. at 6, the arguments made in Marriott's opposition. Particularly in light of the extensive additional argument in Plaintiffs' opposition to Marriott's surreply, Marriott submits that consideration of its proposed surreply would be "helpful to the adjudication of the . . . motions in this case, and is not unduly prejudicial to [Plaintiffs]." *American Forest & Paper Ass'n*, 1996 U.S. Dist. LEXIS 13230, at *11-12.

**CONCLUSION**

For the foregoing reasons and those described in Marriott's Motion for Leave to File Surreply, Marriott respectfully requests that this Court permit the filing of Marriott's Surreply in Opposition to Plaintiffs' Motion for Class Certification.

Dated:  April 25, 2008                     /s/ Joel Dewey
                                                                           Joel Dewey (Bar No. 358175)
                                                                           Holly Drumheller Butler (Bar No. 459681)
                                                                           Sonia Cho (Bar No. MD26995)
                                                                           Jennifer Skaggs (Bar No. 500014)
                                                                           DLA Piper US LLP
                                                                           6225 Smith Avenue
                                                                           Baltimore, Maryland 21209
                                                                           410-580-3000
                                                                           410-580-3001 (facsimile)

                                                                           *Attorneys for Defendant*
                                                                           *Marriott International, Inc.*