IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRITT A. SHAW<br>12 Sloane Avenue<br>London, SW3 3JF, United Kingdom,<br><br>NEAL M. CHARNESS<br>4253 Stoddard Road<br>West Bloomfield, Michigan,<br><br>DR. SARAH E. MENDELSON<br>3815 Van Ness Street, NW<br>Washington, DC 20016<br><br>and<br><br>THE CENTER FOR STRATEGIC AND<br>INTERNATIONAL STUDIES, INC.<br>A Delaware corporation<br>1800 K. Street NW<br>Washington, DC 20006<br><br>on behalf of themselves and all others<br>similarly situated,<br><br>Plaintiffs,<br><br>    v.<br><br>MARRIOTT INTERNATIONAL, INC.<br>One Marriott Drive, Washington, DC 20058<br><br>Defendant. | Civil Action No. 05-1138 (GK) |

**PROPOSED ORDER ON PLAINTIFFS' MOTION FOR PARTIAL
SUMMARY JUDGMENT ON THE ISSUE OF LIABILITY**

This matter having come before the Court on Plaintiffs' motion for Partial Summary

Judgment on the Issue of Liability filed pursuant to F.R.C.P. Rule 56(a), and Defendant's

1

Opposition to said motion , the Court having examined the pleadings, depositions, answers to interrogatories and admissions on file, including Plaintiffs' Statement of Material Facts as to Which There is no Genuine Issue and Defendant's Counter statement, both filed pursuant to LcvR 7(h), and the Court finding that there is no genuine dispute of fact as to Marriott's liability respecting Plaintiffs' claims under D.C. C.P.P.A. § 3904, to wit:

1. Marriott misrepresented to Plaintiffs, and others similarly situated, prices for rooms at its Russian Hotel properties by denominating said prices in U.S. Dollars when in fact guests were required to pay for such rooms in Russian Rubles calculated at a hotel exchange rate different from the official Central Bank of Russia rate. In fact, application of the hotel exchange rate always resulted in a cost to guests higher than the price in U.S. Dollars origianlly represented by Marriott.

2. Marriott's price representations were material and had a tendency to mislead an ordinary consumer into believing erroneously that the Dollar denominated price quote fairly represented what the cost to the consumer would be upon checkout, all in violation of D.C. C.P.P.A. § 28-3904(e).

3. Marriott failed to state material facts to Plaintiffs, and others similarly situated, in violation of D.C. C.P.P.A. § 28-3904(f), including numerous material facts bearing on how the Plaintiff's bill would be calculated at checkout and that the Plaintiffs could not acquire a sufficient number of Rubles at prevailing exchange rates to pay nightly room charges by tendering the amount of U.S. Dollars that Marriott represented to be the cost of the room.

4. Marriott offered hotel rooms and services at its Russia Hotel properties without the intent to sell them as offered in violation of D.C. C.P.P.A. § 28-3904.

It is therefore:

**ORDERED** that Summary Judgment on the Issue of Liability be entered for the individual Plaintiffs and all those similarly situated, pursuant to Rule 56(d)(2), for each of Plaintiffs' claims under D.C. C.P.P.A. § 28-3904(e)(f) and (h).

It is further **ORDERED** that the counsel for each of the parties appear before the Court for a status conference on the ___ day of ____, 2008 at _____ to discuss further proceedings on the question of remedy.

_____
United States District Judge

Dated: _____