IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRITT A. SHAW, et al., on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>MARRIOTT INTERNATIONAL, INC.<br><br>    Defendant. | Civil Action No. 05-1138 (GK)<br>Status Conference – July 7, 2008 |

**MARRIOTT INTERNATIONAL, INC.'S STATEMENT OF
PROPOSED ISSUES FOR JULY 7, 2008 STATUS CONFERENCE**

Pursuant to the Court's June 30, 2008 Minute Order, Marriott International, Inc. ("Marriott"), by its attorneys, hereby submits this Statement of Proposed Issues for the Status Conference scheduled for 10:30 a.m. on July 7, 2008.

Marriott respectfully submits that the following issues should be discussed at the July 7, 2008 Status Conference:

(1)     <u>Marriott's Motion for Partial Dismissal and All Parties' Motions for Summary Judgment.</u>  Marriott's Motion for Partial Dismissal of the Second Amended Complaint is fully briefed.  In addition, Marriott's Motion for Summary Judgment and Plaintiffs' Motion for Partial Summary Judgment on the Issue of Liability will be fully briefed as of today, July 2, 2008 (when reply memoranda are due).  Marriott's motions are premised, in part, on Plaintiffs' lack of standing or other prerequisites to bring claims under the D.C. Consumer Protection Procedures Act.  As Marriott has explained in its briefing, the Court has discretion to resolve these threshold summary judgment issues prior to adjudicating class certification, particularly, where, as here, judicial economy would be served by that sequence.  In addition, Marriott's motion for partial

1

dismissal is logically precedent to the other pending motions. Accordingly, Marriott respectfully submits that, prior to adjudicating class certification and other related matters, the Court should hold a consolidated hearing and rule on the pending motion for partial dismissal and summary judgment motions.

(2)   Outstanding Motions Related to Class Certification.  In addition to the motions discussed in the preceding paragraph, Marriott respectfully submits that two additional motions must be resolved prior to the Court's consideration of Plaintiffs' Motion for Class Certification. Both of these motions pertain to Plaintiffs' reliance on the three declarations of Timothy Brickell in their class certification briefing with respect to numerosity, ascertainability, and the relationship of the proposed class to Washington, D.C.

(a)   Marriott's Motion to Strike Brickell Declarations.  Magistrate Judge Robinson (who has been presiding over discovery disputes in this case) has before her full briefing on Marriott's Motion to Strike Declarations of Timothy Brickell or, in the Alternative, to Compel Discovery. Magistrate Judge Robinson previously granted Marriott's motion, in part, and ordered that Plaintiffs make Mr. Brickell available for a full deposition concerning his declarations. He was deposed on May 22, 2008. The parties since have provided Magistrate Judge Robinson with supplemental briefing, as ordered. Marriott argues that because Mr. Brickell is proffering expert testimony but has not been subject to expert disclosure and discovery, his declarations must be stricken, or, in the alternative, Marriott should be permitted to counter-designate an expert.

(b)   Marriott's Motion to Strike Portions of Class Certification Briefing. Plaintiffs also are filing today with the Court a Motion to Strike Portions of Plaintiffs' Class Certification Briefing that Rely on the Three Brickell Declarations. In this motion,

Marriott argues that Mr. Brickell's May 22, 2008 deposition made clear that his declarations and testimony do not support his conclusions on which Plaintiffs rely in their class certification briefing. Accordingly, Marriott requests that the Court strike the portions of Plaintiffs' class certification briefing that rely, exclusively and without basis, on Mr. Brickell's declarations and testimony.

(3)   <u>Plaintiffs' Motion for Class Certification.</u> Plaintiffs' Motion for Class Certification is fully briefed. Because the two Brickell motions directly implicate Plaintiffs' class certification briefing and supporting declarations, Marriott respectfully submits that those motions should be resolved prior to adjudication of class certification. Moreover, for the reasons discussed in Paragraph One, as well as in Marriott's summary judgment briefing, Marriott respectfully submits that it would promote judicial economy (and avoid a potential advisory opinion, given the standing issues raised in the dismissal and summary judgment briefing), for the Court to adjudicate Plaintiffs' class certification motion only if necessary after adjudication of the parties' dismissal and summary judgment motions.

Dated: July 2, 2008

Respectfully submitted,

/s/ Joel Dewey
Joel Dewey (Bar No. 358175)
Holly Drumheller Butler (Bar No. 459681)
Sonia Cho (Bar No. MD26995)
Jennifer Skaggs (Bar No. 500014)
DLA Piper US LLP
6225 Smith Avenue
Baltimore, Maryland 21209
410-580-3000
410-580-3001 (facsimile)

*Attorneys for Defendant
Marriott International, Inc.*