UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRITT A. SHAW, *et al.* ) | |
| ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action No. 05-1138 (GK) |
| v. ) | |
| ) | |
| MARRIOTT INTERNATIONAL, INC. ) | |
| ) | |
| Defendant. ) | |
| ) | |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF
MARRIOTT INTERNATIONAL, INC.'S MOTION TO STRIKE
PORTIONS OF PLAINTIFFS' CLASS CERTIFICATION BRIEFING
THAT RELY ON THE THREE BRICKELL DECLARATIONS**

Marriott International, Inc. ("Marriott"), by its attorneys, hereby files its reply in further support of its Motion to Strike Portions of Plaintiffs' Class Certification Briefing that Rely on the Three Brickell Declarations ("Motion to Strike"). By its Motion to Strike, Marriott seeks to have specific portions of the Plaintiffs' class certification briefing relating to ascertainability and numerosity stricken because Plaintiffs have failed to provide any evidentiary support for their contentions. Rather, the portions of Plaintiffs' briefing at issue rely solely on the declarations of Mr. Brickell. As Mr. Brickell's subsequent Court-ordered deposition has made clear, his declarations do not support Plaintiffs' assertions in their class certification briefing, but instead contain immaterial conclusions bearing no connection to the putative class in this litigation. Because Plaintiffs rely exclusively on Mr. Brickell's declarations, and because Mr. Brickell has now admitted that his declarations did not account for the parameters of the proposed class, there is a complete disconnect between the Plaintiffs' representations in their briefing and the sole source cited for those representations.

Plaintiffs' Opposition to Marriott's Motion to Strike ("Opp.") (Doc. 133) misses the point of Marriott's Motion to Strike and ignores Marriott's request that the Court strike portions of the class certification *briefing* that rely on Mr. Brickell's declarations—not the declarations themselves. Plaintiffs mischaracterize the procedural history and the facts at issue to create the false impression that Marriott's Motion to Strike is a personal attack on Mr. Brickell's qualifications as an expert witness and his declarations.[1] Plaintiffs' mischaracterizations do nothing to refute Marriott's argument that Plaintiffs have failed to provide any valid evidence to support the assertions in their class certification briefing regarding ascertainability and numerosity.

Rather than addressing Marriott's actual arguments, Plaintiffs' Opposition largely attempts to backtrack from positions that they have taken previously before this Court, particularly with respect to the proposed class definition. In their class certification briefing, Plaintiffs emphasized that proposed class members must have received written confirmations from Marriott, in an attempt to address significant obstacles of standing, commonality, typicality and predominance raised by Marriott. Now, out of apparent concern that their "written confirmation" limitation would greatly restrict the size of the class and would create ascertainability problems of its own, Plaintiffs claim that a guest need not have received a "written" confirmation or have had any contact at all with Marriott to qualify as a member of the

---

[1] Marriott has addressed its distinct procedural and substantive objections to Mr. Brickell's declarations in separate discovery motions filed with Magistrate Judge Robinson. *See* Motion to Strike Declarations of Timothy Brickell Or, In the Alternative, To Compel Discovery (Doc. 91); Reply Memorandum in Support of Motion to Strike Declarations of Timothy Brickell or in the Alternative, to Compel Discovery (Doc. 100); Supplemental Memorandum in Further Support of Motion to Strike Declarations of Timothy Brickell or, in the Alternative, to Compel Discovery (Doc. 112); Supplemental Reply Memorandum In Further Support of Motion to Strike Declarations of Timothy Brickell or, In The Alternative, to Compel Discovery (Doc. 122)

proposed class. The Court should reject Plaintiffs' latest attempt to redefine the class and hold Plaintiffs to the "written confirmation from Marriott" requirement that *Plaintiffs* proposed. By repeatedly changing their arguments and the proposed class as it suits their needs, Plaintiffs are playing a shell game to divert attention from their inadequate class definition and deficient evidentiary support. The Court should reject Plaintiffs' tactics and strike those portions of Plaintiffs' class certification briefing concerning ascertainability and numerosity, as detailed in Marriott's Proposed Order.

