UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRITT A. SHAW, *et al.* )<br>)<br>)<br>    Plaintiffs, )<br>)<br>    v. )<br>)<br>)<br>MARRIOTT INTERNATIONAL, INC. )<br>)<br>    Defendant. )<br>_____ ) | Civil Action No. 05-1138 (GK) |

**PLAINTIFFS' REPLY ON MOTION FOR RECONSIDERATION
OF GRANT OF SUMMARY JUDGMENT TO MARRIOTT**

**I.   INTRODUCTION**

Plaintiffs CSIS, Shaw and Mendelson have a right of action under the CPPA based upon the plain language of the statute and the analysis of its applicability set forth by the D.C. Court of Appeals. Nothing in the language of the CPPA denies relief to business entities, nor precludes protection to business related transactions. To the contrary, the statute expressly grants a right of action to business entities and provides relief for wrongs arising from "consumer transactions." Under controlling law pronounced by the DC Court of Appeals, the determination of a "consumer transaction" covered by the CPPA must be based upon an analysis of whether the transaction is integrated into the chain of distribution in the regular conduct of the plaintiff's business, or whether it is the ultimate retail transaction by a member of the consuming public. It is this analysis which is absent from the Court's August 12, 2008 Opinion granting summary judgment to Marriott, and warrants reconsideration of this Court's findings.

1

## II.    ARGUMENT

Under the CPPA "consumer" is defined as a "person" and "person" includes business entities such as corporations and partnerships. DC Code §28-3901(a)(1) and (2). The CPPA provides a right of action to any "***person***" seeking relief from improper trade practices. DC Code §28-3905(k)(1). "Trade practice" is defined under the CPPA to include a broad range of actions relating to "consumer goods or services." §28-3901(a)(6). "Consumer goods and services" may be limited to use "primarily for personal, household or family" purposes. §28-3901(a)(2). But "goods and services" as defined under the CPPA broadly means "all parts of the economic output of society" and includes business related endeavors such as "franchises, business opportunities [and] real estate transactions." §28-3901(a)(7). Construing these provisions together, nothing in the statute precludes application of its protections to business entities or business related transactions. Rather, as the D.C. Court of Appeals has stated, the distinction to be made is between "commercial transactions" which are not covered by the CPPA, and "consumer transactions" which are.[1]

The D.C. Court of Appeals has articulated the analysis which must be applied to determine whether a particular transaction is a "consumer transaction" covered by the CPPA. The inquiry is not whether the plaintiff is engaged in business, but whether the transaction is integral to the production of the "goods or services" which are the object of the plaintiff's commercial endeavor. As explained by the D.C. Court of Appeals, the distinction to be made is determined by where along the chain of distribution the transaction falls; the distinction is

---

[1] *Wechsler & Son, Inc. v. Klank*, 561 A.2d 1003, 1004-05 (D.C. 1989); *Ford v. ChartOne, Inc.,* 901 A.2d 72, 83-84 (D.C. 2006).

between wholesale and retail transactions.[2]  Purchases made in the regular course of business intended for resale in some form in the conduct of the business are "commercial transactions" not within the CPPA.[3]  The ultimate retail purchase is a "consumer transaction" protected under the CPPA.[4]

In its Opposition, Marriott argues only the conclusion, while ignoring the analysis mandated by the D.C. Court of Appeals.  Marriott correctly concludes that the CPPA is intended to redress only wrongs arising from consumer transactions, but fails to address the circumstances that support the conclusion.  Marriott never discusses the analysis set forth by the D.C. Court of Appeals in the *Wechsler* and *ChartOne* cases to distinguish "consumer" from "commercial" transactions.  Marriott simply repeats over and over that the CPPA covers only consumer transactions and must be for "personal, household, or family use."

Here, the purchase of hotel guest stays in Marriott Russian hotels by CSIS, Shaw and Mendelson were consumer, not commercial, transactions.  The purchase of the hotel stays was the ultimate retail transaction, not one stop in the chain of distribution necessary to the completion of some other product or service.  Plaintiffs here used the hotel rooms for their personal needs while on travel.  Use of the hotel room was not related to the provision of policy consulting services.

In issuing the August 12, 2008 Opinion, this Court did not consider the analysis mandated by the D.C. Court of Appeals, and so erred in denying a right of action under the CPPA to CSIS,

---

[2] *Id.*

[3] *Id.*

[4] *Id.*

Shaw and Mendelson. The Court should reconsider the grant of summary judgment to Marriott.

### III. CONCLUSION

For the foregoing reasons, and those argued in the opening Memorandum on this motion, Plaintiffs Motion for Reconsideration should be granted. If the Court reconsiders the dismissal of Plaintiffs who are residents of the District of Columbia, this Court's original choice of law analysis applying D.C. law to the claims in this action should be reinstated as well. Plaintiffs request an opportunity for supplemental briefing on those issues if the Court determines that further briefing would be helpful.

**PROPOSED ORDER**

Plaintiffs inadvertently omitted a Proposed Order when first filing the Motion for Reconsideration. A Proposed Order is filed herewith.

Respectfully submitted,

/s/ Paul D. Cullen, Sr.
Paul D. Cullen, Sr., D.C. Bar # 100230

Mark W. Borghesani, Esq., D.C. Bar # 426745
c/o The Cullen Law Firm PLLC
1101 30th Street NW, Suite 300
Washington, D.C. 20007
(202) 944-8600
*Of Counsel*

Joyce E. Mayers, D.C. Bar # 268227
Randall Herrick-Stare, D.C. Bar # 482752
Amy M. Lloyd, D.C. Bar # 975887
The Cullen Law Firm, PLLC
1101 30th Street NW, Suite 300
Washington, D.C. 20007
(202) 944-8600
*Counsel for Plaintiffs*

Dated: September 12, 2008