UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                              :
**BRITT A. SHAW**, <u>et al.</u>,        :
                              :
         **Plaintiffs**,          :
                              :
    v.                        :    Civil Action No. 05-1138 (GK)
                              :
**MARRIOTT INTERNATIONAL, INC.**, :
                              :
         **Defendant**.           :
_____:

### MEMORANDUM OPINION

This matter is before the Court on Plaintiffs' Motion for Reconsideration. Upon consideration of the Motion, Opposition, Reply, and the entire record herein, and for the reasons stated below, Plaintiffs' Motion for Reconsideration is **denied**.

Claims were brought against Marriott International, Inc. ("Marriott") by Plaintiffs Britt A. Shaw, Neal M. Charness, Dr. Sarah Mendelson, and The Center for Strategic and International Studies ("CSIS"). Initially, Plaintiffs charged that the Defendant had made misrepresentations and omissions to guests of its Moscow, Russia hotel, and that Marriott's conduct resulted in unjust enrichment. See <u>Shaw v. Marriott Int'l, Inc.</u>, 570 F. Supp. 2d 78, 81 (D.D.C. 2008). The bulk of the claims were brought under the District of Columbia's Consumer Protection Procedure Act ("CPPA" or the "Act"), D.C. Code §§ 28-3901, <u>et</u> <u>seq</u>.[1]

---

[1] The Plaintiffs' Motion for Reconsideration does not challenge the decision with respect to the unjust enrichment claim. Pls.' Mot. for Reconsideration ("Pls.' Mot.") at 1.

Marriott moved for summary judgment, arguing that Shaw, Mendelson, and CSIS did not qualify as "consumers" under the terms of the CPPA.[2]  See Shaw, 570 F. Supp. 2d at 83.  Defendant prevailed on this issue. See id. at 83-85 (holding that "the CPPA clearly was not intended to extend its protections to an organization like the CSIS[,]" and "Plaintiffs Shaw and Mendelson also are not 'consumers' as defined by the CPPA and therefore cannot bring claims under the [A]ct.").  In their Motion for Reconsideration, Plaintiffs challenge only this ruling. See Pls.' Mot. at 1; Def's Opp'n to Pls.' Mot. for Reconsideration ("Def's Opp'n") at 1.

A motion for reconsideration should be granted only if the court "finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (internal citations and quotations omitted).  In other words, the moving party must show "new facts or clear errors of law which compel the court to change its prior position." Nat'l Ctr. for Mfg. Sciences v. Dep't of Def., 199 F.3d 507, 511 (D.C. Cir. 2000) (internal citation

---

[2] Defendant also argued that the CPPA does not apply to the remaining Plaintiff (Charness). See Shaw, 570 F. Supp. 2d at 83. Defendant prevailed on this issue. Id. at 87 ("[T]he Court concludes that Charness is not among the consumers the CPPA was drafted to protect."). Plaintiffs do not challenge this holding. See Pls.' Mot. at 1.

omitted).  A movant will not prevail by simply "rearg[uing] facts and theories upon which a court has already ruled." <u>New York v. United States</u>, 880 F. Supp. 37, 38 (D.D.C. 1995).

The issue which Plaintiffs now re-argue is whether their purchase of hotel rooms in Moscow qualified them as "consumers" benefitting from the protection of the CPPA.  <u>See</u> Pls.' Mot. at 1. In their Opposition to Marriott's Motion for Summary Judgment, Plaintiffs presented their arguments on the proper interpretation of the term "consumer," under the CPPA.  Pls.' Opp'n to Def's Mot. for Summ. J. at 9-12 (arguing that the key question is where along the distribution chain the consumer's transaction fell).

In its Opinion, the Court examined the caselaw invoked by Plaintiffs, and then decided the issue by disagreeing with their interpretation.  Shaw, 570 F. Supp. 2d at 84-85.  The Court held that the purchase of the hotel room was made for a business purpose, and therefore did not qualify as a "consumer good" under the terms of the Act.  <u>See</u> <u>id.</u>, 570 F. Supp. 2d at 84-85.  Thus, the question of how to interpret "consumer" under the CPPA did indeed receive full consideration.

Plaintiffs now seek reconsideration of the issue, maintaining that this ruling rested on the wrong analytical foundation.  Pls.' Mot. at 4-6.  Plaintiffs' Motion simply re-argues their original analysis of this point, and again asks the Court to apply their reasoning to decide the issue. See Pls.' Mot. at 4-6; Pls.' Reply

to Def's Opp'n at 3-4. Plaintiffs have failed to cite any intervening change of controlling law or new factual information, and have not suffered any manifest injustice. Rather, they present the same arguments and caselaw as they did in opposing Defendant's Motion for Summary Judgment. Accordingly, for the foregoing reasons, Plaintiffs' Motion for Reconsideration is **denied.**

November 24, 2008
/s/
Gladys Kessler
U.S. District Judge

**Copies to**: **attorneys on record via ECF**