## I. Marriott's Motion to Strike is Procedurally Proper.

As the party bearing the burden of establishing each element of class certification under Rule 23, *see Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613-14 (1997); Fed. R. Civ. P. 23(a)(1), Plaintiffs must provide sufficient evidentiary support for their assertions with respect to each element. Where, as here, a party fails to support such assertions by citing immaterial matters having no possible bearing on the case, the Court has the power to strike the party's assertions from the record. *See, e.g., McPhail v. First Command Fin. Planning, Inc.*, 247 F.R.D. 598, 604 (S.D. Cal. 2007); *Platte v. Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004).

Marriott's Motion to Strike seeks to have specifically identified portions of Plaintiffs' class certification *briefing* stricken because those portions rely solely on statements in Mr. Brickell's declarations that are immaterial and bear no connection to the putative class in this litigation. Marriott's motion is not, as Plaintiffs mistakenly assert, a motion to strike any of Mr. Brickell's declarations or his testimony. *Cf.* Opp. at 2 (claiming that Rule 12(f) "does not provide a mechanism to strike declarations"); *id.* at 3 (characterizing Marriott's motion as "attacking those declarations"). Accordingly, the cases cited by Plaintiffs for the proposition that

declarations or affidavits are not subject to a motion to strike under Rule 12(f), *see id.* at 2 & nn.3-4, are inapposite in this context.[2]

Moreover, as Marriott explained in footnote 1 of its Memorandum in Support, its Motion to Strike is timely. Indeed, the timing of Marriott's filing was largely a product of Plaintiffs' refusal to allow Marriott to examine the full extent of Mr. Brickell's work in connection with Plaintiffs' class certification briefing. Plaintiffs filed their Reply Memorandum in Support of Class Certification, which attached two new declarations by Mr. Brickell, on March 31, 2008. Yet, it was not until the second, and Court-ordered, deposition of Mr. Brickell on May 22, 2008 that Marriott had the opportunity to inquire as to the extent and scope of the work he conducted for the Plaintiffs – both with respect to these later two declarations and with respect to his earlier declaration, about which he refused to testify completely at his first deposition.[3]

Accordingly, Plaintiffs' procedural objections are based on a mischaracterization of Marriott's Motion to Strike and otherwise lack merit. Notably, Plaintiffs' Opposition presents no real response to Marriott's substantive arguments for striking the portions of Plaintiffs' briefing at issue. Rather, as set forth in the Motion to Strike and further below, because Plaintiffs have no basis for their ascertainability and numerosity claims in their class certification briefing, those claims, as specifically identified in the Proposed Order accompanying the Motion to Strike, should be stricken from Plaintiffs' briefing.

---

[2] Furthermore, Plaintiffs ignore authority from this jurisdiction that compels the opposite conclusion. *See Judicial Watch, Inc. v. Dep't of Commerce*, 224 F.R.D. 261, 263 (D.D.C. 2004) (recognizing that, under Rule 12(f), "a court may carefully strike improper portions of the affidavit, while retaining all properly stated facts. ... Such decisions are within the sound discretion of the trial judge" (internal citations omitted)).

[3] The Court's power to strike on its own initiative also permits it to consider motions to strike beyond the 20-day period prescribed by Rule 12(f). *See In re Complaint of Rationis Enters., Inc. of Panama*, 210 F. Supp. 2d 421, 425

*(Footnote continued to next page)*

II. **The Court Should Grant the Motion to Strike Because Plaintiffs' Assertions in Their Class Certification Briefing Regarding Ascertainability and Numerosity Are Unsupported.**

The basis of Marriott's Motion to Strike is that Plaintiffs cannot claim in their class certification briefing that the putative class is ascertainable and sufficiently numerous without providing some evidentiary support for those claims. The issue is not—as Plaintiffs incorrectly claim—whether Mr. Brickell is being offered as an expert, but rather whether Plaintiffs can make assertions in their class certification briefing regarding matters for which no support exists. The answer, quite simply, is that they cannot. *See, e.g., Wagner v. Taylor*, 836 F.2d 578, 587 (D.C. Cir. 1987) ("It is readily apparent that a decision on class certification cannot be made in a vacuum. . . . [T]he court must examine both the claims presented and the showing in support of class certification for their adherence to the requirements of Rule 23."); *see also Fleming v. Travenol Labs., Inc.*, 707 F.2d 829, 833 (5th Cir. 1983) (denial of class certification proper where employee provided "no factual basis for determining whether numerosity requirement has been met"); *Siles v. ILGWU National Retirement Fund*, 783 F.2d 923, 929 (9th Cir. 1986) (class certification properly denied for failure to establish numerosity, where plaintiff's only evidence of numerosity was the total number of employees covered by the pension plan who lost their jobs during the relevant period, and plaintiff presented no evidence regarding other factors, such as how many of those employees did not receive a pension).

---

*(Footnote continued from previous page)*
(S.D.N.Y. 2002); *Nat'l Union Fire Ins. Co. of Pittsburgh v. Alexander*, 728 F. Supp. 192, 203 (S.D.N.Y. 1989); *Cima v. Wellpoint Healthcare Networks, Inc.*, 2007 WL 1068252 at *3 (S.D. Ill. Apr. 6, 2007).

A.  **Plaintiffs Offer No Valid Support For Their Assertion That The Putative Class Is Readily Ascertainable.**

Plaintiffs must demonstrate that they have proposed a class that is "adequately defined and clearly ascertainable." *DeBremaecker v. Short*, 433 F.2d 733, 734 (5th Cir. 1970); *Moore's Fed. Prac.* 23.21[1] (2001) ("The identity of class members must be ascertainable by reference to objective criteria."). In their Memorandum in Support of Class Certification, Plaintiffs sought to satisfy the requirement of ascertainability with the single allegation that "[t]he members of the class as described may be readily ascertained using the electronic records produced by Marriott." Memorandum in Support of Plaintiffs' Motion for Class Certification ("Class Cert. Mem."), at 10. Plaintiffs' *only* purported support for this contention was a footnote generally referring to Mr. Brickell's first declaration, which was filed as Exhibit 21. *See id.* at 10 n.44. However, nothing in Mr. Brickell's first declaration supports Plaintiffs' assertion that the proposed class is readily ascertainable. Moreover, Mr. Brickell subsequently admitted in his most recent, Court-ordered deposition that he has not, at any time, determined the ascertainability of the class. *See* Transcript of May 22, 2008 Deposition of Timothy P. Brickell ("Brickell Dep. II"), at 83 (previously attached as Exhibit 3 to Marriott's Memorandum in Support of Motion to Strike, Doc. 127).

In their Opposition, Plaintiffs implicitly concede that Mr. Brickell's statements in his declarations do not support their assertion of ascertainability in their class certification briefing. *See, e.g.,* Opp. at 5 ("Such a criticism [of Mr. Brickell's failure to ascertain who was in the proposed class] might be appropriate if Mr. Brickell had been asked to offer an opinion as to who was in the class."). As Plaintiffs quite readily admit, Mr. Brickell "made no attempt to ascertain who was in the proposed class" and "did not inform himself as to what the class definition was." *Id.* at 5. Moreover, Plaintiffs do not attempt to offer any alternative support for their allegation

of ascertainability. Simply stated, there is absolutely no evidence in the record that permits Plaintiffs to make the claim that the class is readily ascertainable. Accordingly, Plaintiffs' assertions of ascertainability in their class certification briefing must be stricken.

### B. Plaintiffs' Offer No Valid Support For Their Assertion of Numerosity.

Plaintiffs' numerosity allegations in their class certification briefing, likewise, lack any evidentiary support. In their Opposition, Plaintiffs do not contend that the proffered support for their allegations—namely, the Brickell declarations—provide a sufficient evidentiary basis to permit a finding of numerosity. Further, Plaintiffs do not identify any alternative evidence in the record that supports such a determination. And, they fail to rebut the analysis provided by Marriott in its Motion to Strike, which indicates that numerosity cannot be established. Accordingly, Plaintiffs' assertions of numerosity should be stricken.

As previously explained in Marriott's Motion to Strike, as well as Marriott's Opposition to Class Certification, no class can be certified in this case. However, should the Court disagree, any class must be limited to those guests who received written confirmations from Marriott and who are residents of Washington, D.C. *See* Marriott's Memorandum in Opposition to Plaintiffs' Motion for Class Certification ("Class Cert. Opp.") (Doc. 74) at 18-19, 34-44; Motion to Strike (Doc. 127) at 9-10. Plaintiffs do not contest that Mr. Brickell's analysis did not take into account these factors. Indeed, they concede that Mr. Brickell "did not inform himself as to what the class definition was." Opp. at 5. Because, as Plaintiffs acknowledge, Mr. Brickell never determined the number of valid D.C. addresses or residents and never determined how many of such guests

received written confirmations from Marriott, see Memorandum in Support of Motion to Strike, at 9, Mr. Brickell's declarations do not support Plaintiffs' allegations of numerosity.[4]

Moreover, Plaintiffs provide no alternative record support for their allegations of numerosity other than Mr. Brickell's irrelevant and discredited assertions. Plaintiffs do not challenge Marriott's analysis of the Marriott Russia Hotels guest data in its Motion to Strike, which demonstrates that the majority of the guests must be excluded from the proposed class and thus that Plaintiffs' numerosity allegations lack any basis. See Motion to Strike at 10-14. Because it is the Plaintiffs' burden to establish numerosity before any class can be certified, and because Plaintiffs have provided no valid support for their assertions of numerosity, the Court should strike Plaintiffs' numerosity allegations from their class certification briefing.

### III. Despite Their Belated Efforts to Once Again Change the Class Definition, Plaintiffs Fail to Establish Ascertainability and Numerosity.

Finally, the Court should reject Plaintiffs' latest attempt to redefine the proposed class and backtrack from their prior unambiguous claims that a "written confirmation from Marriott" is a prerequisite to class membership. In their Motion for Class Certification, the Plaintiffs proposed a class consisting of:

> All persons who booked a room reservation at a Marriott hotel property in Russia through the Marriott Reservation System, who received a room rate confirmation stated in U.S. Dollars, and whose final bill at checkout was stated in Russian Rubles.

---

[4] Plaintiffs argue that, while Mr. Brickell's analysis was admittedly flawed, the actual number of D.C. addresses does not matter because the number of D.C. addresses is relevant only as to the weight that should be given to Mr. Brickell's declaration, not its admissibility. Opp. at 7. Plaintiffs are wrong. Marriott's Motion to Strike is not about the admissibility of Mr. Brickell's opinions. It is about whether Plaintiffs are permitted to make and rely upon statements to the Court about numerosity that are unsubstantiated by any evidence.

Class Certification Motion (Doc. 62) at 1. Subsequently, in an attempt to overcome Marriott's multiple objections to Plaintiffs' proposed class—including standing, commonality, typicality and predominance—Plaintiffs limited their proposed class to only those individuals who "received a written confirmation from Marriott." Plaintiffs' Reply in Support of Motion for Class Certification ("Class Cert. Reply") (Doc. 86) at 7. Plaintiffs emphasized that "the *key factor* is whether the guest received a written price confirmation from Marriott," *id.* at 9, and that the "written confirmation is *the basis for Marriott's liability*." *Id.* at 6 (emphasis added). Plaintiffs underscored this limitation on class membership by stating plainly that "[g]uests who had not contact with Marriott would not be in the class." *Id.*

Despite these prior unambiguous representations to the Court in their class certification briefing, Plaintiffs now attempt to backtrack and abandon *their* requirement of written confirmations from Marriott, claiming that their proposed class definition "makes no reference to a writing," and that "[i]t provides nothing with respect to how that confirmation is transmitted." Opp. at 8, 9. In direct contradiction to their previous assertion that "written confirmation is the basis for Marriott's liability—not random conversations with travel agents or '800' number operators," Class Cert. Reply at 6, Plaintiffs now claim that mere confirmation numbers recorded in Marriott's reservation database "are sufficient to establish Marriott's liability even if the information was communicated electronically to travel agents on behalf of guests or orally by Marriott's toll-free operations." Opp. at 9. In contradiction of their earlier representations that "[g]uests who had no contact with Marriott would not be in the class," Class Cert. Reply at 6, and that unless guests "had received a written confirmation from Marriott they would not be in the class," *id.* at 7, Plaintiffs now unabashedly assert that "indirect communications through intermediaries" in Marriott's business records are "surely adequate" to establish Marriott's

liability. Opp. at 10. While, for purposes of trying to obtain class certification, Plaintiffs plainly stated that "the key factor is whether the guest received a written price confirmation from Marriott," Class Cert. Reply at 9, now, in trying to salvage Mr. Brickell's opinions and resuscitate the overbroad class they previously proposed, Plaintiffs claim that "Marriott's liability does not depend upon a *direct written* communication to each individual class member." Opp. at 10.

None of these contradictory assertions by Plaintiffs can be reconciled. To the contrary, it is clear that Plaintiffs now seek to disavow their previous commitment to written confirmations from Marriott as a prerequisite to class membership—in apparent recognition that their "written confirmation" limitation poses insurmountable problems with regard to ascertainability and numerosity and also greatly reduces the massive class apparently envisioned by Plaintiffs. Plaintiffs cannot have it both ways. Either written confirmations from Marriott are a requirement for membership in the proposed class, or they are not. Without the "written confirmation from Marriott" requirement, Plaintiffs' proposed class would include, among others, guests who had no contact with Marriott, guests who were not harmed, and guests who received disparate representations in the reservation process. *See* Class Cert. Opp. at 20-22. As Marriott has explained, such an overbroad class could not be certified due to issues including standing, commonality, typicality and predominance. *See, e.g., id.* at 18, 20-22, 24-26, 45. If, however, written confirmations from Marriott are indeed the "key factor" to class membership, as Plaintiffs have previously and unequivocally asserted, *see* Class Cert. Reply at 9, then Plaintiffs are unable to establish ascertainability and numerosity, as explained in Marriott's Motion to Strike and this reply memorandum. Thus, under either scenario, Plaintiffs clearly fail to satisfy their burden of establishing all elements of class certification.

## CONCLUSION

For the foregoing reasons and those set forth in the Motion to Strike, Marriott respectfully requests that the Court grant its Motion to Strike and order all portions of the Plaintiffs' class certification briefing that rely on or reference the three Brickell declarations stricken, as specified in the Proposed Order accompanying the Motion to Strike.

Respectfully submitted,

Dated: July 25, 2008

/s/ Joel Dewey
Joel Dewey (Bar No. 358175)
Charles P. Scheeler (Bar No. MD00295)
Holly Drumheller Butler (Bar No. 459681)
Sonia Cho (Bar No. MD26995)
Jennifer Skaggs (Bar No. 500014)
DLA Piper US LLP
6225 Smith Avenue
Baltimore, Maryland 21209
410-580-3000
410-580-3001 (facsimile)

*Attorneys for Defendant,*
*Marriott International, Inc.*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRITT A. SHAW, *et al.* )<br>)<br>)<br>Plaintiffs,  )<br>)<br>v.  )<br>)<br>MARRIOTT INTERNATIONAL, INC.  )<br>)<br>Defendant.  )<br>_____)  | Civil Action No. 05-1138 (GK) |

## CERTIFICATE OF SERVICE

I hereby certify that, on this 25th day of July, 2008, a copy of this Reply Memorandum in Further Support of Marriott's Motion to Strike Portions of Plaintiffs' Class Certification Briefing that Reply on the Three Brickell Declarations was served electronically on:

Paul D. Cullen, Sr.  (PDC@cullenlaw.com)
Joyce E. Mayers  (JEM@cullenlaw.com)
Randall Herrick-Stare  (RHS@cullenlaw.com)
Amy M. Lloyd  (al@cullenlaw.com)
The Cullen Law Firm, PLLC
1001 30th Street NW Suite 300
Washington, D.C. 20007